**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Marilyn Ezzes,

     Plaintiff

v.

Vintage Wine Estates, Inc., et al.,

     Defendants

Michael F. Salbenblatt,

     Plaintiff

v.

Vintage Wine Estates, Inc., et al.,

     Defendants

Case No.: 2:22-cv-01915-GMN-DJA

[ECF Nos. 14, 15]

Case No.: 2:22-cv-01976-JAD-DJA

[ECF No. 9]

**Order Consolidating Actions and Appointing Lead Plaintiffs**

Plaintiffs Marliyn Ezzes and Michael F. Salbenblatt filed separate class-action securities cases against Vintage Wine Estates, Inc., Patrick Roney, Katherine Devillers, and Kristina Johnson alleging that they made materially false or misleading statements about Vintage's operations and prospects.[1]  Each plaintiff moves to consolidate the actions and name themself as the lead plaintiffs.[2]  Salbenblatt filed a notice of non-opposition to Ezzes's motion, conceding that Ezzes and her co-plaintiff, Jeffrey A. Davies, have larger financial interests in this litigation.[3]  The deadline to file an opposition to the motions was January 27, 2023.  That

[1] ECF No. 1 in 2:22-cv-01915-GMN-DJA; ECF No. 1 in 2:22-cv-01976-JAD-DJA.

[2] ECF No. 14 (Salbenblatt's motion to consolidate and for appointment of lead counsel) and ECF No. 15 (Ezzes's motion for the same) in 2:22-cv-01915-GMN-DJA.

[3] ECF No. 20 in 2:22-cv-01915-GMN-DJA.

deadline has passed with no opposition from the defendants.  Because the undersigned judges find that consolidation is merited and will conserve judicial and litigation resources, we grant the motion and consolidate these cases for all purposes under the earlier-filed action per Local Rule 42-1(b).[4]  And because no parties have filed an opposition to the Ezzes–Davies motion for appointment as lead plaintiff, we grant that motion as unopposed.[5]

Federal Rule of Civil Procedure 42(a) governs the consolidation of separate actions. When two cases "involve a common question of law or fact," district courts may join them for any or all matters at issue, consolidate the suits, or issue any other order that would prevent unnecessary cost or delay.[6]  The threshold question is whether the cases involve common questions of law or fact.[7]  If common questions exist, the court must balance the savings of time and effort that consolidation will yield against any inconvenience, delay, confusion, or prejudice that may result.[8]  "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases."[9]

The movants have demonstrated that these cases involve common questions of law and fact and that their consolidation would be economical.  The defendants do not object.  So we find

---

[4] Local Rule 42-1(b) dictates that consolidated cases "will be transferred to the judge whom the earliest-filed action is assigned.  A joint order signed by all judges in the cases to be consolidated will be filed in each of the pending cases."  *Id*.

[5] L.R. 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion").

[6] Fed. R. Civ. P. 42(a).

[7] *Id*.

[8] *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).

[9] *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018).

that consolidation is warranted.  And because Ezzes and Davies's request for appointment as lead plaintiff and approval of lead counsel is unopposed, we grant that too.  IT IS THEREFORE ORDERED that the Ezzes–Davies **motion for consolidation and for appointment of lead plaintiff and counsel [ECF No. 15 in Case No. 2:22-cv-01915-GMN-DJA] is GRANTED**. **These actions are consolidated for all purposes under Case No. 2:22-cv-01915-GMN-DJA**, and before District Judge Gloria M. Navarro and Magistrate Judge Daniel J. Albregts.  **The Clerk of Court is directed to TRANSFER Case No. 2:22-cv-01976-JAD-DJA to Judge Navarro and close it after consolidation**.  The parties are directed to make all future filings in Case No. 2:22-cv-01915-GMN-DJA.

IT IS FURTHER ORDERED that Marilyn Ezzes and Jeffrey A. Davies are APPOINTED as lead plaintiffs in this case, and the lead plaintiffs' selection of GPM as lead counsel and Muehlbauer Law as liaison counsel is APPROVED.

IT IS FURTHER ORDERED that Salbenblatt's motion for appointment of lead counsel and for consolidation **[ECF No. 14 in 2:22-cv-01915-GMN-DJA] is DENIED as moot**.

_____
U.S. District Judge Gloria M. Navarro
February 14, 2023

_____
U.S. District Judge Jennifer A. Dorsey
February 14, 2023