ANDREW R. MUEHLBAUER,
Nevada Bar No. 10161
**MUEHLBAUER LAW OFFICE, LTD.**
7915 West Sahara Ave., Suite 104
Las Vegas, Nevada 89117
Telephone: (702) 330-4505
Facsimile: (702) 825-0141
andrew@mlolegal.com

Casey E. Sadler
Charles H. Linehan (*pro hac vice*)
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
csadler@glancylaw.com
clinehan@glancylaw.com

*Lead Counsel for Lead Plaintiffs*

*(Additional counsel on the signature page)*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| MARILYN EZZES, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VINTAGE WINE ESTATES, INC., PATRICK RONEY, KATHERINE DEVILLERS, and KRISTINA JOHNSTON,<br><br>Defendants. | Case No. 2:22-cv-01915-GMN-DJA<br><br>**PLAINTIFFS' RESPONSE TO NOTICE OF PENDENCY OF BANKRUPTCY FOR DEFENDANT VINTAGE WINE ESTATES, INC. AND AUTOMATIC STAY OF PROCEEDINGS** |

Lead Plaintiffs Marilyn Ezzes and Jeffrey A. Davies and additional plaintiff Michael F. Salbenblatt (collectively, "Plaintiffs"), respectfully submit this response to the Notice of Pendency of Bankruptcy (Dkt. No. 58) filed by Defendant Vintage Wine Estates, Inc. ("Vintage Wine").

The stay of proceedings pursuant to Section 362(a) of the Bankruptcy Code applies *only* to Defendant Vintage Wine who has filed a bankruptcy petition. This case can and should proceed against the remaining Defendants, Patrick Roney, Katherine DeVillers, and Kristina Johnston (collectively, "Individual Defendants"), because none of them have filed for bankruptcy.

"[A]s a general rule, the automatic stay of section 362(a) protects only the debtor, property of the debtor or property of the estate. It does not protect non-debtor parties or their property." *In re Chugach Forest Prods., Inc.*, 23 F.3d 241, 246 (9th Cir. 1994) (internal quotation marks omitted); *In re Miller*, 397 F.3d 726, 729 (9th Cir. 2005) ("The automatic stay [under section 362(a)] is applicable only to proceedings against the debtor."). This principle applies even when the individual co-defendant is closely associated with the bankrupt debtor or even an officer of the debtor. *See Seiko Epson Corp. v. Nu-Kote Int'l, Inc.*, 190 F.3d 1360, 1364 (Fed. Cir. 1999) ("It is clearly established that the automatic stay does not apply to non-bankrupt co-defendants of a debtor even if they are in a similar legal or factual nexus with the debtor.") (internal quotation marks omitted).

Securities litigation, such as in the instant case, often proceeds against defendant directors and officers even when stayed against a bankrupt corporate defendant. *See, e.g.*, *Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 994 n.1 (9th Cir. 2018) (appeal proceeded as to individuals despite stay applicable to bankrupt corporate defendant); *In re AgriBio Tech Sec. Litig.*, 2000 WL 1277603, at *3 (D. Nev. Mar. 2, 2000) ("The stay does not, however, preclude this Court from considering claims against non-debtor co-defendants, such as the debtor corporation's officers and directors."); *see also Bruce v. Suntech Power Holdings Co.,* 64 F. Supp. 3d 1365, 1368 (N.D. Cal. 2014) (analyzing individual defendant's motion to dismiss securities fraud class action where automatic stay applied to bankrupt corporate defendant).

Moreover, the Ninth Circuit has stated that the bankruptcy court, not the district court, has jurisdiction to determine whether the stay extends to any person or entity apart from the debtor. *See Boucher v. Shaw,* 572 F.3d 1087, 1093 n.3 (9th Cir. 2009) ("[T]he bankruptcy court would first need

to extend the automatic stay under its equity jurisdiction. Such extensions, although referred to as extensions of the automatic stay, are in fact injunctions issued by the bankruptcy court after hearing and the establishment of unusual need to take this action to protect the administration of the bankruptcy estate.") (cleaned up).   Thus, if a stay were to apply to the Individual Defendants, it would have to originate with *the bankruptcy court*, not this Court.

Therefore, the stay of proceedings pursuant to Section 362(a) of the Bankruptcy Code applies *only* to Defendant Vintage Wine, and this case can and should proceed against the Individual Defendants, none of whom have filed for bankruptcy.

Dated: July 25, 2024

*/s/ Andrew R. Muehlbauer*
**MUEHLBAUER LAW OFFICE, LTD.**
Andrew R. Muehlbauer, Esq.
Nevada Bar No. 10161
7915 West Sahara Ave., Suite 104
Las Vegas, Nevada 89117
Telephone: (702) 330-4505
Facsimile: (702) 825-0141
andrew@mlolegal.com
*Liaison Counsel for Lead Plaintiffs*

**GLANCY PRONGAY & MURRAY LLP**
Casey E. Sadler
Charles H. Linehan (*pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
csadler@glancylaw.com
clinehan@glancylaw.com
*Lead Counsel for Lead Plaintiffs*

**BLOCK & LEVITON LLP**
Jeffrey C. Block (*pro hac vice*)
260 Franklin Street, Suite 1860
Boston, MA 02110
Telephone: (617) 398-5600
Facsimile: (617) 507-6020
jeff@blockleviton.com

*Counsel for Additional Plaintiff Michael F. Salbenblatt*

**<u>PROOF OF SERVICE</u>**

I hereby certify that on the 25th day of July, 2024, a true and correct copy of the foregoing document was served by CM/ECF to all parties on registered to the Court's CM/ECF system.

*/s/ Andrew R. Muehlbauer*
Andrew R. Muehlbauer

3