Brian R. Reeve (Nevada Bar #10197)
SNELL & WILMER L.L.P.
1700 South Pavilion Center Drive
Suite 700
Las Vegas, Nevada 89135-1865
Telephone: 702.784.5200
Facsimile:  702.784.5252
Email: breeve@swlaw.com

Joseph G. Adams *(Pro Hac Vice)*
Zachary G. Schroeder *(Pro Hac Vice)*
Jennifer Hadley Catero *(Pro Hac Vice)*
SNELL & WILMER L.L.P.
1 East Washington Street, Suite 2700
Phoenix, Arizona 85004
Telephone: 602.382.6000
Facsimile:  602.382.6070
jgadams@swlaw.com
zschroeder@swlaw.com

*Attorneys for Defendants Patrick Roney,*
*Katherine Devillers, and Kristina Johnston*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARILYN EZZES, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK RONEY, KATHERINE DEVILLERS, and KRISTINA JOHNSTON,<br><br>Defendants. | Case No. 2:22-cv-01915-GMN-DJA<br><br>**MOTION TO COMPEL RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION**<br><br>(ORAL ARGUMENT REQUESTED) |

Pursuant to Federal Rule of Civil Procedure ("Rule") 37(a)(3)(B), Defendants Patrick Roney, Katherine DeVillers, and Kristina Johnston (collectively "Defendants") bring this Motion to Compel Responses to Defendants' First Set of Interrogatories and Requests for Production (the "Motion").[1]

---

[1] This Motion complies with all requirements of Rule 37(a)(1), LR 26-6, and LR IA 1-3(f). Rule 37(a)(1) requires this Motion to include a certification that the parties have conferred or attempted to confer in good faith in an effort to resolve the issue without court action.  In addition, LR 26-6 and LR IA 1-3(f) require that a party bringing a motion to compel include a meet and confer declaration. Attached to this Motion as **Exhibit 1** is a declaration from

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135-1865
702.784.5200

## I.    INTRODUCTION

Defendants served their First Set of Interrogatories ("Interrogatory Requests") and First Set of Requests for Production ("RFPs") (collectively the "Discovery Requests") almost six months ago. These Discovery Requests were targeted at obtaining the specific "who, what, where, when and how" circumstances of each of the allegations in the Second Amended Complaint ("Complaint" or "SAC") attributed to certain "Former Employees" previously identified as "Confidential Informants" by Plaintiffs.  Obtaining this information is essential to the Defendants' ability to defend the allegations in the Complaint.  For example, in at least one instance the Complaint alleges that a Former Employee participated in a meeting with one or more of the Defendants at which certain issues were allegedly discussed. *See* Dkt. 48 at 18, ¶ 59. In order to identify documents (among the 3.1 million plus documents the Vintage Wine Estate Inc.'s ("VWE") Trustee has produced) to use at upcoming depositions of the Former Employees to test these allegations, it is crucial that certain additional facts be provided to Defendants in response to the Discovery Requests. Such facts could include: (a) the date of the alleged meeting; (b) who else was present; (c) whether there was a calendar invite; (d) any written materials disseminated before, during or after the meeting; (e) what exactly was said, and by whom, at the alleged meeting; and (f) other potential confirmatory facts that are fair game in discovery.

Nonetheless, despite multiple letters from Defendants' counsel detailing deficiencies with Plaintiffs' responses to the Discovery Requests and a meet and confer Zoom meeting on September 3, 2025, Plaintiffs still refuse to provide full and complete discovery responses and, instead, improperly assert boiler-plate objections and blanketly assert that the attorney-client privilege[2] and the work product doctrine do not create an impenetrable shield

_____

Defendants' counsel, Joseph G. Adams, evidencing that counsel for both sides corresponded extensively regarding all the issues outlined in this Motion. This included emails and multiple letters exchanged between July and September 2025.  The parties also participated in a meet and confer Zoom meeting on September 3, 2025. *See* Adams Decl. at ¶¶ 4-13.

[2] Although Plaintiffs invoke the attorney–client privilege, Defendants are not aware of any attorney-client relationship between Plaintiffs' counsel and any of the Former Employees—other than Brendan Jarboe of Block & Leviton LLP represents Ryan Watts (FE #1). In any event, Mr. Jarboe's representation of Mr. Watts does not shield from disclosure any

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135-1865
702.784.5200

that prevents Defendants from obtaining this basic information. The only substantive information provided in response to any interrogatory was the confirmation of the identities of the Former Employees. Plaintiffs have refused to respond further to any of the interrogatories. Plaintiffs have also refused to produce a single document in response to the requests for production and, instead, generally assert attorney-client privilege and work product protection -- yet refuse to produce a privilege log identifying the specific documents they are admittedly withholding. Meanwhile, Plaintiffs have subjected Defendants to a costly fishing expedition where Defendants have produced over 460,000 pages of documents to date and have supplemented their disclosure statement ten times.

Furthermore, ***Plaintiffs' refusal to provide any discovery is more alarming as one of the key "Former Employees" relied upon in the Complaint to avoid dismissal under Rule 12(b)(6) has now stated that he does not recall telling Plaintiffs' counsel ANY of the statements attributed to him in the Complaint.*** Defendants need this Court to intervene and stop Plaintiffs' gamesmanship. If this case lacks any merit in real facts and evidence, then Defendants are entitled to know that now. And because Defendants were forced to incur substantial fees and costs in bringing this Motion, Defendants respectfully request that the Court grant this Motion under Rule 37(a)(3)(B) and impose monetary sanctions under Rule 37(a)(5) against Plaintiffs and their counsel in the amount that Defendants have incurred to procure Plaintiffs' compliance.

## II.    RELEVANT FACTUAL HISTORY

### A.    Defendants' Discovery Requests

This federal securities class action was filed in November 2022 and arises out of the alleged purchase of VWE's common stock by Plaintiffs and others. The SAC is the operative complaint and was filed on April 5, 2024. On May 23, 2025, Defendants served

---

communications Mr. Watts had directly with third-parties, including the other Former Employees. Nor does Mr. Jarboe's representation of Mr. Watts cloak any of the other Former Employees' communications with the protection of the attorney–client privilege. It is Defendants' understanding that Mr. Jarboe only represents Mr. Watts with respect to the subpoena Defendants served on Mr. Watts on August 15, 2025 and, therefore, the scope of the attorney-client privilege is limited to matters related to Mr. Watts' response to the subpoena.

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135-1865
702.784.5200

the Discovery Requests seeking basic information and documents going to the heart of Plaintiffs' claimed violations of Section 10(b) and Rule 10b-5 by seeking details (the who, what, where, when, how) surrounding each of the allegations in the Complaint, which were provided to Plaintiffs by now-identified "Former Employees" of VWE.   Relevant here, Defendants have asked for information and documents falling into two broad categories: (a) information and documents Plaintiffs received from the individuals identified as "Former Employees" in the Complaint, and (b) information and documents Plaintiffs received from any third parties that serve as a basis for the allegations included in the Complaint.[3]

**B.    Defendants' Counsel Has Met and Conferred with Plaintiffs' Counsel to No Avail**

As detailed in the Declaration of Joseph G. Adams and the supporting attachments (Exhibit 1), multiple emails and letters were exchanged over several months culminating in a meet and confer via Zoom on September 3, 2025. Defendants' extensive efforts resulted in Plaintiffs finally confirming the names of the Former Employees quoted in the SAC, but Plaintiffs' counsel claims a blanket privilege over all documents and other information responsive to the Discovery Requests. Plaintiffs' counsel still refuses to produce a privilege log to support their privilege claims.

**III.    THE DISCOVERY REQUESTS**

Defendants have propounded one set of interrogatories and one set of requests for production to Plaintiffs. Adams Decl. at ¶ 2. Pursuant to LR 26-6(b), the Discovery Requests relevant to this Motion, as well as Plaintiffs' responses, are reproduced in full below:

**A.    Interrogatories[4]**

INTERROGATORY NO. 2: For each Former Employee, identify and describe in detail all

---

[3] The full text of the Discovery Requests is set forth below.
[4] After the parties' meet and confer meeting, Plaintiffs sent these amended responses and objections to the Interrogatory Requests on September 19, 2025. Adams Decl. ¶ 13. Plaintiffs did finally respond to Interrogatory #1, so that question is not included in this Motion.

communications, whether oral or written, that You, or anyone acting on Your behalf, had with the Former Employee. For each communication, please identify: a) The date(s), time(s), and place(s) of the communication(s); b) The identity of all Persons present or involved in the communication(s), including their names, contact information, and relationship to the parties in this Action; c) The substance of each communication, including a summary of what was discussed or conveyed, including any statements made by You; d) The method of communication (e.g., telephone, email, in-person meeting, letter, etc.); and e) Any documents, recordings, emails, or other tangible items that memorialize, reference, or relate to each communication.

- RESPONSE TO INTERROGATORY NO. 2: Plaintiffs object to Interrogatory No. 2 as overly broad, unduly burdensome, and disproportional to the needs of the case to the extent it purports to require the composition of a document outlining the investigatory notes, memoranda, and mental impressions of Plaintiffs' counsel or the disclosure of other information or documents which are protected from discovery by the attorney-client privilege and/or work product doctrine. This request explicitly and solely calls for the disclosure of information protected by attorney-client privilege and/or the work product doctrine, and Plaintiffs are unwilling to waive their protections.

INTERROGATORY NO. 3: With respect to FE 5's allegations in Paragraphs 65 and 66 of the Complaint that the Defendants "were aware of the inventory and software problems . . . and participated in periodic conference calls . . .", and "were routinely copied on various emails in which inventory problems were discussed", identify and describe: a) The date(s) and time(s) of the alleged conference calls and emails; b) The identity of all Persons present or included in the alleged conference calls and emails; c) A summary of the discussions; and d) Any supporting documents or communications in Your possession, custody or control that support the allegations in Paragraphs 65 and 66 of the Complaint.

- RESPONSE TO INTERROGATORY NO. 3: Plaintiffs object to Interrogatory No. 3 as overly broad, unduly burdensome, and disproportional to the needs of the case to the extent it purports to seek information readily discernable from documents in the possession, custody, or control of Defendants, or publicly available documents readily available to Defendants. Plaintiffs further object to Interrogatory No. 3 as overly broad, unduly burdensome, and disproportional to the needs of the case to the extent it purports to require the composition of a document outlining the investigatory notes, memoranda, and mental impressions of Plaintiffs' counsel or the disclosure of other information or documents which are protected from discovery by the attorney-client privilege and/or work product doctrine. This request explicitly and solely calls for the disclosure of information protected by attorney-client privilege and/or the work product doctrine, and Plaintiffs are unwilling to waive their protections.

INTERROGATORY NO.4: Identify every Person who provided documents or information used in the preparation of Your responses to any of Defendants' discovery requests in this Action.

- RESPONSE TO INTERROGATORY NO. 4: Plaintiffs object to Interrogatory No. 4 as overly broad, unduly burdensome, and disproportional to the needs of the case to the extent it purports to require the composition of a document outlining the investigatory notes, memoranda, and mental impressions of Plaintiffs' counsel or the disclosure of other information or documents which are protected from discovery by the attorney-client privilege and/or work product doctrine. This request explicitly and solely calls for the disclosure of information

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135-1865
702.784.5200

protected by attorney-client privilege and/or the work product doctrine, and Plaintiffs are unwilling to waive their protections.

**B.    Requests for Production[5]**

REQUEST FOR PRODUCTION NO. 1: All documents and communications relied upon, discussed, identified or referenced in Your responses to the Defendants' First Set of Interrogatories to Plaintiffs, served on May 23, 2025 in this Action.

- RESPONSE TO REQUEST NO. 1: Plaintiffs object to Request No. 1 as overly broad, unduly burdensome, and disproportional to the needs of the case to the extent it seeks publicly available documents sufficiently described in the complaints or information readily discernable from Plaintiffs' Initial Disclosures. Plaintiffs further object to Request No. 1 because the phrase "discussed, identified or referenced" is vague, ambiguous, and fails to specifically describe or reasonably particularize the category of items sought to be produced. Plaintiffs further object to Request No. 1 to the extent it seeks or requires the disclosure of information or documents which are protected from discovery by the attorney-client privilege and/or the work product doctrine. Defendants have clarified that they are not seeking Plaintiffs' counsel's prefiling investigation, notes, summaries, or mental impressions. Defendants have also clarified that they are not seeking Plaintiffs' counsel's or counsel's investigator's communication with the Former Employees. Thus, Plaintiffs will not view these or similar documents as responsive and will not produce them. Subject to and without waiving the foregoing objections, Plaintiffs state that they are not in possession of any non-privileged, responsive documents.

REQUEST FOR PRODUCTION NO. 2: All documents You received from the Former Employees that relate to this Action, the allegations in the Complaint, or the allegations in the Prior Complaints.

- RESPONSE TO REQUEST NO. 2: Plaintiffs object to Request No. 2 as overly broad, unduly burdensome, and disproportional to the needs of the case to the extent it seeks documents not within the possession, custody, or control of Plaintiffs, documents in the possession, custody, or control of Defendants, or publicly available documents readily available to Defendants. Plaintiffs further object to the Request No. 2 as overly broad, unduly burdensome, disproportional to the needs of the case to the extent they seek information that is not relevant to the parties' claims or defenses. Plaintiffs further object to Request No. 2 to the extent it seeks or requires the disclosure of information or documents which are protected from discovery by the attorney-client privilege and/or work product doctrine. Defendants have clarified that they are not seeking Plaintiffs' counsel's prefiling investigation, notes, summaries, or mental impressions. Defendants have also clarified that they are not seeking Plaintiffs' counsel's or counsel's investigator's communication with the Former Employees. Thus, Plaintiffs will not view these or similar documents as responsive and will not produce them. Subject to and without waiving the foregoing objections, Plaintiffs state that they are not in possession of any non-privileged, responsive documents.

REQUEST FOR PRODUCTION NO. 3: All documents You received from any other Person, excluding the Former Employees, that relate to this Action, the allegations in the

---

[5] On August 28, 2025, Plaintiffs sent these amended responses and objections to the RFPs. Adams Decl. at ¶ 10.

Complaint, or the allegations in the Prior Complaints.

- RESPONSE TO REQUEST NO. 3: Plaintiffs object to Request No. 3 as overly broad, unduly burdensome, and disproportional to the needs of the case to the extent it seeks documents not within the possession, custody, or control of Plaintiffs, documents in the possession, custody, or control of Defendants, or publicly available documents readily available to Defendants. Plaintiffs further object to Request No. 3 as overly broad, unduly burdensome, disproportional to the needs of the case to the extent they seek information that is not relevant to the parties' claims or defenses. Plaintiffs further object to Request No. 3 to the extent it seeks or requires the disclosure of information or documents which are protected from discovery by the attorney-client privilege and/or work product doctrine. Defendants have clarified that they are not seeking Plaintiffs' counsel's prefiling investigation, notes, summaries, or mental impressions. Defendants have also clarified that they are not seeking Plaintiffs' counsel's or counsel's investigator's communication with the Former Employees. Thus, Plaintiffs will not view these or similar documents as responsive and will not produce them. Subject to and without waiving the foregoing objections, Plaintiffs state that they are not in possession of any non-privileged, responsive documents.

REQUEST FOR PRODUCTION NO. 4: All communications You received from the Former Employees that relate to this Action, the allegations in the Complaint, or the allegations in the Prior Complaints.

- RESPONSE TO REQUEST NO. 4: Plaintiffs object to Request No. 4 as overly broad, unduly burdensome, and disproportional to the needs of the case to the extent it seeks documents not within the possession, custody, or control of Plaintiffs, documents in the possession, custody, or control of Defendants, or publicly available documents readily available to Defendants. Plaintiffs further object to Request No. 4 as overly broad, unduly burdensome, disproportional to the needs of the case to the extent they seek information that is not relevant to the parties' claims or defenses. Plaintiffs further object to Request No. 4 to the extent it seeks or requires the disclosure of information or documents which are protected from discovery by the attorney-client privilege and/or work product doctrine. Defendants have clarified that they are not seeking Plaintiffs' counsel's prefiling investigation, notes, summaries, or mental impressions. Defendants have also clarified that they are not seeking Plaintiffs' counsel's or counsel's investigator's communication with the Former Employees. Thus, Plaintiffs will not view these or similar documents as responsive and will not produce them. Subject to and without waiving the foregoing objections, Plaintiffs state that they are not in possession of any non-privileged, responsive documents.

REQUEST FOR PRODUCTION NO. 5: All communications You received from any other Person, excluding the Former Employees, that relate to this Action, the allegations in the Complaint, or the allegations in the Prior Complaints.

- RESPONSE TO REQUEST NO. 5: Plaintiffs object to Request No. 5 as overly broad, unduly burdensome, and disproportional to the needs of the case to the extent it seeks documents not within the possession, custody, or control of Plaintiffs, documents in the possession, custody, or control of Defendants, or publicly available documents readily available to Defendants. Plaintiffs further object to Request No. 5 as overly broad, unduly burdensome, disproportional to the needs of the case to the extent they seek information that is not relevant to the parties' claims or defenses. Plaintiffs further object to Request No. 5 to the extent

it seeks or requires the disclosure of information or documents which are protected from discovery by the attorney-client privilege and/or work product doctrine. Defendants have clarified that they are not seeking Plaintiffs' counsel's prefiling investigation, notes, summaries, or mental impressions. Defendants have also clarified that they are not seeking Plaintiffs' counsel's or counsel's investigator's communication with the Former Employees. Thus, Plaintiffs will not view these or similar documents as responsive and will not produce them. Subject to and without waiving the foregoing objections, Plaintiffs state that they are not in possession of any non-privileged, responsive documents.

REQUEST FOR PRODUCTION NO. 6: All communications between You, or anyone acting on Your behalf, and the Former Employees related to this Action, the allegations in the Complaint, or the allegations in the Prior Complaints.

- RESPONSE TO REQUEST NO. 6: Plaintiffs object to Request No. 6 as overly broad in scope, unduly burdensome, disproportional to the needs of the case, and not relevant to the extent it seeks documents irrelevant to any of the claims or defenses at issue in this action. Plaintiffs further object to Request No. 6 to the extent it seeks or requires the disclosure of information or documents which are protected from discovery by the attorney-client privilege and/or work product doctrine. Defendants have clarified that they are not seeking Plaintiffs' counsel's prefiling investigation, notes, summaries, or mental impressions. Defendants have also clarified that they are not seeking Plaintiffs' counsel's or counsel's investigator's communication with the Former Employees. Thus, Plaintiffs will not view these or similar documents as responsive and will not produce them. Subject to and without waiving the foregoing objections, Plaintiffs state that they are not in possession of any non-privileged, responsive documents.

REQUEST FOR PRODUCTION NO. 7: All documents, including notes, memoranda, recordings, or other documentation containing, summarizing, or relating to information provided to You by the Former Employees.

- RESPONSE TO REQUEST NO. 7: Plaintiffs object to Request No. 7 as overly broad in scope, unduly burdensome, disproportional to the needs of the case, and not relevant to the extent it seeks documents irrelevant to any of the claims or defenses at issue in this action. Plaintiffs further object to Request No. 7 to the extent it seeks or requires the disclosure of information or documents which are protected from discovery by the attorney-client privilege and/or work product doctrine. Defendants have clarified that they are not seeking Plaintiffs' counsel's prefiling investigation, notes, summaries, or mental impressions. Defendants have also clarified that they are not seeking Plaintiffs' counsel's or counsel's investigator's communication with the Former Employees. Thus, Plaintiffs will not view these or similar documents as responsive and will not produce them. Subject to and without waiving the foregoing objections, Plaintiffs state that they are not in possession of any non-privileged, responsive documents.

REQUEST FOR PRODUCTION NO. 8: All documents and communications in Your possession, custody or control that support the Former Employees' allegations in the Complaint.

- RESPONSE TO REQUEST NO. 8: Plaintiffs object to Request No. 8 as overly broad, unduly burdensome, and disproportional to the needs of the case to the extent it seeks documents not within the possession, custody, or control of Plaintiffs, documents in the possession, custody, or control of Defendants, or

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135-1865
702.784.5200

publicly available documents readily available to Defendants. Plaintiffs will not produce documents that are readily available to Defendants, including publicly available documents and documents produced by the Trustee. Plaintiffs object to Request No. 8 as overly broad in scope, unduly burdensome, disproportional to the needs of the case, and not relevant to the extent it seeks documents irrelevant to any of the claims or defenses at issue in this action. Plaintiffs further object to Request No. 8 to the extent it seeks or requires the disclosure of information or documents which are protected from discovery by the attorney-client privilege and/or work product doctrine. Defendants have clarified that they are not seeking Plaintiffs' counsel's prefiling investigation, notes, summaries, or mental impressions. Defendants have also clarified that they are not seeking Plaintiffs' counsel's or counsel's investigator's communication with the Former Employees. Thus, Plaintiffs will not view these or similar documents as responsive and will not produce them. Subject to and without waiving the foregoing objections, Plaintiffs state that they are not in possession of any non-privileged, responsive documents.

REQUEST FOR PRODUCTION NO. 9: All nonprivileged documents and communications reflecting any efforts by You, or Your counsel, to verify the information provided by the Former Employees and their allegations in the Complaint.

- RESPONSE TO REQUEST NO. 9: Plaintiffs object to Request No. 9 as overly broad, unduly burdensome, and disproportional to the needs of the case to the extent it seeks documents not within the possession, custody, or control of Plaintiffs, documents in the possession, custody, or control of Defendants, or publicly available documents readily available to Defendants. Plaintiffs will not produce documents that are readily available to Defendants, including publicly available documents and documents produced by the Trustee. Plaintiffs object to Request No. 9 as overly broad in scope, unduly burdensome, disproportional to the needs of the case, and not relevant to the extent it seeks documents irrelevant to any of the claims or defenses at issue in this action. Plaintiffs further object to Request No. 9 to the extent it seeks or requires the disclosure of information or documents which are protected from discovery by the attorney-client privilege and/or work product doctrine. Defendants have clarified that they are not seeking Plaintiffs' counsel's prefiling investigation, notes, summaries, or mental impressions. Defendants have also clarified that they are not seeking Plaintiffs' counsel's or counsel's investigator's communication with the Former Employees. Thus, Plaintiffs will not view these or similar documents as responsive and will not produce them. Subject to and without waiving the foregoing objections, Plaintiffs state that they are not in possession of any non-privileged, responsive documents.

REQUEST FOR PRODUCTION NO. 10: All communications or documents in Your possession, custody or control that support FE 5's allegations in Paragraphs 65 and 66 of the Complaint that the Defendants "were aware of the inventory and software problems . . . and participated in periodic conference calls . . .", and "were routinely copied on various emails in which inventory problems were discussed."

- RESPONSE TO REQUEST NO. 10: Plaintiffs object to Request No. 10 as overly broad, unduly burdensome, and disproportional to the needs of the case to the extent it seeks documents not within the possession, custody, or control of Plaintiffs, documents in the possession, custody, or control of Defendants, or publicly available documents readily available to Defendants. Plaintiffs object to Request No. 10 as overly broad in scope, unduly burdensome, disproportional to

the needs of the case, and not relevant to the extent it seeks documents irrelevant to any of the claims or defenses at issue in this action. Plaintiffs further object to Request No. 10 to the extent it seeks or requires the disclosure of information or documents which are protected from discovery by the attorney-client privilege and/or work product doctrine. Defendants have clarified that they are not seeking Plaintiffs' counsel's prefiling investigation, notes, summaries, or mental impressions. Defendants have also clarified that they are not seeking Plaintiffs' counsel's or counsel's investigator's communication with the Former Employees. Thus, Plaintiffs will not view these or similar documents as responsive and will not produce them. Subject to and without waiving the foregoing objections, Plaintiffs state that they are not in possession of any non-privileged, responsive documents.

## IV.    LEGAL ANALYSIS

### A.    Legal Standard

Rules 33 and 34 govern the Discovery Requests.  Under Rule 33, any party may propound interrogatories that "relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2).   Rule 26(b) in turn allows discovery into:

> [A]ny nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath . . . [and] [t]he grounds for objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P. 33(b)(3)-(4).

As to document requests, Rule 34 allows a party to request production of documents or electronically stored information relating in any matter within the scope of Rule 26(b). Fed. R. Civ. P. 34(a).  Any objection to the production of documents must be stated with specificity and "must state whether any responsive materials are being withheld on the basis of that objection."  Fed. R. Civ. P. 34(b)(2)(B). If a party objects based on a privilege, the party must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A).

Upon the failure of a party to respond to interrogatories or document requests, Rule 37(a)(3)(B) authorizes the party seeking discovery "to move for an order compelling an answer, designation, production, or inspection." Likewise, Rule 37(a)(5)(A) states that "[i]f the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."

**B.      Plaintiffs Must Provide Supplemental Responses and Produce All Relevant Documents**

*1.      The General Objections of Overly Broad and Unduly Burdensome Are Improper.*

Plaintiffs have objected to every single Discovery Request using boilerplate language that the requests are "overly broad and unduly burdensome." In addition, Plaintiffs object to many of the requests based on the notion that the requests are "disproportional to the needs of the case to the extent [they] purport[] to seek information readily discernable from documents in the possession, custody, or control of Defendants, or publicly available documents readily available to Defendants," and information that is "sufficiently described in the complaint."

Although Rule 26(b)(2)(B) allows a party to object to the discovery of "electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost," the burden is on "the party from whom discovery is sought [to] show that the information is not reasonably accessible because of undue burden or cost." Plaintiffs have made no such showing here. Mainly, Plaintiffs assert that the requests are unduly burdensome because the information or documents requested are readily available by other means, such as the Complaint and other public records. But that notion is summarily rejected by this Court and other district courts within the circuit. *E.g., V5 Tech. v. Switch, Ltd.* 334 F.R.D. 297, 305 (D. Nev. 2019) ("[A]n interrogatory

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135-1865
702.784.5200

response may not simply refer to the litigation record in an underlying action."); *Wilson v. Greater Las Vegas Ass'n of Realtors*, 2016 WL 1734082, at *3 (D. Nev. May 2, 2016) (where "a party answers requests by stating that the information was already provided, without more, her response is evasive or nonresponsive within the meaning of Rule 37(a)(4)") (citation and quotations omitted); *see also Buchanan v. Las Vegas Metro. Police Dep't*, 2012 WL 1640516, at *1 (D. Nev. May 9, 2012) (holding that it is improper, evasive, and nonresponsive to respond to discovery by stating "already provided in disclosures"); *see also Cook v. San Bernardino Cnty. Sheriffs Deputies*, 2019 WL 8645856, at *3 (C.D. Cal. Dec. 12, 2019) ("To the extent plaintiff claims he is absolved of his discovery obligations because defendants may have the responsive documents, the court disagrees. Plaintiff has made no showing of undue burden in relation to producing responsive documents to the RFPs."); *see Becker v. Kikiktagruk Inupiat Corp.*, 2009 WL 10705060, at *2 (D. Alaska Oct. 20, 2009) (A "party cannot refuse to respond to a discovery request on the ground that the requested information is in the possession of the requesting party.").

Plaintiffs offer no other cognizable burden as a reason for refusing to respond to the Discovery Requests. As such, Plaintiffs must produce responsive documents in their possession, custody, or control, regardless of whether they believe Defendants already have these documents or have available access to the documents. *See Jackson v. Montgomery Ward & Co., Inc.*, 173 F.R.D. 524, 529 (D. Nev. 1997 ("[J]ust because complying with a discovery request will involve expense or may be time consuming, does not make it unduly burdensome.").

Furthermore, Plaintiffs' assertion that the documents and information requested are readily available to Defendants or in Defendants' possession, custody, or control is not true. The fact that Defendants do not already have the documents and information requested is the reason for the Discovery Requests in the first instance. Indeed, the majority of the requests seek information obtained by Plaintiffs from VWE's Former Employees, which are central to the Plaintiffs' allegations in the Complaint. These requests are not "overly broad" or "unduly burdensome" at all. For example, Interrogatory Request #4 seeks a list

of all persons who provided documents or information used in the preparation of any discovery responses. This is a straight-forward and commonly used request.

Moreover, there is good reason for the Discovery Requests that are narrowly focused on the people and information that form the allegations in the Complaint. Since learning the names of the Former Employees identified in the Complaint, counsel for Defendants have interviewed at least one of the Former Employees who does not recall telling the Plaintiffs the information attributed to him in the Complaint. Defendants seek access to any documentation that would confirm what he actually said. In particular, the recollections of FE #5 (whom the Court relied upon in denying the motion to dismiss the Complaint) do not corroborate the statements attributed to him in the Complaint. If Plaintiffs are sitting on discovery that casts doubt on their fundamental theory of liability, Defendants are entitled to that information. *Olympic Refining Co. v. Carter*, 332 F.2d 260, 264 (9th Cir. 1964) (explaining that the purpose of the discovery rules "is to force a full disclosure.").

> 2.   *The General Objections Regarding Attorney-Client Privilege and*
> *Work-Product Doctrine Are Improper.*

Plaintiffs have also objected to every single Discovery Request using boilerplate language that the requests are protected by either the attorney-client privilege or the work-product doctrine. "The attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice." *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011) (citation omitted). Relatedly, the work-product doctrine protects "documents and tangible things prepared by a party or his representative in anticipation of litigation." *Id.* at 567. These protections are not boundless, and there are limits to what an attorney may shield from discovery. *Id.* at 566-68; *see also Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) (holding blanket privilege objections are improper).

The burden of proving that the attorney-client privilege or work-product protection apply to specific documents or information is on the party asserting the privilege. *Richey*, 632 F.3d at 566. To avoid waiver of the attorney-client privilege and work product doctrine,

- 13 -

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135-1865
702.784.5200

a party must produce a sufficiently detailed privilege log, describing the nature of the documents, communications or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection. Fed. R. Civ. P. 26(b)(5)(A). Courts do not simply take a party's word that information/documents are protected; rather, a court must consider whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to fall into a protected category. *Id.* In this regard, a privilege log must not be conclusory. For example, information concerning whether statements from a witness exist, or, if they do exist, who made them and when they were made, is not protected and must be stated in a privilege log. *Clarke v. Am. Com. Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992) (finding a party who withholds discovery materials based on privilege must provide sufficient information to enable the recipient to determine whether the privilege or other protection applies); *see also Brincko v. Rio Properties, Inc.*, 278 F.R.D. 576, 583 (D. Nev. 2011) ("Not all communications between an attorney and client are privileged."); *Plumbers & Pipefitters Local 572 Pension Fund*, 2005 WL 1459555, at \*4 (N.D. Cal. June 21, 2005) ("It is generally accepted that the work product doctrine does not protect against the disclosure of facts or the identity of persons from whom the facts are learned.") (internal citation and quotations omitted).

At this juncture, Defendants have received no information from Plaintiffs with which to assess the validity of the protections claimed. Plaintiffs have failed to produce any documents. Likewise, they have failed and refused to provide the requisite privilege log in response to the Discovery Requests. Plaintiffs do not claim that no responsive documents exist—in fact, Plaintiffs' counsel readily admitted the opposite. Adams Decl. at ¶ 11. Instead, Plaintiffs take the untenable position that all documents and information that are in their possession are protected. Adams Decl. Exs. G and I. And Plaintiffs doubled down on this argument by asserting that a privilege log is not necessary to demonstrate such protection because revealing any detail about the documents and information would undermine the privilege that they seek to protect. Adams Decl. at ¶ 11. Both assertions are

obviously incorrect, and Plaintiffs should not be allowed to take the place of this Court in deciding the legal sufficiency of their asserted protections. *See Clarke*, 974 F.2d at 129.

Additionally, Plaintiffs' unsupported assertion of the attorney-client privilege and work-product doctrine should be viewed as a waiver of these protections. *Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 638 (D. Nev. 2013) ("The Advisory Committee notes to Rule 26(b)(5) make clear that [] withholding otherwise discoverable materials on the basis that they are privileged or subject to the work product doctrine without notifying the other parties as provided in Rule 26(b)(5)(A) by describing the nature of the information so as to enable them to assess the claim, 'may be viewed as a waiver of the privilege or protection.'"). The majority of the Discovery Requests seek information and documents that Plaintiffs received from third parties who are former VWE employees. Nowhere in Plaintiffs' responses have Plaintiffs' counsel indicated that they represent any of the VWE Former Employees or otherwise have an attorney-client relationship with these key witnesses that would protect the information sought by the Discovery Requests.[6] If, as it plainly appears, Plaintiffs' counsel does not represent these individuals, then Plaintiffs' reliance on the attorney-client privilege to withhold responsive information is wholly without merit*. See Fisher v. United States*, 425 U.S. 391, 403 (1976) (holding the attorney-client privilege protects "[c]onfidential disclosures by a client to an attorney made in order to obtain legal assistance").

Furthermore, Plaintiffs have yet to demonstrate a viable basis to assert work-product protection over the basic facts sought by the Discovery Requests. As explained above, whether facts were provided (or not) is not protected by the work-product doctrine. *See Plumbers*, 2005 WL 1459555, at *4 ("It is generally accepted that the work product doctrine does not protect against the disclosure of facts or the identity of persons from whom the facts are learned.") (internal citation and quotations omitted). If Plaintiffs were entitled to withhold every kernel of information in their possession, the discovery process would be

---

[6] Defendants are not aware of any attorney-client relationship between Plaintiffs' counsel and any of the Former Employees except as described in footnote 2.

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135-1865
702.784.5200

meaningless. *See* Fed. R. Civ. P. 26(b)(1); *see also Olympic Refining Co.*, 332 F.2d at 260 (explaining that the purpose of the discovery rules "is to force full disclosure."). Likewise, documents received from third parties cannot be shielded from disclosure under the work-product doctrine because the documents do not include any of Plaintiffs counsel's "impressions, opinions, or strategies."[7] *NXIVM Corp. v. O'Hara*, 241 F.R.D. 109, 142 (N.D.N.Y. 2007) ("Just as the attorney-client privilege cannot be used as a shield and sword, neither can a work product document, especially one that does not include an attorney's impression, opinions, or strategies.").

### 3. *Plaintiffs Should Be Compelled to Fully Respond for Additional Reasons.*

The relevancy and purpose of the Discovery Requests are obvious—they are narrowly tailored to discover the information and documents Plaintiffs used to craft the allegations in the Complaint. In addition, Plaintiffs should be required to amend their discovery responses for these reasons:

#### a. RFP #1

This request for production seeks documents and communications relied upon to answer the interrogatories. In addition to the improper boilerplate objections discussed above, Plaintiffs objected to this RFP on the grounds that the request is "vague, ambiguous, and fails to specifically describe or reasonably particularize the category of items sought to be produced." This objection is disingenuous and does not pass logical muster.

Plaintiffs have asserted blanket privileges and refused to answer Interrogatories 2-4. Plaintiffs have caused the exact vagueness that they complain about in their response to RFP #1. Plaintiffs have basically taken the position that if they refuse to answer the underlying interrogatories, then they don't have to produce documents even if they are

---

[7] Importantly, the Discovery Requests do not ask Plaintiffs to explain what was and was not included in the Complaint. Instead, Defendants seeks purely factual information (the who, when, what, where, and why) that Plaintiffs learned from the Former Employees. Facts Plaintiffs learned from third parties cannot be withheld when they are responsive to a duly served discovery request.

responsive to those same interrogatories. This evasive reasoning is insufficient to satisfy Rules 33, 34, and 37. For the reasons stated above, Plaintiffs must supplement the responses to the Interrogatory Requests with full and complete answers and produce the documents relied upon to form those supplemental answers in accordance with RFP #1. Furthermore, to the extent this Court finds that Plaintiffs have not waived their entitlement to withhold privileged information, Defendants are requesting Plaintiffs produce a detailed privilege log that will enable Defendants to assess the claimed privileges. Fed. R. Civ. P. 26(b)(5)(A).

b.      RFP #2, 4, 6, 7, 8, 9, and 10

These requests for production seek documents received from Former Employees and documents related to the allegations in the Complaint attributed to the Former Employees. In addition to the improper boilerplate objections discussed above, Plaintiffs object to the RFPs on the grounds that Plaintiffs have disclosed all the information they obtained from the Former Employees in the Complaint. But Plaintiffs have taken an inconsistent position on this issue. Plaintiffs previously stated they did not have any documents responsive to Defendants' RFPs. *See generally* Adams Decl. Ex. G. However, during the meet and confer, Plaintiffs' confirmed that they (through their attorneys and investigators) received communications and information from the Former Employees. Adams Decl. at ¶ 11. Plaintiffs refuse to produce these admittedly relevant documents, claiming that they are privileged and that Defendants indicated they were not seeking communications from any Former Employees. *See* Adams Decl., Ex. H at 4. This is wrong. At no point did Defendants limit the scope of their RFPs to exclude communications and information obtained from the Former Employees. *Id*.  Indeed, obtaining this information was the primary purpose. And because Plaintiffs readily admit that they possess information obtained from third parties related to the allegations in the Complaint, it is clear this information is ***not*** protected. *See Mobile v. Globalgurutech LLC*, 2024 WL 1796093, at *3-*4 (D. Ariz. April 25, 2024) (no privilege protection for information collected from third party because plaintiff put the information in their complaint). As such, Plaintiffs must produce the documents responsive to RFP #2, 4, 6, 7, 8, 9, and 10. Furthermore, to the extent this Court finds that Plaintiffs

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135-1865
702.784.5200

have not waived their entitlement to withhold privileged information, Defendants are requesting Plaintiffs produce a detailed privilege log that will enable Defendants to assess the claimed privileges. Fed. R. Civ. P. 26(b)(5)(A).

### c.    RFP #3 and 5

These requests for production seek documents from people other than the six (6) Former Employees listed in the Complaint. In addition to the improper boilerplate objections discussed above, Plaintiffs object to the document requests on the grounds that "Defendants have clarified that they are not seeking Plaintiffs' counsel's prefiling investigation, notes, summaries, or mental impressions." *See generally* Adams Decl., Ex. G. As already made clear to Plaintiffs, Defendants are seeking ALL relevant documents Plaintiffs have in their possession.  This includes "all documents and communications, including copies of e-mails, agendas, meeting minutes, or notes, Plaintiffs received from third parties supporting or relating to the allegations in Plaintiffs' Amended Complaint." Adams Decl., Ex. D at 6. Furthermore, to the extent this Court finds that Plaintiffs have not waived their entitlement to withhold privileged information, Defendants are requesting Plaintiffs produce a detailed privilege log that will enable Defendants to assess the claimed privileges. Fed. R. Civ. P. 26(b)(5)(A).

### C.    Plaintiffs Should Be Sanctioned for Their Dilatory Discovery Tactics

On July 7, 2025, Defendants' counsel requested that Plaintiffs produce documents that are clearly relevant to this case, or in the very least, produce a privilege log explaining what documents exist and why they are being withheld for privilege.  Since that time, however, Plaintiffs' counsel has refused to comply in any respect, asserting the circular argument that a privilege log would undermine the privilege that they seek to protect. Adams Decl. at ¶ 11. As described above, this argument is wholly inappropriate and shows Plaintiffs' intent to evade the discovery process. Due to Plaintiffs' unreasonable position, Defendants' counsel has dedicated a significant amount of effort to try and compel Plaintiffs' compliance with the Federal Rules of Civil Procedure regarding discovery. *Id.* at ¶ 17. This includes drafting correspondence in a good faith effort to avoid filing this Motion,

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135-1865
702.784.5200

such as drafting follow-up letters when Defendants' initial request for a meet and confer went unanswered; participating in a meet and confer of the issues included in the Motion; and drafting the Motion itself. Id. at ¶¶ 4-17. Defendants also seek monetary sanctions under Rule 37(a)(5)(A) in the amount that Defendants have incurred to date and will continue to incur to secure Plaintiffs' compliance.

## V.    CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court grant this Motion to Compel in its entirety pursuant to Rule 37(a)(3)(B) and LR 26-6.  Additionally, pursuant to Rule 37(a)(5), Defendants request that the Court award the reasonable costs and attorneys' fees incurred to secure Plaintiffs' compliance.

DATED: November 24, 2025

Respectfully submitted,

SNELL & WILMER L.L.P.

By: _/s/  Joseph G. Adams_

Brian R. Reeve (Nevada Bar #10197)
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135-1865

Joseph G. Adams (*Pro Hac Vice*)
Zachary G. Schroeder (*Pro Hac Vice*)
Jennifer Hadley Catero (*Pro Hac Vice*)
SNELL & WILMER L.L.P.
1 East Washington Street, Suite 2700
Phoenix, Arizona 85004

*Attorneys for Defendants Patrick Roney, Katherine Devillers, and Kristina Johnson*

- 19 -

**CERTIFICATE OF SERVICE**

I hereby certify that on November 24, 2025, I electronically transmitted the foregoing **MOTION TO COMPEL RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

*/s/ Chris Wisniewski*
An employee of Snell & Wilmer L.L.P.

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135-1865
702.784.5200

- 20 -