# EXHIBIT 1

Brian R. Reeve (Nevada Bar #10197)
SNELL & WILMER L.L.P.
1700 South Pavilion Center Drive
Suite 700
Las Vegas, Nevada 89135-1865
Telephone: 702.784.5200
Facsimile:  702.784.5252
Email: breeve@swlaw.com

Joseph G. Adams *(Pro Hac Vice)*
Zachary G. Schroeder *(Pro Hac Vice)*
Jennifer Hadley Catero *(Pro Hac Vice)*
SNELL & WILMER L.L.P.
1 East Washington Street, Suite 2700
Phoenix, Arizona 85004
Telephone: 602.382.6000
Facsimile:  602.382.6070
jgadams@swlaw.com
zschroeder@swlaw.com

*Attorneys for Defendants Patrick Roney,*
*Katherine Devillers, and Kristina Johnston*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SOUTHERN DIVISION

| | |
|---|---|
| MARILYN EZZES, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK RONEY, KATHERINE DEVILLERS, and KRISTINA JOHNSTON,<br><br>Defendants. | Case No. 2:22-cv-01915-GMN-DJA<br><br>**DECLARATION OF JOSEPH G. ADAMS IN SUPPORT OF MOTION TO COMPEL RESPONSES TO DEFENDANTS' FISRT SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION** |

I, Joseph G. Adams, declare as follows:

1. I am over the age of eighteen (18) and I am competent to testify herein. I am an attorney duly admitted via pro hac vice to practice before this Court. I am a Partner at Snell & Wilmer LLP, attorneys of record for Defendants Patrick Roney, Katherine DeVillers, and Kristina Johnston (collectively "Defendants"), and I have personal

knowledge of the facts stated herein.

2. Attached hereto as **Exhibit A** is a true and correct copy of Defendants' First Set of Requests for Production ("RFPs") and First Set of Interrogatories ("Interrogatory Requests") (collectively the "Discovery Requests"). Defendants sent the Discovery Requests to Plaintiffs on May 23, 2025.

3. Attached hereto as **Exhibit B** is a true and correct copy of Plaintiffs' original responses to the Discovery Requests. I received these responses via email on June 23, 2025.

4. Attached hereto as **Exhibit C** is a true and correct copy of a letter dated July 2, 2025, that I sent to Casey E. Saddler, counsel for Plaintiffs, requesting that Plaintiffs supplement their deficient responses to the Discovery Requests. I also requested that, if Plaintiffs were unwilling to amend their responses, then Mr. Saddler provide me with dates for a meet and confer to discuss the issues outlined in the letter.

5. At that time, Plaintiffs did not send amended responses to the Discovery Requests, nor did Mr. Saddler provide any dates for a meet and confer meeting.

6. Attached hereto as **Exhibit D** is a true and correct copy of a letter dated August 6, 2025, that I sent to Mr. Saddler, again requesting that Plaintiffs supplement their deficient responses to the Discovery Requests. I also requested that, if Plaintiffs were unwilling to amend their answers and supplement their production, then Mr. Saddler provide me with dates for a meet and confer to discuss the issues outlined in the letter.

7. At that time, I did not receive amended responses to the Discovery Requests, nor did Mr. Saddler provide any dates for a meet and confer meeting.

8. Attached hereto as **Exhibit E** is a true and correct copy of a letter dated August 27, 2025, that I sent to John Roberts, counsel for Plaintiffs, again, requesting that Plaintiffs supplement their deficient responses to the Discovery Requests. I also requested that, if Plaintiffs were unwilling to amend their answers and supplement their production, then Mr. Roberts provide me with dates for a meet and confer to discuss the issues outlined in the letter.

9. At that time, Mr. Roberts agreed to have a meet and confer. Attached hereto

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135-1865
702.784.5200

as **Exhibit F** is a true and correct copy of an email dated September 2, 2025, confirming the date of the parties' meet and confer meeting to be held on September 3, 2025.

10. Attached hereto as **Exhibit G** is a true and correct copy of Plaintiffs' amended responses to the RFPs. I received these responses via email on August 28, 2025, which was prior to the parties' scheduled meet and confer meeting. Plaintiffs did not produce any documents with the amended responses and did not produce a privilege log with the amended responses.

11. I attended the meet and confer meeting on September 3, 2025. Also present at the meeting as counsel for Defendants were Snell & Wilmer attorneys Jennifer Hadley Catero, Zachary Schroeder, and Hannah-Kaye Fleming. In attendance as counsel for Plaintiffs were Mr. Roberts, Amir Soleimanpour, and Pavithra Rajesh. At that meeting, the parties substantively discussed the Discovery Requests and other outstanding discovery matters. Also at the meeting, Plaintiffs' counsel confirmed that they (through their attorneys and investigators) received communications and other information from the Former Employees. Plaintiffs' counsel further clarified that they will not produce a privilege log because describing any documents in a log would undermine the privilege that they seek to protect. The parties were not able to resolve the privilege issue or any other issues that are subject to this Motion.

12. Attached hereto as **Exhibit H** is a true and correct copy of a letter dated September 12, 2025, that I sent to Mr. Roberts, acknowledging receipt of the amended RFP responses and asserting that Plaintiffs' responses to the Discovery Requests still remained deficient. I also requested that Plaintiffs provide supplemental responses to the Discovery Requests by September 19, 2025.

13. Attached hereto as **Exhibit I** is a true and correct copy of Plaintiffs' amended responses to the Interrogatories. I received these responses via email on September 19, 2025. Plaintiffs did not produce any documents with the amended responses and did not produce a privilege log with the amended responses.

14. Since September 19, 2025, I have not received any additional supplemental

responses to the Discovery Requests.

15.    Since Vintage Wine sent the Discovery Requests on May 23, 2025, I have not received any documents from Plaintiffs.

16.    Because of Plaintiffs' refusal to produce any documents in response to the RFPs or provide full responses to the Interrogatories, Defendants had no choice but to file this Motion to compel Plaintiffs' compliance with Federal Rules of Civil Procedure 33 and 34.

17.    A reasonable amount of time and significant amount of effort was dedicated to the preparation of this Motion. This work included drafting follow-up correspondence in a good faith effort to avoid filing this Motion, such as drafting follow-up letters to opposing counsel when my initial request for a meet and confer went unanswered, and participating in a meet and confer of the issues included in the Motion; drafting the Motion itself and my accompanying declaration with supporting evidence; researching applicable legal standards and factually similar cases; and conducting additional research to confirm all proper local rules and procedures were followed. Each of these tasks was essential to advancing the Motion and ensuring compliance with all procedural requirements.

18.    Upon the Court's grant of the Motion, I can provide a log and supplemental declaration further detailing the amount of time and accumulated fees that were incurred in filing the Motion and securing Plaintiffs' compliance under the discovery rules.

I declare under the penalty of perjury under the laws of the State of Arizona that the foregoing statements are true and correct to the best of my knowledge.

Executed this 24th day of November, 2025, in Phoenix, Arizona.

/s/ Joseph G. Adams
Joseph G. Adams

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135-1865
702.784.5200

- 4 -

# EXHIBIT A

Richard C. Gordon (Nevada Bar #9036)
Brian R. Reeve (Nevada Bar #10197)
SNELL & WILMER L.L.P.
1700 South Pavilion Center Drive
Suite 700
Las Vegas, Nevada 89135-1865
Telephone: 702.784.5200
Facsimile:  702.784.5252
Email: rgordon@swlaw.com
         breeve@swlaw.com

Joseph G. Adams *(Pro Hac Vice Forthcoming)*
Zachary G. Schroeder *(Pro Hac Vice Forthcoming)*
SNELL & WILMER L.L.P.
1 East Washington Street, Suite 2700
Phoenix, Arizona 85004
Telephone: 602.382.6000
Facsimile:  602.382.6070
jgadams@swlaw.com
zschroeder@swlaw.com

*Attorneys for Defendants Patrick Roney,*
*Katherine Devillers, and Kristina Johnson*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SOUTHERN DIVISION

| | |
|---|---|
| MARILYN EZZES, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK RONEY, KATHERINE DEVILLERS, and KRISTINA JOHNSON,<br><br>Defendants. | Case No. 2:22-cv-01915-GMN-DJA<br><br>**DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS PURSUANT TO FED. R. CIV. P. 34** |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants Patrick Roney, Katherine Devillers, and Kristina Johnson (collectively, "Defendants"), request that Lead Plaintiffs Marilyn Ezzes and Jeffrey A. Davies, and additional Plaintiff Michael F. Salbenblatt (collectively, "Plaintiffs") produce, or make available for inspection and copying by Defendants, the documents in Plaintiffs' possession, custody or control identified below (the "Requests").   Plaintiffs shall

4936-2631-1235

make such production within the time period set forth in Rule 34(b) of the Federal Rules of Civil Procedure at the offices of Snell & Wilmer L.L.P., 1700 South Pavilion Center Drive, Suite 700, Las Vegas, Nevada 89135.

## **PREAMBLE**

This Preamble is incorporated by reference into each and every Request hereinafter set forth without the necessity of further reference.

1.    All documents covered in these Requests shall be produced in an orderly manner with appropriate markings or other identification, so that Defendants and its attorneys will be able to identify:

    a)  the source of the document;

    b)  the file in which it was maintained;

    c)  the Person to whom such file belonged; and

    d)  the number of the request to which it responds.

2.    If any document or portion of any document is withheld under a claim of privilege, identify in writing each document withheld and provide the following information:

    a)  the reason for withholding the document;

    b)  a statement of the basis for the claim of privilege, work product, or other ground of nondisclosure;

    c)  a brief description of the document, including:

        i.    the date of the document;

        ii.   number of pages, attachments and appendices;

        iii.  the names of its author, authors, or preparers and an identification by employment and title of such Person;

        iv.   the name of each Person who was sent, shown, or blind or carbon copied on the document or who has had access to or custody of the document, together with an identification of each such Person;

        v.    the present custodian; and

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135-1865
702.784.5200

- 2 -

vi.   the subject matter of the document and, in the case of any document relating or referring to a meeting or conversation, identification of such meeting or conversation.

3.   If You cannot respond to any Request fully and completely after exercising due diligence to make inquiry and secure the information necessary to do so, please so state and respond to any such Request to the fullest extent possible and specify the portion of such Request that You claim You are unable to respond to fully and completely, state the facts upon which You rely in support of Your contention that You are unable to respond completely and state with knowledge, information or belief You have concerning the portion of each such Request for which You have not provided a response or produced responsive documents.

4.   If any document requested was at one time in existence, but has been lost, discarded or destroyed, identify such document as completely as possible, providing as much of the following information as possible, including:

a) the type of document;

b) its date;

c) the date or approximate date it was lost, discarded or destroyed;

d) the circumstances and manner in which it was lost, discarded or destroyed;

e) the reason or reasons for disposing of the document (if discarded or destroyed);

f) the identity of all Persons authorizing or having knowledge of the circumstances surrounding the disposal of the document;

g) the identity of the Person(s) who lost, discarded or destroyed the document; and

h) the identity of all Persons having knowledge of the contents thereof.

5.   A Request for identification of a writing includes a Request for identification of each Person who signed or prepared the writing, for identification of each Person whom the writing is addressed, for the writing's date, for description of the nature of the writing, and for other particulars as may be reasonably necessary to enable Defendants to understand the nature and general purport of the writing.  A Request for identification also requires You to identify that writing in a manner sufficient to distinguish it from other writings.  A Request for identification of

- 3 -

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135-1865
702.784.5200

writing also includes the Request for identification of each Person having possession, custody or control of the writing.

6.    Each Request shall be deemed continuing in accordance with Rule 26 of the Federal Rules of Civil Procedure so as to require supplemental responses between the time of responding to these Requests and the time of trial.  Your response to these Requests must be amended if Your response to any Request ceases to be an accurate and complete response between the time Your response is served and the time of trial.

## DEFINITIONS

1.    The terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests any information which might otherwise be construed to be outside its scope.

2.    The word "any" shall be construed to include "all," and "all" shall be construed to include "any."

3.    The term "Action" refers to the above-captioned lawsuit, *Ezzes v. Patrick Roney, et al.,* Case No. 2:22-cv-01915-CMN-DJA, filed in the United States District Court for the District of Nevada, Southern Division.

4.    The term "Complaint" means the *Second Consolidated Amended Class Action Complaint* filed by the Plaintiffs in this Action on April 5, 2024, at Docket No. 48.

5.    The term "Prior Complaints" means the *Class Action Complaint for Violations of the Federal Securities Laws* (at Docket No. 1) filed in the Action, the *Consolidated Amended Class Action Complaint* (at Docket No. 36) filed in the Action, and the *Class Action Complaint for Violations of Federal Securities Laws* (at Docket No. 1) filed in *Salbenblatt v. Vintage Wine Estates, Inc., et al.*, Case No. 2:22-cv-01976-GMN-DJA, United States District Court, District of Nevada.

6.    The term "communication(s)" means any oral or written statement or notation of any nature whatsoever, by and to whomsoever made, including, but not limited to, documents transmitted from one Person to another, correspondence, conversations, dialogues, discussions,

- 4 -

interviews, consultations, conferences, agreements, and other understandings between or among two or more Persons.

7. The term "Defendants" refers to Patrick Roney, Katherine Devillers, and Kristina Johnson and their agents, employees, contractors, representatives, and any other Person acting or purporting to act on their behalf.

8. The term "Former Employees" refers to those employees referenced in the Complaint—FE 1, FE 2, FE 3, FE 4, FE 5, and FE 6—and their agents, employees, contractors, representatives, or any other Person acting or purporting to act on their behalf.

9. The term "including" means including but not limited to.

10. The term "Person(s)" shall include the plural as well as the singular and shall include any natural person or firm, corporation, association, group, organization, partnership, or any other form of legal entity.

11. The terms "relate(s) to," and "concerning" shall be construed in their broadest sense to require answers that directly or indirectly pertain to, embody, mention, reflect, describe, constitute, refer to, support, refute or evidence the subject of the Requests.

12. The terms "writing," "recordings," or "documents" as used herein are used in their broadest sense and include, without limitation, the original and all non-identical copies (including those with any notations) and duplicates of all tangible forms graphic, photographic, and phonically recorded items including, but not limited to, agreements and contracts; assignments; licenses; correspondence; reports; notes; memoranda; summaries; minutes, notes and records of telephone conversations (whether typed, computer generated, or handwritten); meeting and conferences; reports and/or summaries of investigations; opinions and reports of experts and consultants; statement of Persons having knowledge of relevant facts; cable grams and telex messages; patents; registration of service or trademarks; copyrights; applications for each of them; audio recordings, video recordings and audio/video recordings; videotapes; opinion of counsel; sales records, including purchase orders or orders, acknowledgments and invoices; books of account; statements, bills, checks and vouchers; brochures, pamphlets, catalogs, sales literature and sale promotion material; advertisements; trade letters, notices and announcements and press releases;

specifications sheets and diagrams; insurance policies or agreements, warranty forms; photographs; and all writings as that term is defined by Federal Rule of Evidence 1001.  The term "writings," "recordings," or "documents" refer to all writings, recordings, or documents of which Plaintiffs have knowledge, and all writings, recordings and documents which are in the possession or under the custody or control of the Plaintiffs or their agents, attorneys, officers, employees, or other representatives of Plaintiffs.

13.    The pronouns "You," "Your," or "Plaintiffs" shall refer to Lead Plaintiffs Marilyn Ezzes and Jeffrey A. Davies, and additional Plaintiff Michael F. Salbenblatt and any of their agents, employees, contractors, representatives , unless privileged, attorneys (unless privileged), and any other Person acting or purporting to act on their behalf.

14.    The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

<b><u>REQUEST FOR PRODUCTION</u></b>[1]

**<u>REQUEST FOR PRODUCTION NO. 1</u>**

All documents and communications relied upon, discussed, identified or referenced in Your responses to the *Defendants' First Set of Interrogatories to Plaintiffs*, served on May 23, 2025 in this Action.

**<u>REQUEST FOR PRODUCTION NO. 2</u>**

All documents You received from the Former Employees that relate to this Action, the allegations in the Complaint, or the allegations in the Prior Complaints.

**<u>REQUEST FOR PRODUCTION NO. 3</u>**

All documents You received from any other Person, excluding the Former Employees, that relate to this Action, the allegations in the Complaint, or the allegations in the Prior Complaints.

---

[1] Please note that the Preamble is incorporated by reference into each and every Request hereinafter set forth without the necessity of further reference.

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135-1865
702.784.5200

**REQUEST FOR PRODUCTION NO. 4**

All communications You received from the Former Employees that relate to this Action, the allegations in the Complaint, or the allegations in the Prior Complaints.

**REQUEST FOR PRODUCTION NO. 5**

All communications You received from any other Person, excluding the Former Employees, that relate to this Action, the allegations in the Complaint, or the allegations in the Prior Complaints.

**REQUEST FOR PRODUCTION NO. 6**

All communications between You, or anyone acting on Your behalf, and the Former Employees related to this Action, the allegations in the Complaint, or the allegations in the Prior Complaints.

**REQUEST FOR PRODUCTION NO. 7**

All documents, including notes, memoranda, recordings, or other documentation containing, summarizing, or relating to information provided to You by the Former Employees.

**REQUEST FOR PRODUCTION NO. 8**

All documents and communications in Your possession, custody or control that support the Former Employees' allegations in the Complaint.

**REQUEST FOR PRODUCTION NO. 9**

All nonprivileged documents and communications reflecting any efforts by You, or Your counsel, to verify the information provided by the Former Employees and their allegations in the Complaint.

///

- 7 -

**REQUEST FOR PRODUCTION NO. 10**

All communications or documents in Your possession, custody or control that support FE 5's allegations in Paragraphs 65 and 66 of the Complaint that the Defendants "were aware of the inventory and software problems . . . and participated in periodic conference calls . . .", and "were routinely copied on various emails in which inventory problems were discussed."

**REQUEST FOR PRODUCTION NO. 11**

Any document or communication that You may rely upon or introduce at a hearing, proceeding, and/or trial in this matter.

Dated: May 23, 2025                              Respectfully submitted,

                                        SNELL & WILMER L.L.P.


                                        By:  */s/ Richard C. Gordon*
                                             Richard C. Gordon (Nevada Bar #9036)
                                             Brian R. Reeve (Nevada Bar #10197)
                                             1700 South Pavilion Center Drive, Suite 700
                                             Las Vegas, Nevada 89135-1865

                                             Joseph G. Adams
                                             *(Pro Hac Vice Forthcoming)*
                                             Zachary G. Schroeder
                                             *(Pro Hac Vice Forthcoming)*
                                             SNELL & WILMER L.L.P.
                                             1 East Washington Street, Suite 2700
                                             Phoenix, Arizona 85004

                                        *Attorneys for Defendants Patrick Roney,*
                                        *Katherine Devillers, and Kristina Johnson*

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135-1865
702.784.5200

- 8 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 23, 2025, I transmitted the foregoing **DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS PURSUANT TO FED. R. CIV. P. 34** via email to:

Andrew R. Muehlbaur
MUEHLBAUER LAW OFFICE, LTD.
7915 West Sahara Ave., Suite 104
Las Vegas, Nevada 89117
*andrew@mlolegal.com*
Tel: (702) 330-4505

*Liaison Counsel for Lead Plaintiffs*

Casey E. Sadler (pro hac vice)
Pavithra Rajesh
Amir Soleimanpour
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Tel: (310) 201-9150
*csadler@glancylaw.com*
*prajesh@glancylaw.com*
*asoleimanpour@glancylaw.com*

*Lead Counsel for Lead Plaintiffs*

Jeffrey C. Block (pro hac vice)
Jacob Walker
BLOCK & LEVITON LLP
260 Franklin Street, Suite 1860
Boston, MA 02110
Tel: (617) 398-5600
*jeff@blockleviton.com*
*jake@blockleviton.com*

*Counsel for Additional Plaintiff Michael F. Salbenblatt*

*/s/ Laurie McConnell*
An employee of Snell & Wilmer L.L.P.

*Snell & Wilmer*
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135-1865
702.784.5200

Richard C. Gordon (Nevada Bar #9036)
Brian R. Reeve (Nevada Bar #10197)
SNELL & WILMER L.L.P.
1700 South Pavilion Center Drive
Suite 700
Las Vegas, Nevada 89135-1865
Telephone: 702.784.5200
Facsimile: 702.784.5252
Email: rgordon@swlaw.com
          breeve@swlaw.com

Joseph G. Adams *(Pro Hac Vice Forthcoming)*
Zachary G. Schroeder *(Pro Hac Vice Forthcoming)*
SNELL & WILMER L.L.P.
1 East Washington Street, Suite 2700
Phoenix, Arizona 85004
Telephone: 602.382.6000
Facsimile: 602.382.6070
jgadams@swlaw.com
zschroeder@swlaw.com

*Attorneys for Defendants Patrick Roney,*
*Katherine Devillers, and Kristina Johnson*

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

### SOUTHERN DIVISION

| | |
|---|---|
| MARILYN EZZES, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK RONEY, KATHERINE DEVILLERS, and KRISTINA JOHNSON,<br><br>Defendants. | Case No. 2:22-cv-01915-GMN-DJA<br><br>**DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFFS PURSUANT TO FED. R. CIV. P. 33** |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants Patrick Roney, Katherine Devillers, and Kristina Johnson (collectively, "Defendants"), request that Lead Plaintiffs Marilyn Ezzes and Jeffrey A. Davies, and additional Plaintiff Michael F. Salbenblatt (collectively, "Plaintiffs") respond to the following Interrogatories separately and fully, in writing and under oath, within thirty (30) days from the date of service.

4929-7278-6502

**INSTRUCTIONS**

1.    All information is to be divulged that is known or available to You regardless of whether the information currently is in Your possession, custody, or control, or that of Your attorneys, employees, agents, investigators, or other representatives, or is otherwise available to You.  In answering, You must furnish all information available.

2.    If You cannot answer an interrogatory in full and You have exercised thorough diligence in an attempt to secure the information requested, then You must so state. You must also explain to the fullest extent possible the specific facts concerning Your inability to answer the interrogatory and supply whatever information or knowledge You have concerning any unanswered portion of an interrogatory.

3.    If Your answer to any interrogatory is "unknown," "not applicable" or any similar phrase or answer, state the following:

   a)   Why the answer to that interrogatory is "unknown;"

   b)   The efforts made to obtain answers to the particular interrogatory; and

   c)   The name and address of any Person who may know the answer.

4.    Where an interrogatory requires You to state facts You believe support a particular allegation, contention, conclusion, statement or defense, set forth with particularity:

   a)   All facts relied upon;

   b)   The identity of all lay witnesses who will or may be called to testify with respect to those facts;

   c)   The identity of all lay witnesses who may have knowledge regarding those facts; and

   d)   The identity of all experts who will or may be called to testify with respect to those facts.

5.    Where an interrogatory requires You to "identify" a Person, state as follows:

   a)   For a natural person, state the person's full name, present title or position, title or position at the time of events in question, present or last known residential or business address, and present or last known telephone number.

- 2 -

4929-7278-6502

b) For a firm, corporation, association, group, organization, partnership, or any other form of legal entity (the "Entity"), state the Entity's legal name, if the Entity does business under a different name, the name the Entity does business under, the state of incorporation or registration of the Entity, the business address of the Entity, the name of the Entity representative with whom You spoke, the title or position with the Entity representative with whom You spoke, the present or last known telephone number of the Entity representative with whom You spoke, and the present or last known email address of the Entity representative with whom You spoke.

6.   Where an interrogatory requires You to "identify" a document, state as follows:

a) The type of document (e.g., letter, memorandum, telegram, etc.); the title of the document or communication, if any; the date appearing thereon and the date of the document or communication's preparation, if known; the identity of the person who prepared or authored the document or communication; the identity of the person to whom the document or communication was addressed or distributed; a brief summary of its substance; a further general description of the document or communication, if such is necessary to enable it to be distinguished from other like documents or communications; and the physical location of the document and the identity of its custodian; and

b) If any such document was, but no longer is, in Your possession, custody, or subject to Your control, state what disposition was made of it.

7.   Where an interrogatory requires You to "identify" a communication, state as follows:

a) For an oral communication, state: the identity of the Person or Persons who spoke and all Persons who may have overheard the conversation; the substance of what each Person said or overheard; the date and time at which the communication took place; and the location where the communication took place.

- 3 -

4929-7278-6502

b) For a written communication, state: the type of communication (e.g., letter, memorandum, telegram, etc.); the title of the communication if any; the date appearing thereon and the date of the communication's preparation, if known; the identity of the person who prepared or authored the communication; the identity of the person to whom the communication was addressed or distributed; a summary of the communication's substance; a further description of the communication, if such is necessary to enable it to be distinguished from other like communications; and the physical location of the communication and the identity of its custodian. If any such communication was, but no longer is, in Your possession, custody, or subject to Your control, state what disposition was made of it.

8. Where an interrogatory requires You to "describe" an event or instance, answer as follows: identify the Person(s) involved, relevant dates, and what occurred during the event or instance, including statements made and/or actions taken.

9. If You contend that the answer to any interrogatory is privileged, in whole or in part, or if You object to any interrogatory, in whole or in part, state the reasons for such privilege or objection and identify each person having knowledge of the factual basis, if any, on which the privilege or objection is asserted.

10. Where an individual interrogatory calls for an answer that involves more than one part, each part of the answer should be clearly set out so that it is understandable.

11. Where knowledge or information in the possession of a party is requested, such request includes the knowledge of the party's agents, family members, employees, representatives, predecessors and, unless privileged, the party's attorneys, and all other persons acting or purporting to act on the party's behalf.

12. You must make inquiries of Your agents, servants, employees, representatives, attorneys, and others as necessary so as to enable You to answer the Interrogatories propounded herein as completely and accurately as You possibly can.

- 4 -

4929-7278-6502

13.     Whenever appropriate in these Interrogatories, the singular form of a word shall also be interpreted as its plural.

14.     Unless otherwise indicated, these Interrogatories refer to the time, place, and circumstances of the occurrences mentioned or complained of in this Action.

15.     If in answering these Interrogatories You encounter any ambiguity construing a question, instruction, or definition, set forth the matter deemed ambiguous and the construction You used in answering. Answer as much of the Interrogatory as possible based on Your construction of the Interrogatory.

16.     Each of the following Interrogatories shall be answered separately and fully in writing and under oath or the grounds for refusal to answer shall be stated fully under oath. An incomplete or evasive answer is a failure to answer. The answers shall be signed by the persons making them.

17.     In accordance with Rule 26 of the Federal Rules of Civil Procedure, these Interrogatories are intended as continuing Interrogatories which require that You supplement Your answers setting forth any information within the scope of the interrogatories as may be acquired by You, Your agents, attorneys, or other representatives following the service of Your original answers.

## DEFINITIONS

1.     The terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories any information which might otherwise be construed to be outside its scope.

2.     The word "any" shall be construed to include "all," and "all" shall be construed to include "any."

3.     The term "Action" refers to the above-captioned lawsuit, *Ezzes v. Patrick Roney, et al.,* Case No. 2:22-cv-01915-CMN-DJA, filed in the United States District Court for the District of Nevada, Southern Division.

- 5 -

4929-7278-6502

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135-1865
702.784.5200

4.      The term "Complaint" means the *Second Consolidated Amended Class Action Complaint* filed by the Plaintiffs in this Action on April 5, 2024, at Docket No. 48.

5.      The term "communication(s)" means any oral or written statement or notation of any nature whatsoever, by and to whomsoever made, including, but not limited to, documents transmitted from one Person to another, correspondence, conversations, dialogues, discussions, interviews, consultations, conferences, agreements, and other understandings between or among two or more Persons.

6.      The term "Defendants" refers to Patrick Roney, Katherine Devillers, and Kristina Johnson and their agents, employees, contractors, representatives, and any other Person acting or purporting to act on their behalf.

7.      The term "Former Employees" refers to those employees referenced in the Complaint—FE 1, FE 2, FE 3, FE 4, FE 5, and FE 6—and their agents, employees, contractors, representatives, or any other Person acting or purporting to act on their behalf.

8.      The term "including" means including but not limited to.

9.      The term "Person(s)" shall include the plural as well as the singular and shall include any natural person or firm, corporation, association, group, organization, partnership, or any other form of legal entity.

10.     The terms "relate(s) to," and "concerning" shall be construed in their broadest sense to require answers that directly or indirectly pertain to, embody, mention, reflect, describe, constitute, refer to, support, refute or evidence the subject of the Interrogatories.

11.     The terms "writing," "recordings," or "documents" as used herein are used in their broadest sense and include, without limitation, the original and all non-identical copies (including those with any notations) and duplicates of all tangible forms graphic, photographic, and phonically recorded items including, but not limited to, agreements and contracts; assignments; licenses; correspondence; reports; notes; memoranda; summaries; minutes, notes and records of telephone conversations (whether typed, computer generated, or handwritten); meeting and conferences; reports and/or summaries of investigations; opinions and reports of experts and consultants; statement of Persons having knowledge of relevant facts; cable grams and telex messages; patents;

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135-1865
702.784.5200

4929-7278-6502

registration of service or trademarks; copyrights; applications for each of them; audio recordings, video recordings and audio/video recordings; videotapes; opinion of counsel; sales records, including purchase orders or orders, acknowledgments and invoices; books of account; statements, bills, checks and vouchers; brochures, pamphlets, catalogs, sales literature and sale promotion material; advertisements; trade letters, notices and announcements and press releases; specifications sheets and diagrams; insurance policies or agreements, warranty forms; photographs; and all writings as that term is defined by Federal Rule of Evidence 1001.  The term "writings," "recordings," or "documents" refer to all writings, recordings, or documents of which Plaintiffs have knowledge, and all writings, recordings and documents which are in the possession or under the custody or control of either the Plaintiffs or the agents, attorneys, officers, employees, or other representatives of Plaintiffs.

12.    The pronouns "You," "Your," or "Plaintiffs" shall refer to Lead Plaintiffs Marilyn Ezzes and Jeffrey A. Davies, and additional Plaintiff Michael F. Salbenblatt and any of their agents, employees, contractors, representatives, attorneys (unless privileged), and any other Person acting or purporting to act on their behalf.

13.    The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each Former Employee referred to in the Complaint and state the corresponding number by which the Former Employee was designated.  For each Former Employee, please provide his or her:

a) Full name;

b) Last known address;

c) E-mail(s);

d) Phone number(s); and

e) Any other contact information or identifying information.

- 7 -

4929-7278-6502

**INTERROGATORY NO. 2:** For each Former Employee, identify and describe in detail all communications, whether oral or written, that You, or anyone acting on Your behalf, had with the Former Employee.  For each communication, please identify:

    a)  The date(s), time(s), and place(s) of the communication(s);

    b)  The identity of all Persons present or involved in the communication(s), including their names, contact information, and relationship to the parties in this Action;

    c)  The substance of each communication, including a summary of what was discussed or conveyed, including any statements made by You;

    d)  The method of communication (e.g., telephone, email, in-person meeting, letter, etc.); and

    e)  Any documents, recordings, emails, or other tangible items that memorialize, reference, or relate to each communication.

**INTERROGATORY NO. 3:**  With respect to FE 5's allegations in Paragraphs 65 and 66 of the Complaint that the Defendants "were aware of the inventory and software problems . . . and participated in periodic conference calls . . .", and "were routinely copied on various emails in which inventory problems were discussed", identify and describe:

    a)  The date(s) and time(s) of the alleged conference calls and emails;

    b)  The identity of all Persons present or included in the alleged conference calls and emails;

    c)  A summary of the discussions; and

    d)  Any supporting documents or communications in Your possession, custody or control that support the allegations in Paragraphs 65 and 66 of the Complaint.

///

///

- 8 -

4929-7278-6502

**INTERROGATORY NO. 4:** Identify every Person who provided documents or information used in the preparation of Your responses to any of Defendants' discovery requests in this Action.

Dated: May 23, 2025

Respectfully submitted,

SNELL & WILMER L.L.P.

By:  */s/ Richard C. Gordon*

Richard C. Gordon (Nevada Bar #9036)
Brian R. Reeve (Nevada Bar #10197)
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135-1865

Joseph G. Adams
*(Pro Hac Vice Forthcoming)*
Zachary G. Schroeder
*(Pro Hac Vice Forthcoming)*
SNELL & WILMER L.L.P.
1 East Washington Street, Suite 2700
Phoenix, Arizona 85004

*Attorneys for Defendants Patrick Roney,*
*Katherine Devillers, and Kristina Johnson*

- 9 -

4929-7278-6502

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 23, 2025, I transmitted the foregoing **DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFFS PURSUANT TO FED. R. CIV. P. 33** via email to:

Andrew R. Muehlbaur
MUEHLBAUER LAW OFFICE, LTD.
7915 West Sahara Ave., Suite 104
Las Vegas, Nevada 89117
*andrew@mlolegal.com*
Tel: (702) 330-4505

*Liaison Counsel for Lead Plaintiffs*

Casey E. Sadler (pro hac vice)
Pavithra Rajesh
Amir Soleimanpour
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Tel: (310) 201-9150
*csadler@glancylaw.com*
*prajesh@glancylaw.com*
*asoleimanpour@glancylaw.com*

*Lead Counsel for Lead Plaintiffs*

Jeffrey C. Block (pro hac vice)
Jacob Walker
BLOCK & LEVITON LLP
260 Franklin Street, Suite 1860
Boston, MA 02110
Tel: (617) 398-5600
*jeff@blockleviton.com*
*jake@blockleviton.com*

*Counsel for Additional Plaintiff Michael F. Salbenblatt*

*/s/ Laurie McConnell*
An employee of Snell & Wilmer L.L.P.

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135-1865
702.784.5200

- 10 -

4929-7278-6502

# EXHIBIT B

Andrew R. Muehlbauer
Nevada Bar No. 10161
**MUEHLBAUER LAW OFFICE, LTD.**
7915 West Sahara Ave., Suite 104
Las Vegas, Nevada 89117
Telephone: (702) 330-4505
Facsimile: (702) 825-0141
andrew@mlolegal.com

Casey E. Sadler
Charles H. Linehan (*pro hac vice*)
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
csadler@glancylaw.com
clinehan@glancylaw.com

*Lead Counsel for Lead Plaintiffs*

*(Additional counsel on the signature page)*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| MARILYN EZZES, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VINTAGE WINE ESTATES, INC., PATRICK RONEY, KATHERINE DEVILLERS, and KRISTINA JOHNSTON,<br><br>Defendants. | Case No. 2:22-cv-01915-GMN-DJA<br><br>**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Fed. R. Civ. P. 26 and 34, Lead Plaintiffs Marilyn Ezzes and Jeffrey A. Davies, together with additional Plaintiff Michael F. Salbenblatt ("Plaintiffs") hereby submit their responses and objections to Defendants Patrick Roney, Katherine DeVillers, and Kristina Johnston's (collectively, "Defendants") First Requests for Production of Documents dated May 23, 2025 (the "Requests").

## PRELIMINARY STATEMENT

Plaintiffs' Responses to the Requests, set forth below, are provided without prejudice to Plaintiffs' rights at trial or other proceedings, and Plaintiffs therefore reserve their rights to object to: (i) the use of these Responses and the Documents produced in response to these Requests on the basis of privilege, relevancy, materiality, admissibility, or any other applicable objection; or (ii) any other demand for discovery involving or relating to the matters raised in the Requests or the information or the documents produced in response to the Requests. Any production pursuant to the Requests shall not include any documents protected by the attorney-client privilege, the work-product doctrine, the right to privacy, or any other applicable privilege or immunity. Inadvertent production of any such document is not intended to be, and shall not operate as, a waiver of any applicable privilege, protection or immunity, in whole or in part.

Additionally, Plaintiffs' Responses to the Requests are made based on information and Documents in Plaintiff's possession, custody, or control at this time; Plaintiffs note that this Action is in the early stages of discovery and reserves the right to supplement or modify the Responses based upon any information or Documents that may later be recalled, discovered, or produced.

No incidental or implied admissions are intended in these Responses. Plaintiffs' Responses to all or any part of the Requests should not be taken as an admission that: (i) Plaintiffs accept or admit the existence of any fact(s) set forth or assumed by the Request; (ii) Plaintiffs have in their possession, custody, or control any document responsive to the Request; or (iii) Plaintiffs' Responses constitute admissible evidence. Plaintiffs' Responses to all or any part of any Request is not intended to be, and shall not be, a waiver by Plaintiffs of all or any part of their objection(s) to that Request.

1

## OBJECTIONS TO DEFINITIONS

1.      Plaintiffs object to the Definitions to the extent they purport to require a search for or production of information or documents beyond what is required by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Nevada.

2.      Plaintiffs object to the proposed definition of "Document" to the extent it is inconsistent with or broader than Federal Rule of Civil Procedure 34(a)(1)(A). Plaintiffs have and will interpret the use of the term "Document" in a manner consistent with Federal Rule of Civil Procedure 34(a)(1)(A).

3.      Plaintiffs object to the definition of "You," and "Your" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it purports to include persons other than Marilyn Ezzes, Jeffrey A. Davies and Michael Salbenblatt themselves such as "any of their agents, employees, contractors, representatives , [sic] unless privileged, attorneys (unless privileged), and any other Person acting or purporting to act on their behalf." Plaintiffs specifically object to the proposed definition of "You" and "Your" insofar as it encompasses all documents and communications obtained and created by Plaintiffs' attorneys in this Action. Plaintiffs construe "You" or "Your" as meaning Marilyn Ezzes, Jeffrey A. Davies and Michael Salbenblatt themselves.

## OBJECTIONS TO PREAMBLE

1.      Plaintiffs object to the Preamble purporting to instruct Plaintiffs generally to the extent it would require the search for or production of information or documents beyond what is required by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Nevada.

2.      Plaintiffs object to the Preamble to the extent it is inconsistent with any ESI protocol that the parties may agree to.

3.      Plaintiffs object to Preamble paragraph No. 1 to the extent it would require Plaintiffs or their attorneys to produce materials subject to the attorney-client privilege and/or the work product doctrine or alter or create any document.

2

4.    Plaintiffs object to Preamble paragraph No. 2 to the extent it would require Plaintiffs or their attorneys to produce materials subject to the attorney-client privilege and/or the work product doctrine, create any privilege log in a manner inconsistent with Fed. R. Civ. P. 26(b)(5)(A)(ii), or provide any privilege log prior to the substantial completion of discovery.

5.    Plaintiffs object to Instruction No. 3 to the extent it requires them to respond to requests drafted without reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A). Plaintiffs will interpret ambiguities in Defendants' Requests in good faith and will agree to meet and confer regarding the scope of Defendants' Requests. Plaintiffs will not presume the meanings of and rewrite discovery requests whose meanings cannot reasonably be discerned.

6.    Plaintiffs object to Preamble paragraph No. 4 to the extent it would require Plaintiffs or their attorneys to produce materials subject to the attorney-client privilege and/or the work product doctrine or alter or create any document.

7.    Plaintiffs object to Preamble paragraph No. 5 to the extent it would require Plaintiffs or their attorneys to produce materials subject to the attorney-client privilege and/or the work product doctrine or alter or create any document.

8.    Plaintiffs object to Preamble paragraph No. 6 to the extent it purports to require Plaintiffs or their attorneys to produce materials subject to the attorney-client privilege and/or the work product doctrine, or to alter or create any document setting forth their understanding of the relevant facts as it develops in the course of discovery. Plaintiffs aver that they will reasonably supplement, modify or amend their responses or objections contained herein if they become aware of new documents or additional information that would implicate the accuracy or completeness of such responses or objections.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST FOR PRODUCTION NO. 1:**

All documents and communications relied upon, discussed, identified or referenced in Your responses to the Defendants' First Set of Interrogatories to Plaintiffs, served on May 23, 2025 in this Action.

3

**RESPONSE TO REQUEST NO. 1:**

Plaintiffs object to Request No. 1 as overly broad, unduly burdensome, and disproportional to the needs of the case to the extent it seeks publicly available documents sufficiently described in the complaints or information readily discernable from Plaintiffs' Initial Disclosures. Plaintiffs further object to Request No. 1 because the phrase "discussed, identified or referenced" is vague, ambiguous, and fails to specifically describe or reasonably particularize the category of items sought to be produced. Plaintiffs further object to Request No. 1 to the extent it seeks or requires the disclosure of information or documents which are protected from discovery by the attorney-client privilege and/or the work product doctrine.  Plaintiffs are withholding Documents on this basis.

**REQUEST FOR PRODUCTION NO. 2:**

All documents You received from the Former Employees that relate to this Action, the allegations in the Complaint, or the allegations in the Prior Complaints.

**RESPONSE TO REQUEST NO. 2:**

Plaintiffs object to Request No. 2 as overly broad, unduly burdensome, and disproportional to the needs of the case to the extent it seeks documents not within the possession, custody, or control of Plaintiffs, documents in the possession, custody, or control of Defendants, or publicly available documents readily available to Defendants.  Plaintiffs further object to the Request No. 2 as overly broad, unduly burdensome, disproportional to the needs of the case to the extent they seek information that is not relevant to the parties' claims or defenses. Plaintiffs further object to Request No. 2 to the extent it seeks or requires the disclosure of information or documents which are protected from discovery by the attorney-client privilege and/or work product doctrine. To the extent that any responsive documents may exist, Plaintiffs are withholding Documents on this basis.

**REQUEST FOR PRODUCTION NO. 3:**

All documents You received from any other Person, excluding the Former Employees, that relate to this Action, the allegations in the Complaint, or the allegations in the Prior Complaints.

**RESPONSE TO REQUEST NO. 3:**

Plaintiffs object to Request No. 3 as overly broad, unduly burdensome, and disproportional to the needs of the case to the extent it seeks documents not within the possession, custody, or control

4

of Plaintiffs, documents in the possession, custody, or control of Defendants, or publicly available documents readily available to Defendants.  Plaintiffs further object to Request No. 3 as overly broad, unduly burdensome, disproportional to the needs of the case to the extent they seek information that is not relevant to the parties' claims or defenses. Plaintiffs further object to Request No. 3 to the extent it seeks or requires the disclosure of information or documents which are protected from discovery by the attorney-client privilege and/or work product doctrine.  To the extent that any responsive documents may exist, Plaintiffs are withholding Documents on this basis.

**REQUEST FOR PRODUCTION NO. 4:**

All communications You received from the Former Employees that relate to this Action, the allegations in the Complaint, or the allegations in the Prior Complaints.

**RESPONSE TO REQUEST NO. 4:**

Plaintiffs object to Request No. 4 as overly broad, unduly burdensome, and disproportional to the needs of the case to the extent it seeks documents not within the possession, custody, or control of Plaintiffs, documents in the possession, custody, or control of Defendants, or publicly available documents readily available to Defendants.  Plaintiffs further object to Request No. 4 as overly broad, unduly burdensome, disproportional to the needs of the case to the extent they seek information that is not relevant to the parties' claims or defenses. Plaintiffs further object to Request No. 4 to the extent it seeks or requires the disclosure of information or documents which are protected from discovery by the attorney-client privilege and/or work product doctrine.  To the extent that any responsive documents may exist, Plaintiffs are withholding Documents on this basis.

**REQUEST FOR PRODUCTION NO. 5:**

All communications You received from any other Person, excluding the Former Employees, that relate to this Action, the allegations in the Complaint, or the allegations in the Prior Complaints.

**RESPONSE TO REQUEST NO. 5:**

Plaintiffs object to Request No. 5 as overly broad, unduly burdensome, and disproportional to the needs of the case to the extent it seeks documents not within the possession, custody, or control of Plaintiffs, documents in the possession, custody, or control of Defendants, or publicly available documents readily available to Defendants.  Plaintiffs further object to Request No. 5 as overly

broad, unduly burdensome, disproportional to the needs of the case to the extent they seek information that is not relevant to the parties' claims or defenses. Plaintiffs further object to Request No. 5 to the extent it seeks or requires the disclosure of information or documents which are protected from discovery by the attorney-client privilege and/or work product doctrine.  To the extent that any documents may exist, Plaintiffs are withholding Documents on this basis.

**REQUEST FOR PRODUCTION NO. 6:**

All communications between You, or anyone acting on Your behalf, and the Former Employees related to this Action, the allegations in the Complaint, or the allegations in the Prior Complaints.

**RESPONSE TO REQUEST NO. 6:**

Plaintiffs object to Request No. 6 as overly broad in scope, unduly burdensome, disproportional to the needs of the case, and not relevant to the extent it seeks documents irrelevant to any of the claims or defenses at issue in this action. Plaintiffs further object to Request No. 6 to the extent it seeks or requires the disclosure of information or documents which are protected from discovery by the attorney-client privilege and/or work product doctrine.  To the extent that any responsive documents may exist, Plaintiffs are withholding Documents on this basis.

**REQUEST FOR PRODUCTION NO. 7:**

All documents, including notes, memoranda, recordings, or other documentation containing, summarizing, or relating to information provided to You by the Former Employees.

**RESPONSE TO REQUEST NO. 7:**

Plaintiffs object to Request No. 7 as overly broad in scope, unduly burdensome, disproportional to the needs of the case, and not relevant to the extent it seeks documents irrelevant to any of the claims or defenses at issue in this action. Plaintiffs further object to Request No. 7 to the extent it seeks or requires the disclosure of information or documents which are protected from discovery by the attorney-client privilege and/or work product doctrine.  To the extent that any responsive documents may exist, Plaintiffs are withholding Documents on this basis.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and communications in Your possession, custody or control that support the Former Employees' allegations in the Complaint.

**RESPONSE TO REQUEST NO. 8:**

Plaintiffs object to Request No. 8 as overly broad, unduly burdensome, and disproportional to the needs of the case to the extent it seeks documents not within the possession, custody, or control of Plaintiffs, documents in the possession, custody, or control of Defendants, or publicly available documents readily available to Defendants.  Plaintiffs object to Request No. 8 as overly broad in scope, unduly burdensome, disproportional to the needs of the case, and not relevant to the extent it seeks documents irrelevant to any of the claims or defenses at issue in this action. Plaintiffs further object to Request No. 8 to the extent it seeks or requires the disclosure of information or documents which are protected from discovery by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, to the extent they exist, Plaintiffs will conduct a reasonable search of nonprivileged, responsive documents in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 9:**

All nonprivileged documents and communications reflecting any efforts by You, or Your counsel, to verify the information provided by the Former Employees and their allegations in the Complaint.

**RESPONSE TO REQUEST NO. 9:**

Plaintiffs object to Request No. 9 as overly broad, unduly burdensome, and disproportional to the needs of the case to the extent it seeks documents not within the possession, custody, or control of Plaintiffs, documents in the possession, custody, or control of Defendants, or publicly available documents readily available to Defendants.  Plaintiffs object to Request No. 9 as overly broad in scope, unduly burdensome, disproportional to the needs of the case, and not relevant to the extent it seeks documents irrelevant to any of the claims or defenses at issue in this action. Plaintiffs further object to Request No. 9 to the extent it seeks or requires the disclosure of information or documents

which are protected from discovery by the attorney-client privilege and/or work product doctrine. Plaintiffs are withholding Documents on this basis.

**REQUEST FOR PRODUCTION NO. 10:**

All communications or documents in Your possession, custody or control that support FE 5's allegations in Paragraphs 65 and 66 of the Complaint that the Defendants "were aware of the inventory and software problems . . . and participated in periodic conference calls . . .", and "were routinely copied on various emails in which inventory problems were discussed."

**RESPONSE TO REQUEST NO. 10:**

Plaintiffs object to Request No. 10 as overly broad, unduly burdensome, and disproportional to the needs of the case to the extent it seeks documents not within the possession, custody, or control of Plaintiffs, documents in the possession, custody, or control of Defendants, or publicly available documents readily available to Defendants. Plaintiffs object to Request No. 10 as overly broad in scope, unduly burdensome, disproportional to the needs of the case, and not relevant to the extent it seeks documents irrelevant to any of the claims or defenses at issue in this action. Plaintiffs further object to Request No. 10 to the extent it seeks or requires the disclosure of information or documents which are protected from discovery by the attorney-client privilege and/or work product doctrine. Plaintiffs are withholding Documents on this basis.

**REQUEST FOR PRODUCTION NO. 11:**

Any document or communication that You may rely upon or introduce at a hearing, proceeding, and/or trial in this matter.

**RESPONSE TO REQUEST NO. 11:**

Plaintiffs object to Request No. 11 as overly broad, unduly burdensome, and disproportional to the needs of the case to the extent it seeks documents not within the possession, custody, or control of Plaintiffs, documents in the possession, custody, or control of Defendants, or publicly available documents readily available to Defendants. Plaintiffs further object to Request No. 11 to the extent it seeks or requires the disclosure of information or documents which are protected from discovery by the attorney-client privilege and/or work product doctrine.

8

Subject to and without waiving the foregoing objections, Plaintiffs will produce, at a reasonable time in advance of any hearing, proceeding or trial in this matter, any nonprivileged documents intended to be relied upon or introduced during the pendency of this Action.

Dated:  June 23, 2025                              By:  */s/ Casey E. Sadler*

**GLANCY PRONGAY & MURRAY LLP**
Casey E. Sadler
Charles H. Linehan (*pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
csadler@glancylaw.com
clinehan@glancylaw.com

*Lead Counsel for Lead Plaintiffs*

**MUEHLBAUER LAW OFFICE, LTD.**
Andrew R. Muehlbauer
Nevada Bar No. 10161
7915 West Sahara Ave., Suite 104
Las Vegas, Nevada 89117
Telephone: (702) 330-4505
Facsimile: (702) 825-0141
andrew@mlolegal.com

*Liaison Counsel for Lead Plaintiffs*

**BLOCK & LEVITON LLP**
Jeffrey C. Block (*pro hac vice*)
260 Franklin Street, Suite 1860
Boston, MA 02110
Telephone: (617) 398-5600
Facsimile: (617) 507-6020
jeff@blockleviton.com

*Counsel for Additional Plaintiff Michael F. Salbenblatt*

9

Andrew R. Muehlbauer
Nevada Bar No. 10161
**MUEHLBAUER LAW OFFICE, LTD.**
7915 West Sahara Ave., Suite 104
Las Vegas, Nevada 89117
Telephone: (702) 330-4505
Facsimile: (702) 825-0141
andrew@mlolegal.com

Casey E. Sadler
Charles H. Linehan (*pro hac vice*)
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
csadler@glancylaw.com
clinehan@glancylaw.com

*Lead Counsel for Lead Plaintiffs*

*(Additional counsel on the signature page)*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| MARILYN EZZES, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VINTAGE WINE ESTATES, INC., PATRICK RONEY, KATHERINE DEVILLERS, and KRISTINA JOHNSTON,<br><br>Defendants. | Case No. 2:22-cv-01915-GMN-DJA<br><br>**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES** |

Pursuant to Fed. R. Civ. P. 26 and 34, Lead Plaintiffs Marilyn Ezzes and Jeffrey A. Davies, together with additional Plaintiff Michael F. Salbenblatt ("Plaintiffs") hereby submit their responses and objections to Defendants Patrick Roney, Katherine DeVillers, and Kristina Johnston's (collectively, "Defendants") First Set of Interrogatories dated May 23, 2025 (the "Interrogatories").

### PRELIMINARY STATEMENT

Plaintiffs' Responses to the Interrogatories, set forth below, are provided without prejudice to Plaintiffs' rights at trial or other proceedings, and Plaintiffs therefore reserve their rights to object to: (i) the use of these Responses on the basis of privilege, relevancy, materiality, admissibility, or any other applicable objection; or (ii) any other demand for discovery involving or relating to the matters raised in the Interrogatories or the information produced in response to the Requests. Any production pursuant to the Interrogatories shall not include any documents protected by the attorney-client privilege, the work-product doctrine, the right to privacy, or any other applicable privilege or immunity. Inadvertent production of any such document is not intended to be, and shall not operate as, a waiver of any applicable privilege, protection or immunity, in whole or in part.

Additionally, Plaintiffs' Responses to the Interrogatories are made based on information in Plaintiffs' possession, custody, or control at this time; Plaintiffs note that this Action is in the early stages of discovery and reserves the right to supplement or modify the Responses based upon any information that may later be recalled or discovered.

### OBJECTIONS TO DEFINITIONS

1. Plaintiffs object to the Definitions to the extent they purport to require a search for or production of information or documents beyond what is required by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Nevada.

2. Plaintiffs specifically object to the proposed definition of "Document" to the extent it is inconsistent with or broader than Federal Rule of Civil Procedure 34(a)(1)(A). Plaintiffs have and will interpret the use of the term "Document" in a manner consistent with Federal Rule of Civil Procedure 34(a)(1)(A).

3. Plaintiffs object to the definition of "You," and "Your" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it purports to include

1

persons other than Marilyn Ezzes, Jeffrey A. Davies and Michael Salbenblatt themselves such as "any of their agents, employees, contractors, representatives, attorneys (unless privileged), and any other Person acting or purporting to act on their behalf." Plaintiffs specifically object to the proposed definition of "You" and "Your" insofar as it encompasses all documents and communications obtained and created by Plaintiffs' attorneys in this Action. Plaintiffs construe "You" or "Your" as meaning each of Plaintiffs themselves.

## OBJECTIONS TO INSTRUCTIONS

1.    Plaintiffs object to the Instructions generally to the extent they would require the search for or production of information or documents beyond what is required by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Nevada.

2.    Plaintiffs object to the Instructions to the extent it would require Plaintiffs or their attorneys to produce materials subject to the attorney-client privilege and/or the work product doctrine, provide information beyond the knowledge of Plaintiffs themselves.

3.    Plaintiffs object to Instruction No. 4 to the extent that it calls for Plaintiffs to provide a narrative summarizing or recapitulating the allegations contained in the Second Consolidated Amended Class Action Complaint, as well as to the extent it converts any of the Interrogatories into untimely or otherwise improper contention interrogatories.

4.    Plaintiffs object to Instruction No. 5 to the extent that it calls for Plaintiffs to summarize or recapitulate information set forth in Plaintiffs Initial Disclosures.

5.    Plaintiffs object to Instruction No. 6 to the extent it would require Plaintiffs or their attorneys to produce materials subject to the attorney-client privilege and/or the work product doctrine.

6.    Plaintiffs object to Instruction No. 7 to the extent it purports to impose any obligation to create or draft additional documents or information contextualizing any documents or information that may be produced in the course of discovery. Plaintiffs also object to the extent Instruction No. 7 would require Plaintiffs or their attorneys to produce materials subject to the attorney-client privilege and/or the work product doctrine.

2

7.       Plaintiffs object to Instruction No. 8 to the extent that it calls for Plaintiffs to provide a narrative summarizing or recapitulating the allegations contained in the Second Consolidated Amended Class Action Complaint, as well as to the extent it converts any of the Interrogatories into untimely or otherwise improper contention interrogatories.

8.       Plaintiffs object to Instruction No. 9 to the extent it is vague as to the time of delivery of any privilege log. Plaintiffs shall provide any privilege log pursuant to Fed. R. Civ. P. 26(b)(5)(A)(ii) upon the substantial completion of discovery.

9.       Plaintiffs object to Instruction Nos. 2, 3, 8, 10, 13, 15, and 17 to the extent it requires them to respond to requests drafted without reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A). Plaintiffs will interpret ambiguities in Defendants' Requests in good faith and will agree to meet and confer regarding the scope of Defendants' Requests. Plaintiffs will not presume the meanings of and rewrite discovery requests whose meanings cannot reasonably be discerned.

## SPECIFIC RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 1**

Identify each Former Employee referred to in the Complaint and state the corresponding number by which the Former Employee was designated. For each Former Employee, please provide his or her:

a)  Full name;

b) Last known address;

c)  E-mail(s);

d) Phone number(s); and

e) Any other contact information or identifying information.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiffs object to Interrogatory No. 1 as overly broad, unduly burdensome, and disproportional to the needs of the case to the extent it seeks information sufficiently described in the operative complaint in this action and Plaintiffs' Initial Disclosures, information more readily available to Defendants, or information readily available from publicly available documents. Plaintiffs further object to Interrogatory No. 1 to the extent it seeks or requires the disclosure of

3

information or documents which are protected from discovery by the attorney-client privilege and/or the work product doctrine. Plaintiffs further object to Interrogatory to No. 1 because the phrase "other contact information or identifying information" is vague and ambiguous. This request explicitly and solely calls for the disclosure of information protected by attorney-client privilege and/or the work product doctrine, and Plaintiffs are unwilling to waive their protections.

Plaintiffs refer Defendants to Plaintiffs' Initial Disclosures.

**INTERROGATORY NO. 2:**

For each Former Employee, identify and describe in detail all communications, whether oral or written, that You, or anyone acting on Your behalf, had with the Former Employee. For each communication, please identify:

a)  The date(s), time(s), and place(s) of the communication(s);

b) The identity of all Persons present or involved in the communication(s), including their names, contact information, and relationship to the parties in this Action;

c) The substance of each communication, including a summary of what was discussed or conveyed, including any statements made by You;

d) The method of communication (e.g., telephone, email, in-person meeting, letter, etc.); and

e) Any documents, recordings, emails, or other tangible items that memorialize, reference, or relate to each communication.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiffs object to Interrogatory No. 2 as overly broad, unduly burdensome, and disproportional to the needs of the case to the extent it purports to require the composition of a document outlining the investigatory notes, memoranda, and mental impressions of Plaintiffs' counsel or the disclosure of other information or documents which are protected from discovery by the attorney-client privilege and/or work product doctrine. This request explicitly and solely calls for the disclosure of information protected by attorney-client privilege and/or the work product doctrine, and Plaintiffs are unwilling to waive their protections.

4

**INTERROGATORY NO. 3:**

With respect to FE 5's allegations in Paragraphs 65 and 66 of the Complaint that the Defendants "were aware of the inventory and software problems . . . and participated in periodic conference calls . . .", and "were routinely copied on various emails in which inventory problems were discussed", identify and describe:

a)  The date(s) and time(s) of the alleged conference calls and emails;

b) The identity of all Persons present or included in the alleged conference calls and emails;

c)  A summary of the discussions; and

d) Any supporting documents or communications in Your possession, custody or control that support the allegations in Paragraphs 65 and 66 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiffs object to Interrogatory No. 3 as overly broad, unduly burdensome, and disproportional to the needs of the case to the extent it purports to seek information readily discernable from documents in the possession, custody, or control of Defendants, or publicly available documents readily available to Defendants.  Plaintiffs further object to Interrogatory No. 3 as overly broad, unduly burdensome, and disproportional to the needs of the case to the extent it purports to require the composition of a document outlining the investigatory notes, memoranda, and mental impressions of Plaintiffs' counsel or the disclosure of other information or documents which are protected from discovery by the attorney-client privilege and/or work product doctrine. This request explicitly and solely calls for the disclosure of information protected by attorney-client privilege and/or the work product doctrine, and Plaintiffs are unwilling to waive their protections.

**INTERROGATORY NO.4:**

Identify every Person who provided documents or information used in the preparation of Your responses to any of Defendants' discovery requests in this Action.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiffs object to Interrogatory No. 4 as overly broad, unduly burdensome, and disproportional to the needs of the case to the extent it purports to require the composition of a document outlining the investigatory notes, memoranda, and mental impressions of Plaintiffs'

counsel or the disclosure of other information or documents which are protected from discovery by the attorney-client privilege and/or work product doctrine.  This request explicitly and solely calls for the disclosure of information protected by attorney-client privilege and/or the work product doctrine, and Plaintiffs are unwilling to waive their protections.

Dated:  June 23, 2025                              By:  */s/ Casey E. Sadler*

**GLANCY PRONGAY & MURRAY LLP**
Casey E. Sadler
Charles H. Linehan (*pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
csadler@glancylaw.com
clinehan@glancylaw.com

*Lead Counsel for Lead Plaintiffs*

**MUEHLBAUER LAW OFFICE, LTD.**
Andrew R. Muehlbauer
Nevada Bar No. 10161
7915 West Sahara Ave., Suite 104
Las Vegas, Nevada 89117
Telephone: (702) 330-4505
Facsimile: (702) 825-0141
andrew@mlolegal.com

*Liaison Counsel for Lead Plaintiffs*

**BLOCK & LEVITON LLP**
Jeffrey C. Block (*pro hac vice*)
260 Franklin Street, Suite 1860
Boston, MA 02110
Telephone: (617) 398-5600
Facsimile: (617) 507-6020
jeff@blockleviton.com

*Counsel for Additional Plaintiff Michael F. Salbenblatt*

6

# EXHIBIT C



**Joseph G. Adams**
O 602.382.6207  |  F 602.382.6070
jgadams@swlaw.com

July 2, 2025

<u>**Via Email Only**</u>

Casey E. Sadler
Glancy Prongay & Murray LLP
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
csadler@glancylaw.com

> **Re:**     ***Marilyn Ezzes v. Vintage Wine Estates, Inc., et al.***
> **Case No. 2:22-cv-01915-GMN-DJA**
> **Meet & Confer Request Re Responses to Defendants' First Set of Interrogatories**
> **and Requests for Production of Documents**

Dear Casey,

This letter addresses Plaintiffs' deficient discovery responses to Defendants' First Set of Interrogatories and Requests for Production of Documents served on May 23, 2025 (the "Discovery Requests").[1] We further request a meet and confer pursuant to Local Rule IA 1-3(f).

Before addressing Plaintiffs' individual responses to Defendants' requests for production ("RFP") and interrogatories ("ROG"), we want to address two boilerplate objections that Plaintiffs repeatedly make in their responses.

First, Plaintiffs' objections that Defendants' RFPs and ROGs are overly broad and unduly burdensome lack merit. The notion that requests are unduly burdensome because the information or documents requested are readily available by other means has been rejected by the courts. *See e.g., Hill v. Gonzalez*, 2015 WL 1657781, at \*6 (E.D. Cal. Apr. 14, 2015) (overruling defendant's objection to producing documents because they are equally available to the plaintiff and holding that requiring the defendant "to produce any and all documents relating to the events at issue is not unduly burdensome"); *Cook v. San Bernardino Cnty. Sheriffs Deputies*, No. 2019 WL 8645856, at \*3 (C.D. Cal. Dec. 12, 2019) ("To the extent plaintiff claims he is absolved of his discovery obligations because defendants may have the responsive documents, the court disagrees. . . . As such, plaintiff must produce responsive documents in his possession, custody, or control, regardless of whether he believes defendants already have these documents."); *Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal. 1996) (rejecting the defendant's objection to producing documents he claims the plaintiff already possessed and ordering the defendant "to

---

[1] Capitalized terms not defined herein have the meaning set forth in Defendants' Discovery Requests.

# SNELL & WILMER

Casey E. Sadler
Glancy Prongay & Murray LLP
July 2, 2025
Page 2

produce documents he has in his possession, custody or control, regardless of whether he believes plaintiff already has those documents."); *Andreoli v. Youngevity Int'l, Inc.*, 2018 WL 6334284, at *9 (S.D. Cal. Dec. 5, 2018) (finding that plaintiff's objection to producing emails because they were already in defendants' possession was "without merit."); *Becker v. Kikiktagruk Inupiat Corp.*, WL 10705060, at *2 (D. Alaska Oct. 20, 2009) (A "party cannot refuse to respond to a discovery request on the ground that the requested information is in the possession of the requesting party"). Moreover, Plaintiffs' assertion that the documents and information requested are readily available to Defendants or in Defendants' possession, custody, or control is not true. The fact that Defendants do not have the documents and information requested is the reason for Defendants' RFPs and ROGs.

Second, in response to each of Defendants' RFPs and ROGs, Plaintiffs assert the documents and information requested are protected by the attorney-client privilege and/or work product privilege. But Plaintiffs have not produced a privilege log or otherwise provided any information sufficient for Defendants to assess and challenge Plaintiffs' claimed entitlement to withhold information and documents pursuant to such privilege/doctrine, as required by Fed. R. Civ. P. 26(b)(5). Accordingly, Plaintiffs' baseless privilege objections are improper and may be viewed as a waiver of any asserted privilege or protection. *See Clarke v. Am. Com Nat'l Bank,* 974 F.2d 127, 129 (9th Cir. 1992) (finding a party who withholds discovery materials based on privilege must provide sufficient information to enable the recipient to determine whether the privilege or other protection applies); *see also Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) (finding a blanket privilege objection is improper); *Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 638 (D. Nev. 2013) ("The Advisory Committee notes to Rule 26(b)(5) make clear that [] withholding otherwise discoverable materials on the basis that they are privileged or subject to the work product doctrine without notifying the other parties as provided in Rule 26(b)(5)(A) by describing the nature of the information so as to enable them to assess the claim, '*may* be viewed as a waiver of the privilege or protection.'"); *Eureka Fin. Corp. v. Hartford Acc. & Indem. Co.*, 136 F.R.D. 179, 182-83 (E.D. Cal. 1991) (failure to provide sufficient information may constitute a waiver of the privilege).

Moreover, the majority of Defendants' RFPs and ROGs seek information and documents that Plaintiffs received from the Former Employees. Nowhere in Plaintiffs' responses—or elsewhere—have you indicated that you represent the Former Employees. If, as it appears, you do not represent the Former Employees, then Plaintiffs' reliance on the attorney-client privilege to withhold responsive information is entirely without basis. *See Fisher v. United States*, 425 U.S. 391, 403 (1976) (holding the attorney-client privilege protects "[c]onfidential disclosures by a client to an attorney made in order to obtain legal assistance"). Accordingly, Defendants request that you clarify the scope of your representation and withdraw any objections based on the attorney-client privilege if you do not, in fact, represent the Former Employees.



Casey E. Sadler
Glancy Prongay & Murray LLP
July 2, 2025
Page 3

Lastly, as you are aware, the work product privilege protects work product that reveals the "mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." *See* Rule 26(b)(3)(B); *see also In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.)*, 357 F.3d 900, 906 (9th Cir. 2004); *Kilroy v. L.A. Unified Sch. Dist. Bd. of Educ.*, 2018 WL 6071079, at \*4–5 (C.D. Cal. May 29, 2018).

As further explained below, Defendants do not seek information or documents that reflect Plaintiffs' counsel's mental impressions, legal conclusions, strategies, or theories. Rather, the RFPs and ROGs are directed solely at obtaining factual information relevant to the issues in this case and the allegations asserted by Plaintiffs. *See Laxalt v. McClatchy*, 116 F.R.D. 438, 442 (D. Nev. 1987) ("Work product immunity does not protect the facts which an adverse party may have learned or the persons from whom such facts were garnered.") (internal citations omitted); *see also In re Alexander Grant & Co. Litigation,* 110 F.R.D. 545, 548 (S.D. Fla.1986) (work product privilege does not apply to underlying facts which can be explored during a deposition); *In re Dayco Corp. Derivative Securities Litigation,* 99 F.R.D. 616, 624 (S.D. Ohio 1983) (facts upon which allegations are based are discoverable without work product protections); *Xerox Corp. v. International Business Machines Corp.,* 64 F.R.D. 367, 381 (S.D.N.Y. 1974) (nonprivileged facts could not be hidden from discovery).

### A. Plaintiff's  Deficient Responses to Defendants' ROGs

**ROG No. 1** requests that Plaintiffs "[i]dentify each Former Employee referred to in the Complaint and state the corresponding number by which the Former Employee was designated."

First, Plaintiffs object on the basis that the request is overly broad and unduly burdensome to the extent the request seeks information described in the Complaint and Plaintiffs' Initial Disclosures and/or the information is readily available to Defendants. For the reasons explained above, this objection is not well taken. The Complaint does not identify the six Former Employees by name, and directing Defendants to Plaintiff's Initial Disclosures is unreasonable, as Plaintiffs have listed approximately 70 witnesses in their Initial Disclosures that may have relevant factual information. *See In re Harmonic, Inc. Securities Litigation*, 245 F.R.D. 424, 428 (N.D. Cal. 2007) (finding plaintiff's argument that defendants could determine the identity of confidential witnesses through taking the deposition of over 77 individuals disclosed on plaintiff's witness list was unreasonable and unduly burdensome).

Second, we disagree that the phrase "other contact information or identifying information" is vague and ambiguous. *See Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 618-19 (D. Colo. 2007) ("Parties have an 'obligation to construe ... discovery requests

**SNELL**
**& WILMER**

Casey E. Sadler
Glancy Prongay & Murray LLP
July 2, 2025
Page 4

in a reasonable manner.'"). However, for the avoidance of further dispute on this issue, please construe "contact information or identifying information" as limited to phone numbers, e-mail addresses, and physical addresses of the Former Employees in Plaintiffs' possession, custody, or control.

Lastly, Plaintiffs' objection to disclosing the identity of the Former Employees pursuant to the attorney-client privilege and/or work product doctrine is not well taken. The majority of courts have held that the identity of confidential witnesses specifically referenced in a securities class action complaint do not constitute work product.[2] *See, e.g.*, *In re Faro Technologies Securities Litigation*, 2008 U.S. Dist. Lexis 4789, at *6–7 (M.D. Fla. Jan. 23, 2008); *In re Harmonic, Inc. Securities Litigation*, 245 F.R.D. at 427–28; *Brody v. Zix Corp.*, 2007 WL 1544638, at *1–2 (N.D. Tex. May 25, 2007); *Mazur v. Lampert*, 2007 WL 917271, at *6 (S.D. Fla. March 25, 2007); *Miller v. Ventro Corp.*, 2004 WL 868202, at *2 (S.D. Cal. April 21, 2004).

Moreover, even if the Former Employees' identities were protected work product, Fed. R. Civ. P. 26(b)(3)(A)(ii) allows for disclosure if the information is otherwise discoverable and there is a substantial need for the information. Defendants cannot, without undue hardship, obtain substantially equivalent information by other means. *See In re Harmonic, Inc. Securities Litigation*, 245 F.R.D. at 429 (finding defendants' need for the identity of the confidential witnesses "would overcome the *de minimis* work product under the balancing process between the work product interest and the interest in discovery").

Please confirm that you will withdraw your objections to ROG No. 1 and identify the Former Employees (*i.e.*, confidential witnesses).

**ROG No. 2** requests that Plaintiffs identify and describe "all communications, whether oral or written, that [Plaintiffs], or anyone acting on [Plaintiffs] behalf, had with the Former Employee[s]."

---

[2]   While there are a few cases that have held the identity of confidential witnesses constitute protected work product, the courts in those cases interpreted the interrogatory at issue as seeking disclosure of all witnesses the plaintiffs interviewed. Here, ROG No. 1 seeks only the identity of the six Former Employees specifically referenced in the Complaint. *See In re MTI Technology Corp. Securities Litigation II*, 2002 U.S. Dist. LEXIS 13015 (C.D. Cal. June 13, 2002); *see also In re Ashworth, Inc., Securities Litigation*, 213 F.R.D. 385 (S.D. Cal. 2002); *Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Sys., Inc.* 2025 WL 1459555 (N.D. Cal. June 21, 2005). Moreover, the majority of courts seem to disfavor the "hide the witness" approach, as "the information will inevitably be disclosed and earlier disclosure does not compromise [p]aintiff's strategic or tactical position." *In re Harmonic, Inc. Securities Litigation*, 245 F.R.D. at 428.



Casey E. Sadler
Glancy Prongay & Murray LLP
July 2, 2025
Page 5

Plaintiffs have objected on the grounds that the request is overly broad and privileged insofar as it seeks investigatory notes, memoranda, or the mental impressions of Plaintiffs' counsel. As noted above, Defendants do not seek to obtain counsel's notes, summaries, impressions, or legal conclusions. To avoid further dispute and clarify the scope of the request, Defendants seek only factual information concerning Plaintiffs' meetings with the Former Employees, including the substance of statements made by the Former Employees, the identity of Persons present, and the method of communication. *Lifewise Master Funding v. Telebank,* 206 F.R.D. 298, 303 (D. Utah 2002) ("Because the work product doctrine is intended only to guard against divulging the attorney's strategies and legal impressions, it does not protect facts concerning the creation of work product or facts within the product.")

Moreover, Defendants take issue with Plaintiffs' blanket assertion that the information requested is protected by the attorney-client privilege. As noted above, it is unclear how the attorney-client privilege could apply unless Plaintiffs' counsel represents the Former Employees. Accordingly, Defendants respectfully request that Plaintiffs' counsel clarify the scope of its representation in this matter and provide sufficient information to allow Defendants to assess and, if necessary, challenge Plaintiffs' privilege objections.

The same deficiencies explained above apply to Plaintiffs' responses and objections to **ROG No. 3**, which requests that Plaintiffs identify the factual circumstances surrounding FE 5's allegations in Paragraphs 65 and 66 of the Complaint, including the dates and times of the alleged conference calls between FE 5 and Defendants, the persons involved, and a summary of the discussions, and documents or communications that support FE 5's allegations in the Complaint.

Plaintiffs' refusal to respond to ROG No. 3 on the basis that the request "solely calls for the disclosure of information protected by the attorney-client privilege and/or the work product doctrine" is misguided and improper. ROG No. 3 seeks purely factual information related to Plaintiffs allegations in Paragraphs 65 and 66 of the Complaint. *See Strauss v. Credit Lyonnais, S.A.*, 242 F.R.D. 199, 230 (E.D. N.Y. 2007) ("Work product protection typically applies only to 'documents and tangible things,' and not to facts within the documents."); *ECDC Envtl., L.C. v. New York Marine and Gen. Ins. Co.,* 1998 WL 614478, at *16 (S.D.N.Y. June 4, 1998) ("[B]ecause the work product privilege does not protect facts in that document (the privilege protects documents, not facts), the party seeking those facts may obtain them through [means other than document requests], such as through depositions and interrogatories."); *Marcin Eng'g, LLC. v. Founders at Grizzly Ranch, LLC.,* 219 F.R.D. 516, 525 (D. Colo. 2003) ("[The work-product doctrine] does not apply to facts underlying or contained in such documents [prepared in anticipation of litigation]."); *In re Bank One Sec. Litig.,* 209 F.R.D. 418, 423 (N.D. Ill. 2002) ("Factual information



Casey E. Sadler
Glancy Prongay & Murray LLP
July 2, 2025
Page 6

may not be withheld under the work-product doctrine, but must be produced through interrogatories, depositions or other discovery.").

Plaintiffs cannot simultaneously place allegations at issue in their Complaint and then shield the underlying factual basis for those allegations by asserting baseless attorney-client privilege and/or work product privilege objections. The factual underpinnings of FE 5's allegations (including who, what, when, and where) does not reveal the mental impressions, conclusions, opinions, or legal theories of Plaintiffs' counsel.

Lastly, **ROG No. 4** seeks the identity of individuals who assisted in or provided documents for the preparation of Plaintiffs' responses to Defendants' discovery requests in this Action. Plaintiffs' objection based on the attorney-client privilege and/or the work product doctrine is baseless. Moreover, the request is not overbroad. Defendants simply seek the identity and sources of the documents and information relied upon by Plaintiffs in responding to discovery—information that Plaintiffs are obligated to disclose under Fed. R. Civ. P. 26(a)(1). *See Strauss v. Credit Lyonnais, S.A.*, 242 F.R.D. at 231 (ordering plaintiffs to provide defendants with information that will allow defendants the opportunity to seek documents from the same sources from which plaintiffs obtained documents and information).

For the reasons stated above, Defendants respectfully request that Plaintiffs supplement and amend their responses to Defendants' ROGs.

### B. <u>Plaintiffs' Deficient Responses to Defendants' RFPs</u>

For similar reasons, Defendants take issue with several of Plaintiffs' responses and objections to Defendants' RFPs.

**RFP No. 1** seeks "all documents and communications relied upon, discussed, identified, or referenced in Your responses to the Defendants' First Set of Interrogatories to Plaintiffs, served on May 23, 2025 in this Action."

Plaintiffs responded by objecting on the following grounds: (1) that the request is overbroad and unduly burdensome to the extent it seeks publicly available documents already described in the Complaint or readily discernible from Plaintiffs' Initial Disclosure Statement; (2) that the phrase "discussed, identified, or referenced" is vague and ambiguous; and (3) that the requested information and documents are protected by the attorney-client privilege and/or the work product doctrine.

# SNELL & WILMER

Casey E. Sadler
Glancy Prongay & Murray LLP
July 2, 2025
Page 7

First, Plaintiffs' overbroad and unduly burdensome objection is evasive and improper. It is well-established that an "evasive or incomplete response must be treated as a failure to respond" and where "a party answers requests by stating that the information was already provided, without more, her response is evasive or nonresponsive within the meaning of Rule 37(a)(4)." *Wilson v. Greater Las Vegas Ass'n of Realtors*, 2016 WL 1734082, at *3 (D. Nev. May 2, 2016) (internal quotations omitted). "This is because the discovering party is entitled to know which documents are responsive to which responses." *Id.* "Accordingly, in such cases, the responding party must supplement [her] response to indicate which of the previously disclosed documents are responsive to each request for production." *Id*; *see also Buchanan v. Las Vegas Metro. Police Dep't*, 2012 WL 1640516, at *1 (D. Nev. May 9, 2012) (holding that it is improper, evasive, and nonresponsive to respond to discovery by stating "already provided in disclosures"); *USF Ins. Co. v. Smith's Food & Drug Ctr., Inc.*, 2011 WL 2457655, at *3 (D. Nev. June 16, 2011) (ruling that a response that refers to previously produced documents must "indicate by bates stamp number the specific documents which are responsive to the requests.").

Second, Plaintiffs' vague and ambiguous objection is disingenuous and not well taken. *See King-Hardy v. Bloomfield Bd. of Educ.*, 2002 WL 32506294, at *5 (D. Conn. Dec. 8, 2002) (responding party must give discovery requests a reasonable construction, rather than strain to find ambiguity); *see also McCoo v. Denny's Inc.*, 192 F.R.D. 675, 694 (D. Kan. 2000) ("A party responding to discovery requests should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized ....") (internal quotation marks omitted).

Third, as discussed above, Plaintiffs' invocation of the attorney-client privilege and/or work product doctrine is baseless. Plaintiffs have not provided any information or justification for their assertion of the attorney-client privilege and/or work product doctrine. *See* Fed. R. Civ. P. 26(b)(5); *see also Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) (holding blanket privilege objections are improper). If Plaintiffs are withholding any documents based on the attorney-client privilege and/or the work product doctrine, they must provide sufficient information to enable Defendants to assess and, if necessary, challenge the basis of Plaintiffs' privilege objections.

**RFPs No. 2 – 5** seek all nonprivileged documents and communications Plaintiffs received from the Former Employees and any other Person "related to this Action, the allegations in the Complaint, or the allegations in Prior Complaints."

Plaintiffs responded by objecting on the grounds that the request is overbroad and unduly burdensome to the extent it seeks documents that are either irrelevant or readily available to Defendants. Plaintiffs further objected on the basis that RFP Nos. 2–5 seek documents protected



Casey E. Sadler
Glancy Prongay & Murray LLP
July 2, 2025
Page 8

by the attorney-client privilege and/or the work product doctrine. As stated above, Plaintiffs overbroad and privilege objections are improper.

First, Plaintiffs provided no basis or information to support their objections of overbreadth and relevance. *See Superior Communications v. Earhugger, Inc.*, 257 F.R.D. 215, 217 (C.D. Cal. 2009) ("The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."). Moreover, as noted above, Plaintiffs cannot withhold documents on the basis that the documents are "readily available" to Defendants or in Defendants' "possession, custody, or control."

Second, Plaintiffs have arguably waived any privilege objection by failing to provide any information for Defendants to determine whether Plaintiffs' "attorney-client privilege" and "work product privilege" objections might apply. Defendants do not seek Plaintiffs' counsel's investigative notes, summaries, recordings, or other documents or communications containing Plaintiffs' counsel's mental impressions, conclusions, opinions, or legal theories. To the extent Plaintiffs continue to withhold documents on the basis of the attorney-client privilege and/or work product doctrine, nothing herein shall be construed as a waiver of Defendants' right to challenge those privilege assertions or as a waiver of Plaintiffs' obligation to comply with Fed. R. Civ. P. 26(b)(5).

**RFP No. 6** seeks "[a]ll communications between You, or anyone acting on Your behalf, and the Former Employees related to this Action, the allegations in the Complaint, or the allegations in the Prior Complaints."

First, Plaintiffs object to RFP No. 6 on the basis the request is overbroad to the extent it seeks irrelevant documents. For the reasons explained above, Defendants overbroad/relevancy objections and attorney-client privilege/work product objections are not well taken. Plaintiffs staved off dismissal of this Action by filing an amended complaint that included allegations by certain Former Employees. Therefore, any non-privileged documents or communications related to, or supporting, the Former Employees' allegations are highly relevant and should be produced.

Second, we take issue with Plaintiffs' assertion that RFP No. 6 seeks documents protected by the attorney-client privilege and/or work product doctrine. First, as noted above, Plaintiffs have not provided any information for Defendants to assess the applicability of any asserted privilege/doctrine, including whether Plaintiffs' counsel represents the Former Employees. Moreover, verbatim statements and/or communications from the Former Employees regarding the factual allegations in Plaintiffs' Amended Complaint do not constitute work product. *See In re JDS Uniphase Corp. Sec. Litig.*, 2025 WL 6296194, at *2 (N.D. Cal. 2025) ("E-mail messages from

# SNELL & WILMER

Casey E. Sadler
Glancy Prongay & Murray LLP
July 2, 2025
Page 9

the witness to counsel . . . must be produced because they are verbatim statements by the witness that reflect the witnesses', not counsel's mental impressions"). For the avoidance of further dispute, please construe RFP No. 6 as seeking <u>only</u> communications you received from the Former Employees related to the factual allegations in Plaintiffs amended complaint.

**RFP No. 7** seeks "[a]ll documents, including notes, memoranda, recordings, or other documents containing, summarizing, or relating to the information provided to You by the Former Employees."

Plaintiffs object to this request on the basis of the attorney-client privilege and/or work product doctrine. As noted above, Plaintiffs have provided no basis for Defendants to assess and/or challenge the applicability of Plaintiffs' privilege assertions. For the avoidance of further dispute, please construe RFP No. 7 as limited to only nonprivileged documents Plaintiffs received from the Former Employees. Defendants do not seek Plaintiffs' counsel's investigative notes, summaries, recordings, or other documents or communications containing Plaintiffs' counsel's mental impressions, conclusions, opinions, or legal theories. To the extent Plaintiffs continue to withhold documents on the basis of the attorney-client privilege and/or work product doctrine, nothing herein shall be construed as a waiver of Defendants' right to challenge those privilege assertions or as a waiver of Plaintiffs' obligation to comply with Fed. R. Civ. P. 26(b)(5).

**RFP No. 9** seeks "[a]ll nonprivileged documents and communications reflecting any efforts by You, or Your counsel, to verify the information provided by the Former Employees and their allegations in the Complaint."

Plaintiffs object to this request on the basis it seeks documents in Defendants' possession, custody, or control, or documents readily available to Defendants. As discussed above, withholding documents on the basis that the documents are in Defendants' possession, custody, or control, or otherwise readily available is improper. Plaintiffs further object that the documents requested are protected by the attorney-client privilege and/or work product doctrine. We take issue with this objection for the reasons already explained herein. However, for the avoidance of further dispute, please construe RFP No. 9 as limited to nonprivileged documents or communications received by the Former Employees. Defendants do not seek Plaintiffs' counsel's investigative notes, summaries, recordings, or other documents or communications containing Plaintiffs' counsel's mental impressions, conclusions, opinions, or legal theories. To the extent Plaintiffs continue to withhold documents on the basis of the attorney-client privilege and/or work product doctrine, nothing herein shall be construed as a waiver of Defendants' right to challenge those privilege assertions or as a waiver of Plaintiffs' obligation to comply with Fed. R. Civ. P. 26(b)(5).

# SNELL & WILMER

Casey E. Sadler
Glancy Prongay & Murray LLP
July 2, 2025
Page 10

**RFP No. 10** seeks "all communications or documents in Your possession, custody, or control that support FE 5's allegations in Paragraphs 65 and 66 of the Complaint that Defendants 'were aware of the inventory and software problems . . . and participated in periodic conference calls . . .,' and 'were routinely copied on various emails in which inventory problems were discussed.'"

The same deficiencies explained above apply to Defendants' overbroad and unduly burdensome and privilege objections in response to RFP No. 10. As noted above, Plaintiffs cannot withhold responsive documents on the grounds that the documents are readily available to Defendants. The documents requested relate specifically to FE 5's allegations in Plaintiffs' Amended Complaint. Any objection that the documents or communications supporting FE 5's statements are not relevant to the claims or defenses at issue is nonsensical. As noted above, Plaintiffs relied on FE 5's allegations to stave off dismissal of their amended complaint. Plaintiffs cannot use FE 5's allegations as a sword and shield. *See* Rule 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . .").

For the reasons stated above, Defendants respectfully request that Plaintiffs supplement and amend their responses to all of these requests no later than July 14, 2025.

If you are unwilling to provide amended responses, please advise of your availability during the week of July 14 for a meet-and-confer to discuss the deficiencies in Plaintiffs' responses. Defendants reserve all rights and do not waive any objections, arguments, or rights available to them.

Regards,

Snell & Wilmer

Joseph G. Adams

cc via email:    rgordon@swlaw.com
andrew@molegal.com
breeve@swlaw.com
zschroeder@swlaw.com
clinehan@glancylaw.com

# EXHIBIT D



**Joseph G. Adams**
O 602.382.6207  |  F 602.382.6070
jgadams@swlaw.com

August 6, 2025

**VIA EMAIL ONLY**
Casey E. Sadler
Glancy Prongay & Murray LLP
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
csadler@glancylaw.com

> **Re:**  *Marilyn Ezzes v. Vintage Wine Estates, Inc., et al.* **Case No. 2:22-cv-01915-GMN-DJA; Response to Plaintiffs' Letter, dated July 14, 2025, regarding Plaintiffs' Deficient Responses to Defendants' First Set of Interrogatories and Requests for Production of Documents**

Dear Casey,

We are in receipt of your letter dated July 14, 2025 (the "Response Letter"), in which you raise various objections to: (1) Defendants' Responses and Objections ("Defendants' Discovery Responses") to Plaintiffs' First Set of Requests for Production of Documents; and  (2) our initial meet and confer letter dated July 2, 2025 (the "Initial Letter"), regarding Plaintiffs' deficient discovery responses to Defendants' Discovery Requests.[1]

Rather than explain Plaintiffs' own failure to provide any substantive discovery responses, your Response Letter raises baseless objections to Defendants' Discovery Responses, Initial Disclosures, and Affirmative Defenses. We respond here to your arguments.

### I.    **Defendants' Discovery Responses**

In the Response Letter, you accuse Defendants of holding Plaintiffs to a double standard and acting in bad faith. Unlike Plaintiffs, Defendants are not withholding any documents based on the objections asserted in Defendants' Discovery Responses. In fact, in response to all of Plaintiffs' Discovery Requests, Defendants indicated they were conducting a reasonable search for responsive documents and would produce the same. *See* Defendants' Discovery Responses to Plaintiffs' RFP Nos. 1-3. Defendants are devoting significant time and resources to reviewing documents and preparing the requested documents for production. Defendants will produce responsive documents in a timely manner upon completion of their review. *See Reinsdorf v. Skechers U.S.A., Inc.,* 296 F.R.D. 604, 615 (C.D. Cal. 2013) ("The discovery process relies upon the good faith and professional obligations of counsel to reasonably and diligently search for and

---

[1] Capitalized terms not defined herein have the meaning set forth in Defendants' Initial Letter.



Casey E. Sadler
Glancy Prongay & Murray LLP
August 6, 2025
Page 2

produce responsive documents. However, while parties must impose a reasonable construction on discovery requests and conduct a reasonable search when responding to the requests, the Federal Rules do not demand perfection . . . . A party may comply in good faith with its discovery obligations and yet there may be supplemental productions . . . .").

To the extent that Defendants withhold any documents based on any general objection or claim of privilege, Defendants will supplement their responses to clearly identify the grounds for any such withholding. Many of our responses specifically construed the requests as calling for the production of non-privileged information. Moreover, Defendants are in the process of creating a privilege log in accordance with Rule 26(b)(5).

It is worth noting that Plaintiffs have asserted attorney-client privilege in discovery without preparing a log. Please confirm that Plaintiffs will also produce a privilege log to the extent they are withholding any documents based on any privilege assertion. Plaintiffs cannot withhold documents based on privilege objections while simultaneously refusing to provide any information to allow Defendants to assess and, if necessary, challenge Plaintiffs' privilege objections. *See* Fed. R. Civ. P. 26(b)(5); *see also Clarke v. Am. Com Nat'l Bank,* 974 F.2d 127, 129 (9th Cir. 1992) (finding a party who withholds discovery materials based on privilege must provide sufficient information to enable the recipient to determine whether the privilege or other protection applies); *see also Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) (finding a blanket privilege objection is improper).

## II.      Defendants' Initial Disclosures and Affirmative Defenses

In the Response Letter, you raise arguments with Defendants' Initial Disclosures and Affirmative Defenses that are both premature and without merit. As you are aware, this case is in the early stages of discovery. A party's disclosure requirements under Rule 26 are ongoing. *See* Fed. R. Civ. P. 26(e) (providing for a party's duty to supplement or correct disclosures). It is unreasonable for Plaintiffs to demand that Defendants amend their disclosures or withdraw their affirmative defenses at this stage in the discovery process—particularly in light of Plaintiffs' evasive discovery tactics and ongoing refusal to respond to basic discovery requests, which have directly impeded Defendants' ability to discover relevant information. Based on the facts known at this time, Defendants have a good faith basis for asserting the Affirmative Defenses. *See Vistan Corp. v. Fadei USA, Inc.*, 2011 WL 1544796, at *7 (N.D. Cal. April 25, 2011) (denying motion to strike affirmative defenses as premature and stating the defenses, "while boilerplate, are standard affirmative defenses, appropriate at the outset of a case before discovery has commenced."). Any inquiries Plaintiffs wish to make into the specific nature of Defendants' Affirmative Defenses can be handled through the discovery process. *See J &J Sports Productions, Inc. v. Vargas*, 2012 WL 2919681, at *2 (D. Ariz. July 17, 2012) ("[A]ny further inquiries the Plaintiff

# SNELL & WILMER

Casey E. Sadler
Glancy Prongay & Murray LLP
August 6, 2025
Page 3

wishes to make into the specific nature of any of these affirmative defenses can be handled through routine discovery practices with minimal effort or expense.")

Defendants will comply with their obligations under Fed. R. Civ. P. 26(a) and 26(e)(1)(A) and timely supplement their disclosures as they complete their review of documents and more information becomes available.

We now turn to Plaintiffs' deficient discovery responses and continued gamesmanship, as further detailed in Defendants' Initial Letter, which is incorporated herein by reference.

### III.   The Former Employees' Identities (ROG No. 1) are not Protected Work Product.

The identities of the Former Employees specifically referenced in Plaintiffs' Amended Complaint are not protected by the work product doctrine. Your letter does not argue otherwise.

Here, "the issue of disclosure is really a matter of when, not whether." *Miller v. Ventro Corp.*, 2004 WL 868202, at *2 (N.D. Cal. April 21, 2004); *see also In re Harmonic, Inc. Sec. Litig.*, 245 F.R.D. 424, 427 (N.D. Cal. 2007) ("The issue here . . . is not *if* the CWs' identities will ever be discovered, but rather *when* they will be discovered.")  Indeed, Plaintiffs would be unable to meet their burden of proof without the provision of sworn testimony from each of these individuals at which point Defendants would be entitled to cross-examine them. Thus, their identities must necessarily be revealed and Plaintiffs' continued hiding of the ball serves only the improper purpose of delay.

First, Plaintiffs reliance on *Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Sys., Inc.* and *In re Ashworth, Inc. Sec. Litig.* is misplaced. In *Plumbers,* the Court interpreted the defendants' interrogatory as seeking the identities of all persons the plaintiffs interviewed during their investigation.[2] *See Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Sys., Inc.*, 2005 WL 1459555, at *5 (N.D Cal. June 21, 2025) ("[E]xamining the plain language used in the interrogatory, along with line 3-7 of page 50 of the Complaint, the Court agrees with [p]laintiffs that the interrogatory requests them to list '*all persons that they interviewed during the course of their investigation.*'") (emphasis added). Similarly, in *In re Ashworth, Inc. Sec. Litig.*, the defendants did not seek the identity of the confidential witnesses specifically listed in the

---

[2]  In *Plumbers*, the interrogatory at issue requested the plaintiffs to "IDENTIFY all PERSON(S) referenced at page 50, lines 3-7 of the COMPLAINT." Lines 3-7 of the complaint stated, "[t]hese facts and the facts set forth in section (d) of other statements herein are based on the investigation of plaintiffs' counsel, which included interviews with over 100 persons, including former Cisco employees who were employed by Cisco during the Class Period in the sales, finance, manufacturing and other various divisions, and Cisco customers, providers, and suppliers and information in the public domain." *Id*.

## SNELL & WILMER

Casey E. Sadler
Glancy Prongay & Murray LLP
August 6, 2025
Page 4

complaint. Rather, they sought the identities of each former or current employee who provided information forming the basis of the allegations in the amended complaint. *See In re Ashworth, Inc. Sec. Litig.*, 213 F.R.D. 385, 388 (S.D. Cal. 2002) (reasoning that while the interrogatory did not specifically request the names of persons that plaintiffs interviewed "there is a reasonable possibility that such information could be ferreted out if plaintiffs were required to more fully respond").

Here, Defendants' ROG No. 1 is much narrower. Defendants do not seek the identity of all former employees that provided information to Plaintiffs and/or the identity of <u>all</u> the former employees that Plaintiffs interviewed. Rather, Defendants' ROG No. 1 is specifically limited to the six Former Employees identified—and heavily relied upon—in Plaintiffs' Amended Complaint. *See Schueneman v. Arena Pharmaceuticals, Inc.*, 2017 WL 3118738, at *7, n.3 (S.D. Cal. 2017) (declining to follow *In re Ashworth, Inc. Sec. Litig.* where defendants specifically sought the identities of only those former employees that were identified as confidential informants in the complaint).

Second, the majority of courts within the Ninth Circuit have declined to follow Judge Carter's decision in *In re MTI Tech. Corp. Sec. Litig. II*, 2002 WL 32344347, at *4 (C.D. Cal. June 13, 2002), which Plaintiffs cite in support of their position. *See, e.g., In re Harmonic, Inc. Sec. Litig.*, 245 F.R.D. at 428 (rejecting the court's reasoning in *MTI Tech.*); *In re Cooper Companies Sec. Litig.*, 2008 WL 11339612, at *2 (C.D. Cal. Oct. 1, 2008) (noting the court does not share the same concerns as the court in *MTI Tech.* and finding that, "merely disclosing the identities of the twelve confidential witnesses will **not** implicate plaintiff's counsel's mental impressions, conclusions, opinions, or heretofore unrevealed legal theories"); *In re Connetics Corp. Sec. Litig.*, 2009 WL 1126508, at *1-2 (rejecting the reasoning in *MTI Tech.* and holding the identity of confidential witnesses is not attorney work product); *Shenwick v. Twitter*, 2018 WL 8244911, at *2 (N.D. Cal. Nov. 27, 2018) (declining to follow *MTI Tech* and finding "the reasoning of the majority of the opinions in this District to be persuasive. The core of the information sought—the identities of the Confidential Witnesses—does not go to the mental thoughts and impressions of any attorney."); *Hatamian v. Advanced Micro Devices, Inc.*, 2015 WL 5604392, at *2 (N.D. Cal. Sept. 24, 2015) (holding the identity of confidential witnesses is not protected work product).[3]

---

[3] Numerous other courts outside of the Ninth Circuit have similarly declined to follow *MTI Tech. See, e.g., Plumbers and Pipefitters Local Union No. 630 Pension-Annuity Trust Fund v. Arbitron, Inc.*, 278 F.R.D. 335, 341 (S.D.N.Y. 2011) ("[W]here a party has attempted to satisfy the pleading requirements of the PSLRA by 'by showcasing statements from a limited number of confidential witnesses, it may not thereafter refuse to disclose who they are' on the grounds of work product."); *Hubbard v. Bankalantic Bancorp, Inc.*, 2009 WL 3856458, at *3 (S.D. Fla. Nov. 17, 2019) (rejecting the reasoning in *MTI Tech.* and *In re Ashworth, Inc. Sec. Litig.*, and finding "the identities of confidential witnesses are not work product because [p]laintiffs have already disclosed their existence and some of the information obtained from them . . . . disclosing the identities of the confidential witnesses will not reveal any more



Casey E. Sadler
Glancy Prongay & Murray LLP
August 6, 2025
Page 5

Moreover, Judge Carter's decision was motivated by policy concerns related to revealing the employees' identities and the fear of retaliation in the workplace. *See In re MTI Tech. Corp. Sec. Litig. II.*, 2002 WL 32344347, at *5 (recognizing that former employees acting as informers may face serious consequences if their identities are revealed). Here, the same public policy concerns, however, are not implicated because Vintage Wines is a defunct corporation. *See In re Connetics Corp. Sec. Litig.*, 2009 WL 1126508, at *2 (discussing *MTI Tech.* and finding the policy concerns discussed therein "are mitigated in this case, however, by the fact that Connetics Corporation ceased to exist three years ago").

Lastly, Plaintiffs' objection that the identities of Former Employees are "readily accessible" to Defendants through Plaintiffs' Initial Disclosures is not well taken. If Plaintiffs truly believe the Former Employees' identities are as "readily accessible" as they suggest, Plaintiffs' work product objection is nonsensical and revealing the Former Employees' identities will not reveal any more information about Plaintiffs' counsel's mental impressions or legal strategy than Plaintiffs have already chosen to reveal in the Amended Complaint and their disclosures.

However, given Plaintiffs' continued gamesmanship, Defendants have attempted to narrow down the potential identities of the Former Employees based on the allegations in the Amended Complaint. We believe—but are not certain—that the identities of the Former Employees are as follows:

| Former Employee ("FE") | Identity |
| --- | --- |
| FE1 | Ryan Watts |
| FE2 | Jeff Palmer or Michael Barranco |
| FE3 | Nancy Walker |
| FE4 | Susan Barclay |
| FE5 | Rob Fernandez |
| FE6 | Jonas Anderson |

---

of the mental impressions, conclusions, opinions and legal theories of [p]lainitffs' attorneys than [p]laintiffs have already chosen to reveal in the [c]omplaint."); *Dennis v. Good Deal Charlie*, 2021 WL 6328013, at *1 (N.D. Okla. Sept. 23, 2021) (declining to follow *MTI Tech.*).



Casey E. Sadler
Glancy Prongay & Murray LLP
August 6, 2025
Page 6

Please withdraw your objections to ROG No. 1 and provide a supplemental response confirming the identities of the Former Employees (*i.e.*, confidential witnesses) by August 15, 2025.

### IV.    Defendants Seek Purely Factual Information Related to the Allegations in Plaintiffs' Amended Complaint.

In the Response Letter, you continue to assert baseless privilege objections to avoid responding to Defendants' request for documents and communications supporting the allegations in Plaintiffs' Amended Complaint.

As stated throughout our Initial Letter, Defendants do not seek Plaintiffs' counsel's prefiling investigation, notes, summaries, or mental impressions. Nor are Defendants requesting Plaintiffs' counsel's or counsel's investigator's communications with the Former Employees. *See* Initial Letter pg. 8.  Rather, Defendants seek all documents and communications, including copies of e-mails, agendas, meeting minutes, or notes, Plaintiffs received from third parties (including the Former Employees) supporting or relating to the allegations in Plaintiffs' Amended Complaint.

First, Plaintiffs seem to ignore the basic principles of the work product doctrine. "[W]ork product immunity does not protect the facts which an adverse party may have learned or the persons from who such facts were garnered." *Laxalt v. McClatchy*, 116 F.R.D. 438, 442 (D. Nev. 1987); *see also Texas v. Google, LLC*, 2024 WL 2265006, at *1 (E.D. Cal. May 17, 2024) (holding that memoranda concerning third-party interviews were protected under the work product doctrine, but underlying facts in memoranda were not protected and should be disclosed); *Lifewise Master Funding v. Telebank,* 206 F.R.D. 298, 303 (D. Utah 2002) ("Because the work product doctrine is intended only to guard against divulging the attorney's strategies and legal impressions, it does not protect facts concerning the creation of work product or facts within the product."); *In re Alexander Grant & Co. Litigations*, 110 F.R.D. 545, 548 (S.D.Fla.1986) (work product privilege does not apply to underlying facts which can be explored during a deposition); *In re Dayco Corp. Derivative Securities Litigation*, 99 F.R.D. 616, 624 (S.D. Ohio 1983) (facts upon which allegations are based are discoverable without work product protections); *Xerox Corp. v. International Business Machines Corp.*, 64 F.R.D. 367, 381 (S.D.N.Y. 1974) (nonprivileged facts could not be hidden from discovery); *In re JDS Uniphase Corp. Sec. Litig.*, 2005 WL 6296194, at *2 (N.D. Cal. Sept. 23, 2005) ("E-mail messages from the witness to counsel . . . must be produced because they are verbatim statements by the witness that reflect the witnesses', not counsel's mental impressions.").

Second, Plaintiffs' argument that facts underlying the Former Employees' allegations are already available to the Defendants in the Amended Complaint is disingenuous and improper.

# SNELL & WILMER

Casey E. Sadler
Glancy Prongay & Murray LLP
August 6, 2025
Page 7

*See Becker v. Kikiktagruk Inupiat Corp.*, 2009 WL 10705060, at *2 (D. Alaska Oct. 20, 2009) (A "party cannot refuse to respond to a discovery request on the ground that the requested information is in the possession of the requesting party"); *see also Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Systems, Inc.*, 2005 WL 1459555, at *6 ("[T]he Court can see no justifiable reason why Plaintiffs should not produce, or at least identify, documents that support Plaintiffs' allegations in the FAC, whether they are in Defendants' possession or in the public domain."). Defendants seek the production of documentary evidence that supports the allegations in the Amended Complaint. To the extent any such evidence is in the possession of Plaintiffs' it must necessarily be produced and it is inappropriate for Plaintiffs to simply state "see our Complaint" in lieu of producing any documentary evidence utilized to prepare the pleading.

Moreover, Plaintiffs' position is inherently contradictory: Plaintiffs cannot claim the facts underlying the Former Employees' allegations are already available to Defendants in the Amended Complaint while simultaneously refusing to respond to Defendants' Discovery Requests on the basis that the same information is privileged. *See Ross v. Abercrombie & Fitch Co.,* 2008 WL 821059, at *3 (S.D. Ohio Mar. 24, 2008) ("partial disclosure of information protected by the work product doctrine may constitute a waiver, and [ ] a party is not permitted to use such doctrines as both a shield and a sword."); *NXIVM Corp. v. O'Hara,* 241 F.R.D. 109, 142 (N.D.N.Y.2007) ("Just as the attorney-client privilege cannot be used as a shield and sword, neither can a work product document, especially one that does not include an attorney's impression, opinions, or strategies."); *Computer Assoc. Int'l, Inc. v. Simple.com, Inc.,* 2006 WL 3050883, at *3 (E.D.N.Y. Oct. 23, 2006) (as to assertions of fact work product, noting the need for "courts to 'balance the policies to prevent sword and shield litigation tactics with the policy to protect work product'") (citing *In re EchoStar,* 448 F.3d 1294, 1302 (Fed. Cir. 2006)).

Lastly, Plaintiffs misrepresent *Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Systems, Inc. See* Response Letter pg. 7. In *Plumbers*, the defendants sought information and documents relating to various allegations in the plaintiffs' amended complaint, including documents received by plaintiffs from persons interviewed by plaintiffs' counsel.[4] *Plumbers & Pipefitters Local 572 Pension* Fund, 2005 WL 1459555 (N.D. Cal. June 21, 2005). The Court held that the "work product doctrine does not shield the discovery of documents or people with knowledge of the facts relevant to [p]laintiffs' claims" and required the plaintiffs to identify and produce documents relating to the allegations in their complaint. *Id.* at *5-6.

---

[4] Specifically, the defendants in *Plumbers* broadly sought, among other things: (1) the identity of all persons who plaintiffs contend have information supporting allegations and the identity of all documents that support certain allegations; (2) all documents provided to plaintiffs by the persons interviewed by plaintiffs' counsel; and (3) all documents supporting certain allegations in plaintiffs' complaint. *Id.* at *2.



Casey E. Sadler
Glancy Prongay & Murray LLP
August 6, 2025
Page 8

As in *Plumbers & Pipefitters Local 572 Pension Fund*, Defendants' Discovery Requests seek factual information underlying the allegations in Plaintiffs' Amended Complaint. The factual underpinnings of the Former Employees' allegations (including who, what, when, and where) does not reveal the mental impressions, conclusions, opinions, or legal theories of Plaintiffs' counsel and plainly falls within the scope of Rule 26(a).

For the reasons stated above, and further discussed in Defendants' Initial Letter, Defendants respectfully request that Plaintiffs supplement and amend their responses to Defendants' Discovery Requests no later than August 15, 2025.

If you are unwilling to provide amended responses, please advise of your availability during the week of August 18th for a meet-and-confer to discuss the deficiencies in Plaintiffs' responses. If we do not receive a response to our good faith effort to meet and confer, we will have no choice but to file a motion to compel. Defendants reserve all rights and do not waive any objections, arguments, or rights available to them.

Regards,

Snell & Wilmer

Joseph G. Adams

cc via email:    rgordon@swlaw.com
                 breeve@swlaw.com
                 zschroeder@swlaw.com
                 clinehan@glancylaw.com
                 andrew@molegal.com
                 ASoleimanpour@glancylaw.com
                 prajesh@glancylaw.com
                 jake@blockleviton.com

# EXHIBIT E

# SNELL & WILMER

**Joseph G. Adams**
O 602.382.6207  |  F 602.382.6070
jgadams@swlaw.com

August 27, 2025

**<u>VIA EMAIL ONLY</u>**
John C. Roberts, Jr.
Glancy Prongay & Murray LLP
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
jroberts@glancylaw.com

> **Re:**  *Marilyn Ezzes v. Vintage Wine Estates, Inc., et al.* **Case No. 2:22-cv-01915-GMN-DJA; Response to Plaintiffs' Letter, dated August 20, 2025, regarding Defendants' Responses & Objections to Plaintiffs' Second Set of Request for Production of Documents and Plaintiffs' Deficient Responses to Defendants' First Set of Interrogatories and Requests for Production of Documents**

Dear John,

We are in receipt of your letter dated August 20, 2025 (the "Response Letter"), in which you raise various objections to Defendants' Responses and Objections ("Defendants' Discovery Responses") to Plaintiffs' Second Set of Requests for Production of Documents.  This letter addresses: (1) your objections to Defendants' Discovery Responses; and (2) your failure to respond to Defendants' July 2 and August 6 deficiency letters (collectively, the "Deficiency Letters") regarding Plaintiffs' deficient discovery responses to Defendants' Discovery Requests. [1]

**<u>First</u>**, as stated in Defendants' Discovery Responses and prior communications, Defendants are conducting a reasonable search for documents responsive to Plaintiffs' requests and will produce them accordingly.  As of the date of this letter, all documents within Defendants' possession, custody, and control have been identified.  We are devoting significant time and resources to reviewing these documents and preparing the requested documents for production. Defendants will produce responsive documents in a timely manner upon completion of their review.  *See Reinsdorf v. Skechers U.S.A., Inc.,* 296 F.R.D. 604, 615 (C.D. Cal. 2013) ("'[T]he discovery process relies upon the good faith and professional obligations of counsel to reasonably and diligently search for and produce responsive documents.' However, while parties must impose a reasonable construction on discovery requests and conduct a reasonable search when responding to the requests, the Federal Rules do not demand perfection . . . . A party may comply in good faith with its discovery obligations and yet there may be supplemental productions . . . .") (citations omitted).

---

[1] Capitalized terms not defined herein have the meaning set forth in Defendants' Initial Letter, dated July 2, 2025.

**Snell & Wilmer** | One East Washington Street| Suite 2700 | Phoenix, AZ 85004          **SWLAW.COM**



John C. Roberts, Jr.
Glancy Prongay & Murray LLP
August 27, 2025
Page 2

Moreover, as previously stated, to the extent that Defendants withhold documents based on any claim of privilege, Defendants will supplement their responses to clearly identify the grounds for any such withholding and produce a privilege log in accordance with Rule 26(b)(5).

Please confirm that Plaintiffs will also produce a privilege log to the extent they are withholding any documents based on any privilege assertion. *See* Fed. R. Civ. P. 26(b)(5); *see also Clarke v. Am. Com Nat'l Bank,* 974 F.2d 127, 129 (9th Cir. 1992) (finding a party who withholds discovery materials based on privilege must provide sufficient information to enable the recipient to determine whether the privilege or other protection applies); *see also Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) (finding a blanket privilege objection is improper).

**Second**, Defendants have not, at this time, received any documents from the Trustee other than those jointly produced to both parties on June 20, 2025 and August 8, 2025. Should Defendants receive any additional documents from the Trustee that are not simultaneously disclosed to Plaintiffs, Defendants will supplement their responses to Plaintiffs' discovery requests accordingly.

**Lastly,** Plaintiffs' Response Letter criticizes Defendants for their lack of document production, while ignoring the fact that Plaintiffs have refused to produce a single document in response to Defendants' Discovery Requests. And unlike Defendants, Plaintiffs <u>are</u> withholding documents based on their boilerplate, unsubstantiated objections. Plaintiffs continue to engage in gamesmanship by refusing to disclose relevant information—including the identities of the Former Employes—which Plaintiffs will ultimately be required to disclose. Moreover, Plaintiffs have failed to respond to Defendants' requests to meet and confer in good faith to discuss the deficiencies with Plaintiffs' discovery responses.

Accordingly, please advise of your availability by Friday, August 29, 2025, for a meet-and-confer to discuss Defendants' objections to Plaintiffs' discovery responses, as further detailed in Defendants' Deficiency Letters. During this meeting, the parties can also discuss Plaintiffs' objections to Defendants' Discovery Responses.

If you do not provide your availability to meet and confer on or before August 29, 2025, we will have no choice but to file a motion to compel. Plaintiffs have ignored Defendants' last two attempts to meet and confer on Plaintiffs' deficient discovery responses. Defendants will wait no longer. Defendants are generally available September 2 – September 5 to meet and confer with Plaintiffs. Defendants reserve all rights and do not waive any objections, arguments, or rights available to them.

# SNELL & WILMER

John C. Roberts, Jr.
Glancy Prongay & Murray LLP
August 27, 2025
Page 3

Regards,

Snell & Wilmer

Joseph G. Adams

cc via email:   rgordon@swlaw.com
breeve@swlaw.com
zschroeder@swlaw.com
csadler@glancylaw.com
clinehan@glancylaw.com
andrew@molegal.com
ASoleimanpour@glancylaw.com
prajesh@glancylaw.com
jake@blockleviton.com

# EXHIBIT F

**From:** John Roberts <JRoberts@glancylaw.com>
**Sent:** Tuesday, September 2, 2025 3:21 PM
**To:** Adams, Joe <jgadams@swlaw.com>; Wisniewski, Chris <cwisniewski@swlaw.com>; Schroeder, Zachary <zschroeder@swlaw.com>; Reeve, Brian <breeve@swlaw.com>; Gordon, Richard <rgordon@swlaw.com>; Catero, Jennifer Hadley <jcatero@swlaw.com>
**Cc:** andrew@mlolegal.com; Casey Sadler <CSadler@glancylaw.com>; Pavithra Rajesh <PRajesh@glancylaw.com>; Amir Soleimanpour <ASoleimanpour@glancylaw.com>; Charles Linehan <CLinehan@glancylaw.com>; jeff@blockleviton.com; jake@blockleviton.com
**Subject:** RE: Ezzes v. Roney, et al., USDC NV 2:22-cv-01915-GMN-DJA: Defendants' Supp. Discl. Stat. and Response to Plaintiffs 8/20 Letter


<mark>[EXTERNAL]</mark> jroberts@glancylaw.com

---

1

Joe,

I just sent you an invite. It's for three hours. It will take how long it takes. That's the nature of a meet-and-confer. If three hours are not enough tomorrow, then we will expect to continue the following day.

Thanks,
John

---

**From:** Adams, Joe <jgadams@swlaw.com>
**Sent:** Tuesday, September 2, 2025 2:40 PM
**To:** John Roberts <JRoberts@glancylaw.com>; Wisniewski, Chris <cwisniewski@swlaw.com>; Schroeder, Zachary <zschroeder@swlaw.com>; Reeve, Brian <breeve@swlaw.com>; Gordon, Richard <rgordon@swlaw.com>; Catero, Jennifer Hadley <jcatero@swlaw.com>
**Cc:** andrew@mlolegal.com; Casey Sadler <CSadler@glancylaw.com>; Pavithra Rajesh <PRajesh@glancylaw.com>; Amir Soleimanpour <ASoleimanpour@glancylaw.com>; Charles Linehan <CLinehan@glancylaw.com>; jeff@blockleviton.com; jake@blockleviton.com
**Subject:** RE: Ezzes v. Roney, et al., USDC NV 2:22-cv-01915-GMN-DJA: Defendants' Supp. Discl. Stat. and Response to Plaintiffs 8/20 Letter

John,

Can we agree to have an initial call along the lines of what we suggested, i.e. one hour for each side? You already know our issues, we do not expect to take the entire hour. You can use whatever time is remaining on our hour, and we'd be agreeable to continuing at another time if we are making good progress.

Joe

**Joseph G. Adams**

**O:** 602.382.6207 | ███████████
jgadams@swlaw.com

**SNELL**
**& WILMER**
swlaw.com | LinkedIn

---

**From:** John Roberts <JRoberts@glancylaw.com>
**Sent:** Thursday, August 28, 2025 3:21 PM
**To:** Adams, Joe <jgadams@swlaw.com>; Wisniewski, Chris <cwisniewski@swlaw.com>; Schroeder, Zachary <zschroeder@swlaw.com>; Reeve, Brian <breeve@swlaw.com>; Gordon, Richard <rgordon@swlaw.com>; Catero, Jennifer Hadley <jcatero@swlaw.com>
**Cc:** andrew@mlolegal.com; Casey Sadler <CSadler@glancylaw.com>; Pavithra Rajesh <PRajesh@glancylaw.com>; Amir Soleimanpour <ASoleimanpour@glancylaw.com>; Charles Linehan <CLinehan@glancylaw.com>; jeff@blockleviton.com; jake@blockleviton.com
**Subject:** RE: Ezzes v. Roney, et al., USDC NV 2:22-cv-01915-GMN-DJA: Defendants' Supp. Discl. Stat. and Response to Plaintiffs 8/20 Letter

**[EXTERNAL]** jroberts@glancylaw.com

2

Joe,

We are happy to start at 2:00pm and we can even go until 5:00pm, but as you know, we have more than 40 RFPs that we need to meet and confer on, so we cannot limit ourselves to an hour.

Thanks,
John

**From:** Adams, Joe <jgadams@swlaw.com>
**Sent:** Thursday, August 28, 2025 2:53 PM
**To:** John Roberts <JRoberts@glancylaw.com>; Wisniewski, Chris <cwisniewski@swlaw.com>; Schroeder, Zachary <zschroeder@swlaw.com>; Reeve, Brian <breeve@swlaw.com>; Gordon, Richard <rgordon@swlaw.com>; Catero, Jennifer Hadley <jcatero@swlaw.com>
**Cc:** andrew@mlolegal.com; Casey Sadler <CSadler@glancylaw.com>; Pavithra Rajesh <PRajesh@glancylaw.com>; Amir Soleimanpour <ASoleimanpour@glancylaw.com>; Charles Linehan <CLinehan@glancylaw.com>; jeff@blockleviton.com; jake@blockleviton.com
**Subject:** RE: Ezzes v. Roney, et al., USDC NV 2:22-cv-01915-GMN-DJA: Defendants' Supp. Discl. Stat. and Response to Plaintiffs 8/20 Letter

John,

Thanks for reaching out.  I have an arbitration hearing on 9/3 at 1:00, but it's a short hearing.

Can we start at 2:00 instead, and can we agree that we each have an hour to raise our issues?

Joe

**Joseph G. Adams**

**O:** 602.382.6207 | ███████
jgadams@swlaw.com

**SNELL & WILMER**
swlaw.com | LinkedIn

**From:** John Roberts <JRoberts@glancylaw.com>
**Sent:** Thursday, August 28, 2025 11:49 AM
**To:** Wisniewski, Chris <cwisniewski@swlaw.com>; Schroeder, Zachary <zschroeder@swlaw.com>; Adams, Joe <jgadams@swlaw.com>; Reeve, Brian <breeve@swlaw.com>; Gordon, Richard <rgordon@swlaw.com>; Catero, Jennifer Hadley <jcatero@swlaw.com>
**Cc:** andrew@mlolegal.com; Casey Sadler <CSadler@glancylaw.com>; Pavithra Rajesh <PRajesh@glancylaw.com>; Amir Soleimanpour <ASoleimanpour@glancylaw.com>; Charles Linehan <CLinehan@glancylaw.com>; jeff@blockleviton.com; jake@blockleviton.com
**Subject:** RE: Ezzes v. Roney, et al., USDC NV 2:22-cv-01915-GMN-DJA: Defendants' Supp. Discl. Stat. and Response to Plaintiffs 8/20 Letter

**[EXTERNAL]** jroberts@glancylaw.com

3

Counsel,

Please see the attached correspondence and Plaintiffs' amended responses and objections to Defendants' First RFPs. Plaintiffs are available to meet and confer regarding all discovery issues on **September 3 from 1:00pm to 4:00pm PST**. I think we should start with a three-hour block and go from there. Please confirm your availability.

Thanks,
John

**From:** Wisniewski, Chris <cwisniewski@swlaw.com>
**Sent:** Wednesday, August 27, 2025 5:33 PM
**To:** andrew@mlolegal.com <andrew@mlolegal.com>; Casey Sadler <CSadler@glancylaw.com>; Pavithra Rajesh <PRajesh@glancylaw.com>; Amir Soleimanpour <ASoleimanpour@glancylaw.com>; Charles Linehan <CLinehan@glancylaw.com>; jeff@blockleviton.com <jeff@blockleviton.com>; jake@blockleviton.com <jake@blockleviton.com>
**Cc:** Schroeder, Zachary <zschroeder@swlaw.com>; Adams, Joe <jgadams@swlaw.com>; Reeve, Brian <breeve@swlaw.com>; Gordon, Richard <rgordon@swlaw.com>
**Subject:** Ezzes v. Roney, et al., USDC NV 2:22-cv-01915-GMN-DJA: Defendants' Supp. Discl. Stat. and Response to Plaintiffs 8/20 Letter

Good afternoon,

Please see attached for the following:

- Defendants' Second Supplemental Disclosure Statement
- Response to Plaintiffs' 8/27 Letter

Please let us know if you have any issues accessing the documents.

Thank you,

**Chris Wisniewski**

Legal Administrative Assistant to Alicia M. Roe | Danny Inglese | Hannah-Kaye Fleming | Patrick Welch

**O:** 602.382.6276
cwisniewski@swlaw.com

**SNELL & WILMER**
swlaw.com | LinkedIn

4

# EXHIBIT G

Andrew R. Muehlbauer
Nevada Bar No. 10161
  *andrew@mlolegal.com*
**MUEHLBAUER LAW OFFICE, LTD.**
7915 West Sahara Ave., Suite 104
Las Vegas, Nevada 89117
Tel: (702) 330-4505
Fax: (702) 825-0141

Casey E. Sadler (pro hac vice)
  *csadler@glancylaw.com*
Pavithra Rajesh
  *prajesh@glancylaw.com*
Amir Soleimanpour
  *asoleimanpour@glancylaw.com*
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Tel: (310) 201-9150
Fax: (310) 201-9160

*Lead Counsel for Lead Plaintiffs*

*(Additional counsel on the signature page)*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| MARILYN EZZES, Individually and on Behalf of All Others Similarly Situated, | Case No. 2:22-cv-01915-GMN-DJA |
| Plaintiff, | **PLAINTIFFS' AMENDED RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |
| v. | |
| VINTAGE WINE ESTATES, INC., PATRICK RONEY, KATHERINE DEVILLERS, and KRISTINA JOHNSTON, | |
| Defendants. | |

Pursuant to Fed. R. Civ. P. 26 and 34, Lead Plaintiffs Marilyn Ezzes and Jeffrey A. Davies, together with additional Plaintiff Michael F. Salbenblatt ("Plaintiffs"), hereby submit their amended responses and objections to Defendants Patrick Roney, Katherine DeVillers, and Kristina Johnston's (collectively, "Defendants") First Requests for Production of Documents dated May 23, 2025 (the "Requests").

## PRELIMINARY STATEMENT

Plaintiffs' Amended Responses to the Requests ("Responses"), set forth below, are provided without prejudice to Plaintiffs' rights at trial or other proceedings, and Plaintiffs therefore reserve their rights to object to: (i) the use of these Responses and the Documents produced in response to these Requests on the basis of privilege, relevancy, materiality, admissibility, or any other applicable objection; or (ii) any other demand for discovery involving or relating to the matters raised in the Requests or the information or the documents produced in response to the Requests. Any production pursuant to the Requests shall not include any documents protected by the attorney-client privilege, the work-product doctrine, the right to privacy, or any other applicable privilege or immunity. Inadvertent production of any such document is not intended to be, and shall not operate as, a waiver of any applicable privilege, protection or immunity, in whole or in part.

Additionally, Plaintiffs' Responses to the Requests are made based on information and Documents in Plaintiff's possession, custody, or control at this time; Plaintiffs note that this Action is in the early stages of discovery and reserves the right to supplement or modify the Responses based upon any information or Documents that may later be recalled, discovered, or produced.

No incidental or implied admissions are intended in these Responses. Plaintiffs' Responses to all or any part of the Requests should not be taken as an admission that: (i) Plaintiffs accept or admit the existence of any fact(s) set forth or assumed by the Request; (ii) Plaintiffs have in their possession, custody, or control any document responsive to the Request; or (iii) Plaintiffs' Responses constitute admissible evidence. Plaintiffs' Responses to all or any part of any Request is not intended to be, and shall not be, a waiver by Plaintiffs of all or any part of their objection(s) to that Request.

2

## OBJECTIONS TO DEFINITIONS

1.      Plaintiffs object to the Definitions to the extent they purport to require a search for or production of information or documents beyond what is required by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Nevada.

2.      Plaintiffs object to the proposed definition of "Document" to the extent it is inconsistent with or broader than Federal Rule of Civil Procedure 34(a)(1)(A). Plaintiffs have and will interpret the use of the term "Document" in a manner consistent with Federal Rule of Civil Procedure 34(a)(1)(A).

3.      Plaintiffs object to the definition of "You," and "Your" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it purports to include persons other than Marilyn Ezzes, Jeffrey A. Davies and Michael Salbenblatt themselves such as "any of their agents, employees, contractors, representatives , [sic] unless privileged, attorneys (unless privileged), and any other Person acting or purporting to act on their behalf." Plaintiffs specifically object to the proposed definition of "You" and "Your" insofar as it encompasses all documents and communications obtained and created by Plaintiffs' attorneys in this Action. Plaintiffs construe "You" or "Your" as meaning Marilyn Ezzes, Jeffrey A. Davies and Michael Salbenblatt themselves.

## OBJECTIONS TO PREAMBLE

1.      Plaintiffs object to the Preamble purporting to instruct Plaintiffs generally to the extent it would require the search for or production of information or documents beyond what is required by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Nevada.

2.      Plaintiffs object to the Preamble to the extent it is inconsistent with any ESI protocol that the parties may agree to.

3.      Plaintiffs object to Preamble paragraph No. 1 to the extent it would require Plaintiffs or their attorneys to produce materials subject to the attorney-client privilege and/or the work product doctrine or alter or create any document.

3

4.      Plaintiffs object to Preamble paragraph No. 2 to the extent it would require Plaintiffs or their attorneys to produce materials subject to the attorney-client privilege and/or the work product doctrine, create any privilege log in a manner inconsistent with Fed. R. Civ. P. 26(b)(5)(A)(ii), or provide any privilege log prior to the substantial completion of discovery.

5.      Plaintiffs object to Instruction No. 3 to the extent it requires them to respond to requests drafted without reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A). Plaintiffs will interpret ambiguities in Defendants' Requests in good faith and will agree to meet and confer regarding the scope of Defendants' Requests. Plaintiffs will not presume the meanings of and rewrite discovery requests whose meanings cannot reasonably be discerned.

6.      Plaintiffs object to Preamble paragraph No. 4 to the extent it would require Plaintiffs or their attorneys to produce materials subject to the attorney-client privilege and/or the work product doctrine or alter or create any document.

7.      Plaintiffs object to Preamble paragraph No. 5 to the extent it would require Plaintiffs or their attorneys to produce materials subject to the attorney-client privilege and/or the work product doctrine or alter or create any document.

8.      Plaintiffs object to Preamble paragraph No. 6 to the extent it purports to require Plaintiffs or their attorneys to produce materials subject to the attorney-client privilege and/or the work product doctrine, or to alter or create any document setting forth their understanding of the relevant facts as it develops in the course of discovery. Plaintiffs aver that they will reasonably supplement, modify or amend their responses or objections contained herein if they become aware of new documents or additional information that would implicate the accuracy or completeness of such responses or objections.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST FOR PRODUCTION NO. 1**:

All documents and communications relied upon, discussed, identified or referenced in Your responses to the Defendants' First Set of Interrogatories to Plaintiffs, served on May 23, 2025 in this Action.

4

**RESPONSE TO REQUEST NO. 1:**

Plaintiffs object to Request No. 1 as overly broad, unduly burdensome, and disproportional to the needs of the case to the extent it seeks publicly available documents sufficiently described in the complaints or information readily discernable from Plaintiffs' Initial Disclosures. Plaintiffs further object to Request No. 1 because the phrase "discussed, identified or referenced" is vague, ambiguous, and fails to specifically describe or reasonably particularize the category of items sought to be produced. Plaintiffs further object to Request No. 1 to the extent it seeks or requires the disclosure of information or documents which are protected from discovery by the attorney-client privilege and/or the work product doctrine. Defendants have clarified that they are not seeking Plaintiffs' counsel's prefiling investigation, notes, summaries, or mental impressions. Defendants have also clarified that they are not seeking Plaintiffs' counsel's or counsel's investigator's communication with the Former Employees. Thus, Plaintiffs will not view these or similar documents as responsive and will not produce them.

Subject to and without waiving the foregoing objections, Plaintiffs state that they are not in possession of any non-privileged, responsive documents.

**REQUEST FOR PRODUCTION NO. 2:**

All documents You received from the Former Employees that relate to this Action, the allegations in the Complaint, or the allegations in the Prior Complaints.

**RESPONSE TO REQUEST NO. 2:**

Plaintiffs object to Request No. 2 as overly broad, unduly burdensome, and disproportional to the needs of the case to the extent it seeks documents not within the possession, custody, or control of Plaintiffs, documents in the possession, custody, or control of Defendants, or publicly available documents readily available to Defendants. Plaintiffs further object to the Request No. 2 as overly broad, unduly burdensome, disproportional to the needs of the case to the extent they seek information that is not relevant to the parties' claims or defenses. Plaintiffs further object to Request No. 2 to the extent it seeks or requires the disclosure of information or documents which are protected from discovery by the attorney-client privilege and/or work product doctrine. Defendants have clarified that they are not seeking Plaintiffs' counsel's prefiling investigation, notes,

summaries, or mental impressions. Defendants have also clarified that they are not seeking Plaintiffs' counsel's or counsel's investigator's communication with the Former Employees. Thus, Plaintiffs will not view these or similar documents as responsive and will not produce them.

Subject to and without waiving the foregoing objections, Plaintiffs state that they are not in possession of any non-privileged, responsive documents.

**REQUEST FOR PRODUCTION NO. 3:**

All documents You received from any other Person, excluding the Former Employees, that relate to this Action, the allegations in the Complaint, or the allegations in the Prior Complaints.

**RESPONSE TO REQUEST NO. 3:**

Plaintiffs object to Request No. 3 as overly broad, unduly burdensome, and disproportional to the needs of the case to the extent it seeks documents not within the possession, custody, or control of Plaintiffs, documents in the possession, custody, or control of Defendants, or publicly available documents readily available to Defendants. Plaintiffs further object to Request No. 3 as overly broad, unduly burdensome, disproportional to the needs of the case to the extent they seek information that is not relevant to the parties' claims or defenses. Plaintiffs further object to Request No. 3 to the extent it seeks or requires the disclosure of information or documents which are protected from discovery by the attorney-client privilege and/or work product doctrine. Defendants have clarified that they are not seeking Plaintiffs' counsel's prefiling investigation, notes, summaries, or mental impressions. Defendants have also clarified that they are not seeking Plaintiffs' counsel's or counsel's investigator's communication with the Former Employees. Thus, Plaintiffs will not view these or similar documents as responsive and will not produce them.

Subject to and without waiving the foregoing objections, Plaintiffs state that they are not in possession of any non-privileged, responsive documents.

**REQUEST FOR PRODUCTION NO. 4:**

All communications You received from the Former Employees that relate to this Action, the allegations in the Complaint, or the allegations in the Prior Complaints.

6

**RESPONSE TO REQUEST NO. 4:**

Plaintiffs object to Request No. 4 as overly broad, unduly burdensome, and disproportional to the needs of the case to the extent it seeks documents not within the possession, custody, or control of Plaintiffs, documents in the possession, custody, or control of Defendants, or publicly available documents readily available to Defendants.  Plaintiffs further object to Request No. 4 as overly broad, unduly burdensome, disproportional to the needs of the case to the extent they seek information that is not relevant to the parties' claims or defenses. Plaintiffs further object to Request No. 4 to the extent it seeks or requires the disclosure of information or documents which are protected from discovery by the attorney-client privilege and/or work product doctrine.  Defendants have clarified that they are not seeking Plaintiffs' counsel's prefiling investigation, notes, summaries, or mental impressions.  Defendants have also clarified that they are not seeking Plaintiffs' counsel's or counsel's investigator's communication with the Former Employees.  Thus, Plaintiffs will not view these or similar documents as responsive and will not produce them.

Subject to and without waiving the foregoing objections, Plaintiffs state that they are not in possession of any non-privileged, responsive documents.

**REQUEST FOR PRODUCTION NO. 5:**

All communications You received from any other Person, excluding the Former Employees, that relate to this Action, the allegations in the Complaint, or the allegations in the Prior Complaints.

**RESPONSE TO REQUEST NO. 5:**

Plaintiffs object to Request No. 5 as overly broad, unduly burdensome, and disproportional to the needs of the case to the extent it seeks documents not within the possession, custody, or control of Plaintiffs, documents in the possession, custody, or control of Defendants, or publicly available documents readily available to Defendants.  Plaintiffs further object to Request No. 5 as overly broad, unduly burdensome, disproportional to the needs of the case to the extent they seek information that is not relevant to the parties' claims or defenses. Plaintiffs further object to Request No. 5 to the extent it seeks or requires the disclosure of information or documents which are protected from discovery by the attorney-client privilege and/or work product doctrine.  Defendants have clarified that they are not seeking Plaintiffs' counsel's prefiling investigation, notes,

7

summaries, or mental impressions. Defendants have also clarified that they are not seeking Plaintiffs' counsel's or counsel's investigator's communication with the Former Employees. Thus, Plaintiffs will not view these or similar documents as responsive and will not produce them.

Subject to and without waiving the foregoing objections, Plaintiffs state that they are not in possession of any non-privileged, responsive documents.

**REQUEST FOR PRODUCTION NO. 6:**

All communications between You, or anyone acting on Your behalf, and the Former Employees related to this Action, the allegations in the Complaint, or the allegations in the Prior Complaints.

**RESPONSE TO REQUEST NO. 6:**

Plaintiffs object to Request No. 6 as overly broad in scope, unduly burdensome, disproportional to the needs of the case, and not relevant to the extent it seeks documents irrelevant to any of the claims or defenses at issue in this action. Plaintiffs further object to Request No. 6 to the extent it seeks or requires the disclosure of information or documents which are protected from discovery by the attorney-client privilege and/or work product doctrine. Defendants have clarified that they are not seeking Plaintiffs' counsel's prefiling investigation, notes, summaries, or mental impressions. Defendants have also clarified that they are not seeking Plaintiffs' counsel's or counsel's investigator's communication with the Former Employees. Thus, Plaintiffs will not view these or similar documents as responsive and will not produce them.

Subject to and without waiving the foregoing objections, Plaintiffs state that they are not in possession of any non-privileged, responsive documents.

**REQUEST FOR PRODUCTION NO. 7:**

All documents, including notes, memoranda, recordings, or other documentation containing, summarizing, or relating to information provided to You by the Former Employees.

**RESPONSE TO REQUEST NO. 7:**

Plaintiffs object to Request No. 7 as overly broad in scope, unduly burdensome, disproportional to the needs of the case, and not relevant to the extent it seeks documents irrelevant to any of the claims or defenses at issue in this action. Plaintiffs further object to Request No. 7 to

8

the extent it seeks or requires the disclosure of information or documents which are protected from discovery by the attorney-client privilege and/or work product doctrine.  Defendants have clarified that they are not seeking Plaintiffs' counsel's prefiling investigation, notes, summaries, or mental impressions.  Defendants have also clarified that they are not seeking Plaintiffs' counsel's or counsel's investigator's communication with the Former Employees.  Thus, Plaintiffs will not view these or similar documents as responsive and will not produce them.

Subject to and without waiving the foregoing objections, Plaintiffs state that they are not in possession of any non-privileged, responsive documents.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and communications in Your possession, custody or control that support the Former Employees' allegations in the Complaint.

**RESPONSE TO REQUEST NO. 8:**

Plaintiffs object to Request No. 8 as overly broad, unduly burdensome, and disproportional to the needs of the case to the extent it seeks documents not within the possession, custody, or control of Plaintiffs, documents in the possession, custody, or control of Defendants, or publicly available documents readily available to Defendants. Plaintiffs will not produce documents that are readily available to Defendants, including publicly available documents and documents produced by the Trustee. Plaintiffs object to Request No. 8 as overly broad in scope, unduly burdensome, disproportional to the needs of the case, and not relevant to the extent it seeks documents irrelevant to any of the claims or defenses at issue in this action. Plaintiffs further object to Request No. 8 to the extent it seeks or requires the disclosure of information or documents which are protected from discovery by the attorney-client privilege and/or work product doctrine. Defendants have clarified that they are not seeking Plaintiffs' counsel's prefiling investigation, notes, summaries, or mental impressions.  Defendants have also clarified that they are not seeking Plaintiffs' counsel's or counsel's investigator's communication with the Former Employees.  Thus, Plaintiffs will not view these or similar documents as responsive and will not produce them.

Subject to and without waiving the foregoing objections, Plaintiffs state that they are not in possession of any non-privileged, responsive documents.

9

**REQUEST FOR PRODUCTION NO. 9:**

All nonprivileged documents and communications reflecting any efforts by You, or Your counsel, to verify the information provided by the Former Employees and their allegations in the Complaint.

**RESPONSE TO REQUEST NO. 9:**

Plaintiffs object to Request No. 9 as overly broad, unduly burdensome, and disproportional to the needs of the case to the extent it seeks documents not within the possession, custody, or control of Plaintiffs, documents in the possession, custody, or control of Defendants, or publicly available documents readily available to Defendants. Plaintiffs will not produce documents that are readily available to Defendants, including publicly available documents and documents produced by the Trustee. Plaintiffs object to Request No. 9 as overly broad in scope, unduly burdensome, disproportional to the needs of the case, and not relevant to the extent it seeks documents irrelevant to any of the claims or defenses at issue in this action. Plaintiffs further object to Request No. 9 to the extent it seeks or requires the disclosure of information or documents which are protected from discovery by the attorney-client privilege and/or work product doctrine. Defendants have clarified that they are not seeking Plaintiffs' counsel's prefiling investigation, notes, summaries, or mental impressions. Defendants have also clarified that they are not seeking Plaintiffs' counsel's or counsel's investigator's communication with the Former Employees. Thus, Plaintiffs will not view these or similar documents as responsive and will not produce them.

Subject to and without waiving the foregoing objections, Plaintiffs state that they are not in possession of any non-privileged, responsive documents.

**REQUEST FOR PRODUCTION NO. 10:**

All communications or documents in Your possession, custody or control that support FE 5's allegations in Paragraphs 65 and 66 of the Complaint that the Defendants "were aware of the inventory and software problems . . . and participated in periodic conference calls . . .", and "were routinely copied on various emails in which inventory problems were discussed."

10

**RESPONSE TO REQUEST NO. 10:**

Plaintiffs object to Request No. 10 as overly broad, unduly burdensome, and disproportional to the needs of the case to the extent it seeks documents not within the possession, custody, or control of Plaintiffs, documents in the possession, custody, or control of Defendants, or publicly available documents readily available to Defendants. Plaintiffs object to Request No. 10 as overly broad in scope, unduly burdensome, disproportional to the needs of the case, and not relevant to the extent it seeks documents irrelevant to any of the claims or defenses at issue in this action. Plaintiffs further object to Request No. 10 to the extent it seeks or requires the disclosure of information or documents which are protected from discovery by the attorney-client privilege and/or work product doctrine. Defendants have clarified that they are not seeking Plaintiffs' counsel's prefiling investigation, notes, summaries, or mental impressions.  Defendants have also clarified that they are not seeking Plaintiffs' counsel's or counsel's investigator's communication with the Former Employees.  Thus, Plaintiffs will not view these or similar documents as responsive and will not produce them.

Subject to and without waiving the foregoing objections, Plaintiffs state that they are not in possession of any non-privileged, responsive documents.

**REQUEST FOR PRODUCTION NO. 11:**

Any document or communication that You may rely upon or introduce at a hearing, proceeding, and/or trial in this matter.

**RESPONSE TO REQUEST NO. 11:**

Plaintiffs object to Request No. 11 as overly broad, unduly burdensome, and disproportional to the needs of the case to the extent it seeks documents not within the possession, custody, or control of Plaintiffs, documents in the possession, custody, or control of Defendants, or publicly available documents readily available to Defendants. Plaintiffs further object to Request No. 11 to the extent it seeks or requires the disclosure of information or documents which are protected from discovery by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections, Plaintiffs will produce, at a reasonable time in advance of any hearing, proceeding or trial in this matter, any nonprivileged documents intended to be relied upon or introduced during the pendency of this Action.

11

DATED: August 28, 2025

/s/ Casey E. Sadler
Casey E. Sadler (pro hac vice)
  csadler@glancylaw.com
Pavithra Rajesh
  prajesh@glancylaw.com
Amir Soleimanpour
  asoleimanpour@glancylaw.com
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Tel: (310) 201-9150
Fax: (310) 201-9160

Andrew R. Muehlbauer
Nevada Bar No. 10161
  andrew@mlolegal.com
**MUEHLBAUER LAW OFFICE, LTD.**
7915 West Sahara Ave., Suite 104
Las Vegas, Nevada 89117
Tel: (702) 330-4505
Fax: (702) 825-0141

*Liaison Counsel for Lead Plaintiffs*
*Lead Counsel for Lead Plaintiffs*

Jeffrey C. Block (pro hac vice)
  jeff@blockleviton.com
Jacob Walker
  jake@blockleviton.com
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
Tel: (617) 398-5600
Fax: (617) 507-6020

*Counsel for Additional Plaintiff Michael F. Salbenblatt*

12

# EXHIBIT H

**SNELL & WILMER**

**Joseph G. Adams**
O 602.382.6207  |  F 602.382.6070
jgadams@swlaw.com

September 12, 2025

**VIA EMAIL ONLY**
John C. Roberts, Jr.
Glancy Prongay & Murray LLP
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
jroberts@glancylaw.com

> **Re:**    ***Marilyn Ezzes v. Vintage Wine Estates, Inc., et al.***
> **Case No. 2:22-cv-01915-GMN-DJA**
> **Response to Plaintiffs' Letter, dated September 5, 2025, and the Parties**
> **September 3, 2025 Meet and Confer**

Dear John,

Thank you for taking the time to meet and confer with us on September 3rd regarding Plaintiffs' deficient responses to Defendants Discovery Requests.[1]  This letter responds to the issues raised in your recent correspondence and to the issues raised in our meet and confer.

I.    **Response to Plaintiffs' September 5, 2025 Letter**

*A.  Defendants are continuing to conduct a reasonable search for documents.*

As an initial matter, there is no basis for Plaintiffs' insinuations of spoliation in this case. Defendants have been—and will continue to be—transparent about where they stand in the discovery process.  However, given the unique circumstances of this case —including the fact that Defendants are former employees of a defunct corporation in bankruptcy—the discovery process has required additional time and diligence.  Defendants have made every effort- to identify and disclose records still in their possession, custody, and control—including searching their personal email addresses, computers, cell phones, and other devices.  Those efforts are ongoing.

You raised the issue of devices and whether our clients have preserved relevant evidence. Our clients have confirmed that they have been preserving evidence since the filing of this action.  We are re-checking their devices to confirm all responsive information has been produced.  Defendants have been and remain committed to fulfilling their discovery obligations in good faith and are taking reasonable steps to ensure that any documents still in their personal possession, custody, or control are thoroughly searched and produced as appropriate.

---

[1] Capitalized terms not defined herein have the meaning set forth in Defendants' prior letters, dated July 2, 2025, August 6, 2025, and August 27, 2025 (collectively, the "Discovery Letters").



John C. Roberts, Jr.
Glancy Prongay & Murray LLP
September 12, 2025
Page 2

You also sought discovery into our firm's communications with the Bankruptcy Trustee. It remains unclear what possible relevance these e-mails among counsel would have. We will not produce these e-mails in discovery, but if you wish, we are willing to forward to you the handful of e-mails our firm had with the Trustee's counsel so you can see they contain no relevant information. They are exactly as we described them to you in the call, namely requesting the Trustee's assistance in getting access to the e-mails held by the Trustee. We will not be sharing any of our firm's e-mails going forward; we are simply sharing them with you to resolve this issue.

Lastly, attached as **<u>Exhibit A</u>** is Defendants' list of search terms that we propose to use to search Ms. Johnston's documents. To facilitate a timely and efficient ongoing search, please provide any proposed additions or modifications by September 19, 2025.

### B. Vintage Wine Estates' ("VWE") Privilege

You also raised the issue of privilege. For the time period of this action up through the filing of the bankruptcy petition, all counsel of record have been jointly representing VWE and our individual clients. During the meet and confer, Defendants confirmed that the Trustee holds any privilege that solely belongs to VWE. However, the parties did not discuss any privilege that is jointly held by VWE and the Defendants. In fact, the Trustee does not have the power to waive any joint privilege defense that applies to communications and materials exchanged during the period VWE and the Defendants were jointly represented by counsel. *See In re Equaphor Inc.*, 2012 WL 1682583, at *6 (Bankr. E.D. Va. May 14, 2012) ("One party to a joint privilege . . . cannot unilaterally waive the privilege."). The Defendants do not waive and expressly retain all claims to privilege on these documents and communications.

### C. ESI Protocol

As discovery has progressed, Defendants agree with Plaintiffs that entering into an ESI protocol to govern the collection and production of ESI in this case, while not necessary, is appropriate. You sent us your draft ESI Protocol. We have concerns with the order and are preparing comments and revisions for your review and consideration, which we anticipate sending you early next week.

### D. Defendants' "Reliance on Others" Affirmative Defense

You have claimed repeatedly – without authority – that the assertion of the affirmative defense of reliance on others necessarily requires immediate identification of all such persons in the initial disclosure statement. As we discussed on the call, all Rule 26 requires is that

# SNELL & WILMER

John C. Roberts, Jr.
Glancy Prongay & Murray LLP
September 12, 2025
Page 3

Defendants' identify those individuals "the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(I)(A)(i).

Plaintiffs suggestion that there are "currently no identifiable people that Defendants' claim they reasonably relied on" is pure conjecture. As we said during the meet and confer, Defendants' investigation is ongoing and, accordingly, we are supplementing our Rule 26 disclosure statement to identify additional individuals on whom the Defendants relied. That supplemental disclosure statement is being provided to you with this letter. *See* Defendants' 3rd Suppl. Discl. Statement. Defendants have complied and will continue to comply with their obligations under Fed. R. Civ. P. 26(a) and 26(e)(1)(A) and will timely supplement their disclosures as discovery progresses and more information becomes available.

## II.    Plaintiffs' Deficient Discovery Responses

### A. The Identities of the Former Employees (ROG NO. 1)

Plaintiffs refuse to respond to Defendants' ROG No. 1—which seeks the identities of the Former Employees—on the basis that Plaintiffs allegedly "confirmed the identities of the FEs in their August 20, 2025 letter, and [Defendants] were able to send out subpoenas to them." *See* Plaintiffs' September 5 Letter at 4; *see also* Plaintiffs' August 28 Letter at 2.

This is not true. We do not know for certain the identity of the Former Employees described in Plaintiffs' complaint and who serve as fact witnesses to support Plaintiff's allegations. Indeed, at least one of the suspected Former Employees that Defendants identified and subpoenaed has affirmatively stated that they never spoke with Plaintiffs, Plaintiffs' counsel, or any investigator, and are not one of the Former Employees referenced in Plaintiffs' SAC. Plaintiffs' continued gamesmanship and refusal to clearly identify the Former Employees has caused Defendants' unnecessary and avoidable litigation costs (which Defendants will seek repayment of at the conclusion of this litigation). Furthermore, regardless of whether Defendants did know the Former Employees' identities, Fed. R. Civ. P. 33 requires Plaintiffs to provide complete and direct responses to Defendants' interrogatories under oath. You cannot simply refuse to respond to an interrogatory because you allegedly provided the answer in a discovery dispute letter.

Please answer ROG No. 1 and identify these employees.

Plaintiffs initially refused to disclose the Former Employees' identities based on work product privilege. Plaintiffs cannot claim the identities of the Former Employees are privileged while simultaneously alleging that they have already disclosed the identities of the Former Employees. As such, Plaintiffs have waived any privilege argument with respect to the identities of the Former Employees.

## SNELL & WILMER

John C. Roberts, Jr.
Glancy Prongay & Murray LLP
September 12, 2025
Page 4

**B. Defendants' Remaining Discovery Requests**

Defendants' remaining Discovery Requests seek factual information Plaintiffs learned from the Former Employees (ROGs Nos. 2–4) and any documents or communications from the Former Employees regarding the allegations in Plaintiffs' SAC (RFP Nos. 1–10).

**ROGs Nos. 2–4.** As discussed during our September 3 meet and confer, Defendants understand that Plaintiffs refuse to supplement their responses to Defendants' ROGs on the grounds that Plaintiffs disclosed the information they obtained from the Former Employees in the SAC. This is not a valid objection. Plaintiffs cannot avoid providing complete written responses to Defendants' ROGs by merely pointing to the allegations in their SAC, which is neither verified nor sufficiently specific to satisfy the requirements of Rule 33. *See Becker v. Kikiktagruk Inupiat Corp.*, 2009 WL 10705060, at *2 (D. Alaska Oct. 20, 2009) (A "party cannot refuse to respond to a discovery request on the ground that the requested information is in the possession of the requesting party."). To the extent you claim that no additional information was provided to you apart from what is contained in the SAC, state that in your interrogatory response under oath.

Also, Defendants did not state during the meet and confer—and Defendants' ROGs do not request—that Plaintiffs "explain what was and was not included in Plaintiffs complaint," as Plaintiffs allege. *See* Plaintiffs' September 5 Letter at 4. As discussed during the meet and confer and reiterated in Defendants' Discovery Letters, Defendants seek purely factual information (the who, when, what, where, and why) that Plaintiffs learned from the Former Employees. Facts Plaintiffs learned from third-parties cannot be privileged and cannot be withheld when they are responsive to a duly served interrogatory.

**Defendants' RFPs.** Plaintiffs previously stated they did not have any documents responsive to Defendants' RFPs. *See* Plaintiffs' August 28 Letter; *see also* Plaintiffs' Amended Responses to Defendants' RFPs. However, during the meet and confer, Plaintiffs' confirmed that they (through their attorneys and investigators) received communications from the Former Employees. Plaintiffs refused to produce these documents, claiming Defendants indicated they were not seeking such communications. This is wrong. At no point did Defendants limit the scope of their RFPs to exclude communications from the Former Employees. *See* Defendants' July 2 Letter at 8-9 ("[C]ommunications from the Former Employees . . . do not constitute work product . . . please construe RFP No. 6 as seeking only communications you received from the Former Employees."); *see also* Defendants' August 6 Letter at 6 ("Defendants seek all documents and communications . . . Plaintiffs received from third parties (including the Former Employees) . . . .").

# SNELL & WILMER

John C. Roberts, Jr.
Glancy Prongay & Murray LLP
September 12, 2025
Page 5

Please produce the documents responsive to RFP No. 6, including any correspondences your firm (and anyone working on behalf of your firm)  received from the Former Employees, who are key fact witnesses on whom Plaintiffs rely for their allegations in this action.

We ask that you provide supplemental responses to these discovery requests by September 19, 2025.  If Plaintiffs remain unwilling to supplement their responses as set forth above, you will leave us no option but to raise these issues with the Court.  Defendants reserve all rights and do not waive any objections, arguments, or rights available to them.

Regards,

Snell & Wilmer

Joseph G. Adams

cc via email:    rgordon@swlaw.com
breeve@swlaw.com
zschroeder@swlaw.com
csadler@glancylaw.com
clinehan@glancylaw.com
andrew@molegal.com
ASoleimanpour@glancylaw.com
prajesh@glancylaw.com
jake@blockleviton.com

**Exhibit A**

**Search Terms**

Board w/s director*
Minute*
Asset*
Cost of goods sold
COGs
Inventory
Margin*
CORESense
Navision
Scan gun
Storage
Integrat*
Warehouse
Adjustment
Complaint*
Contaminat*
Profit*
Overhead
Record* w/15 cost*
Impairment indicator*
Restatement
Deficienc*
Material weakness*
GAAP
Generally accepted accounting principles
Staff w/75 accounting
Certif* w/75 report*
DeVillers & transition
DeVillers & resign*
Johnston & appoint*
Roney & resign*
Employment agreement
Org* w/15 chart

# EXHIBIT I

Andrew R. Muehlbauer
Nevada Bar No. 10161
  andrew@mlolegal.com
**MUEHLBAUER LAW OFFICE, LTD.**
7915 West Sahara Ave., Suite 104
Las Vegas, Nevada 89117
Telephone: (702) 330-4505
Facsimile: (702) 825-0141

Casey E. Sadler (pro hac vice)
  csadler@glancylaw.com
Pavithra Rajesh
  prajesh@glancylaw.com
John C. Roberts (pro hac vice)
  jroberts@glancylaw.com
Amir Soleimanpour
  asoleimanpour@glancylaw.com
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Lead Counsel for Lead Plaintiffs*

*(Additional counsel on the signature page)*

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| MARILYN EZZES, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VINTAGE WINE ESTATES, INC., PATRICK RONEY, KATHERINE DEVILLERS, and KRISTINA JOHNSTON,<br><br>Defendants. | Case No. 2:22-cv-01915-GMN-DJA<br><br>**PLAINTIFFS' AMENDED RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES** |

Pursuant to Fed. R. Civ. P. 26 and 34, Lead Plaintiffs Marilyn Ezzes and Jeffrey A. Davies, together with additional Plaintiff Michael F. Salbenblatt ("Plaintiffs") hereby submit these amended responses and objections to Defendants Patrick Roney, Katherine DeVillers, and Kristina Johnston's (collectively, "Defendants") First Set of Interrogatories dated May 23, 2025 (the "Interrogatories").

## PRELIMINARY STATEMENT

Plaintiffs' Amended Responses to the Interrogatories, set forth below, are provided without prejudice to Plaintiffs' rights at trial or other proceedings, and Plaintiffs therefore reserve their rights to object to: (i) the use of these Amended Responses on the basis of privilege, relevancy, materiality, admissibility, or any other applicable objection; or (ii) any other demand for discovery involving or relating to the matters raised in the Interrogatories or the information produced in response to the Requests. Any production pursuant to the Interrogatories shall not include any documents protected by the attorney-client privilege, the work-product doctrine, the right to privacy, or any other applicable privilege or immunity. Inadvertent production of any such document is not intended to be, and shall not operate as, a waiver of any applicable privilege, protection or immunity, in whole or in part.

Additionally, Plaintiffs' Amended Responses to the Interrogatories are made based on information in Plaintiffs' possession, custody, or control at this time; Plaintiffs note that this Action is in the early stages of discovery and reserves the right to supplement or modify the Amended Responses based upon any information that may later be recalled or discovered.

## OBJECTIONS TO DEFINITIONS

1.     Plaintiffs object to the Definitions to the extent they purport to require a search for or production of information or documents beyond what is required by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Nevada.

2.     Plaintiffs specifically object to the proposed definition of "Document" to the extent it is inconsistent with or broader than Federal Rule of Civil Procedure 34(a)(1)(A). Plaintiffs have and will interpret the use of the term "Document" in a manner consistent with Federal Rule of Civil Procedure 34(a)(1)(A).

1

3.      Plaintiffs object to the definition of "You," and "Your" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it purports to include persons other than Marilyn Ezzes, Jeffrey A. Davies and Michael Salbenblatt themselves such as "any of their agents, employees, contractors, representatives, attorneys (unless privileged), and any other Person acting or purporting to act on their behalf." Plaintiffs specifically object to the proposed definition of "You" and "Your" insofar as it encompasses all documents and communications obtained and created by Plaintiffs' attorneys in this Action. Plaintiffs construe "You" or "Your" as meaning each of Plaintiffs themselves.

**OBJECTIONS TO INSTRUCTIONS**

1.      Plaintiffs object to the Instructions generally to the extent they would require the search for or production of information or documents beyond what is required by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Nevada.

2.      Plaintiffs object to the Instructions to the extent it would require Plaintiffs or their attorneys to produce materials subject to the attorney-client privilege and/or the work product doctrine, provide information beyond the knowledge of Plaintiffs themselves.

3.      Plaintiffs object to Instruction No. 4 to the extent that it calls for Plaintiffs to provide a narrative summarizing or recapitulating the allegations contained in the Second Consolidated Amended Class Action Complaint, as well as to the extent it converts any of the Interrogatories into untimely or otherwise improper contention interrogatories.

4.      Plaintiffs object to Instruction No. 5 to the extent that it calls for Plaintiffs to summarize or recapitulate information set forth in Plaintiffs Initial Disclosures.

5.      Plaintiffs object to Instruction No. 6 to the extent it would require Plaintiffs or their attorneys to produce materials subject to the attorney-client privilege and/or the work product doctrine.

6.      Plaintiffs object to Instruction No. 7 to the extent it purports to impose any obligation to create or draft additional documents or information contextualizing any documents or information that may be produced in the course of discovery. Plaintiffs also object to the extent Instruction No.

2

7 would require Plaintiffs or their attorneys to produce materials subject to the attorney-client privilege and/or the work product doctrine.

7. Plaintiffs object to Instruction No. 8 to the extent that it calls for Plaintiffs to provide a narrative summarizing or recapitulating the allegations contained in the Second Consolidated Amended Class Action Complaint, as well as to the extent it converts any of the Interrogatories into untimely or otherwise improper contention interrogatories.

8. Plaintiffs object to Instruction No. 9 to the extent it is vague as to the time of delivery of any privilege log. Plaintiffs shall provide any privilege log pursuant to Fed. R. Civ. P. 26(b)(5)(A)(ii) upon the substantial completion of discovery.

9. Plaintiffs object to Instruction Nos. 2, 3, 8, 10, 13, 15, and 17 to the extent it requires them to respond to requests drafted without reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A). Plaintiffs will interpret ambiguities in Defendants' Requests in good faith and will agree to meet and confer regarding the scope of Defendants' Requests. Plaintiffs will not presume the meanings of and rewrite discovery requests whose meanings cannot reasonably be discerned.

**SPECIFIC RESPONSES AND OBJECTIONS**

**INTERROGATORY NO. 1**

Identify each Former Employee referred to in the Complaint and state the corresponding number by which the Former Employee was designated. For each Former Employee, please provide his or her:

    a) Full name;

    b) Last known address;

    c) E-mail(s);

    d) Phone number(s); and

    e) Any other contact information or identifying information.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiffs object to Interrogatory No. 1 as overly broad, unduly burdensome, and disproportional to the needs of the case to the extent it seeks information sufficiently described in the operative complaint in this action and Plaintiffs' Initial Disclosures, information more readily

available to Defendants, or information readily available from publicly available documents. Plaintiffs further object to Interrogatory No. 1 to the extent it seeks or requires the disclosure of information or documents which are protected from discovery by the attorney-client privilege and/or the work product doctrine. Plaintiffs object to this request on the ground that Plaintiffs have already confirmed the identities of the former employees with Defendants, and Defendants have already served subpoenas on those former employees. Plaintiffs further object to Interrogatory to No. 1 because the phrase "other contact information or identifying information" is vague and ambiguous.

Subject to and without waiving the foregoing objections, Plaintiffs state that the identities of the former employees alleged in the Complaint are as follows. FE1 is Ryan Watts. FE2 is Michael Barranco. FE3 is Nancy Walker. FE4 is Susan Barclay. FE5 is Rob Fernandez. FE6 is Jonas Anderson.

**INTERROGATORY NO. 2:**

For each Former Employee, identify and describe in detail all communications, whether oral or written, that You, or anyone acting on Your behalf, had with the Former Employee. For each communication, please identify:

a) The date(s), time(s), and place(s) of the communication(s);

b) The identity of all Persons present or involved in the communication(s), including their names, contact information, and relationship to the parties in this Action;

c) The substance of each communication, including a summary of what was discussed or conveyed, including any statements made by You;

d) The method of communication (e.g., telephone, email, in-person meeting, letter, etc.); and

e) Any documents, recordings, emails, or other tangible items that memorialize, reference, or relate to each communication.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiffs object to Interrogatory No. 2 as overly broad, unduly burdensome, and disproportional to the needs of the case to the extent it purports to require the composition of a document outlining the investigatory notes, memoranda, and mental impressions of Plaintiffs' counsel or the disclosure of other information or documents which are protected from discovery by

4

the attorney-client privilege and/or work product doctrine.  This request explicitly and solely calls for the disclosure of information protected by attorney-client privilege and/or the work product doctrine, and Plaintiffs are unwilling to waive their protections.

**INTERROGATORY NO. 3:**

With respect to FE 5's allegations in Paragraphs 65 and 66 of the Complaint that the Defendants "were aware of the inventory and software problems . . . and participated in periodic conference calls . . .", and "were routinely copied on various emails in which inventory problems were discussed", identify and describe:

a)  The date(s) and time(s) of the alleged conference calls and emails;

b) The identity of all Persons present or included in the alleged conference calls and emails;

c)  A summary of the discussions; and

d) Any supporting documents or communications in Your possession, custody or control that support the allegations in Paragraphs 65 and 66 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiffs object to Interrogatory No. 3 as overly broad, unduly burdensome, and disproportional to the needs of the case to the extent it purports to seek information readily discernable from documents in the possession, custody, or control of Defendants, or publicly available documents readily available to Defendants.  Plaintiffs further object to Interrogatory No. 3 as overly broad, unduly burdensome, and disproportional to the needs of the case to the extent it purports to require the composition of a document outlining the investigatory notes, memoranda, and mental impressions of Plaintiffs' counsel or the disclosure of other information or documents which are protected from discovery by the attorney-client privilege and/or work product doctrine. This request explicitly and solely calls for the disclosure of information protected by attorney-client privilege and/or the work product doctrine, and Plaintiffs are unwilling to waive their protections.

**INTERROGATORY NO.4:**

Identify every Person who provided documents or information used in the preparation of Your responses to any of Defendants' discovery requests in this Action.

5

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiffs object to Interrogatory No. 4 as overly broad, unduly burdensome, and disproportional to the needs of the case to the extent it purports to require the composition of a document outlining the investigatory notes, memoranda, and mental impressions of Plaintiffs' counsel or the disclosure of other information or documents which are protected from discovery by the attorney-client privilege and/or work product doctrine.  This request explicitly and solely calls for the disclosure of information protected by attorney-client privilege and/or the work product doctrine, and Plaintiffs are unwilling to waive their protections.

Dated:  September 19, 2025

By:  */s/ John C. Roberts*

Casey E. Sadler (pro hac vice)
 csadler@glancylaw.com
Pavithra Rajesh
 prajesh@glancylaw.com
John C. Roberts (pro hac vice)
 jroberts@glancylaw.com
Amir Soleimanpour
 asoleimanpour@glancylaw.com
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Tel: (310) 201-9150
Fax: (310) 201-9160

Andrew R. Muehlbauer
Nevada Bar No. 10161
 andrew@mlolegal.com
**MUEHLBAUER LAW OFFICE, LTD.**
7915 West Sahara Ave., Suite 104
Las Vegas, Nevada 89117
Tel: (702) 330-4505
Fax: (702) 825-0141

*Liaison Counsel for Lead Plaintiffs*
*Lead Counsel for Lead Plaintiffs*

Jeffrey C. Block (pro hac vice)
 jeff@blockleviton.com
Jacob Walker
 jake@blockleviton.com
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
Tel: (617) 398-5600
Fax: (617) 507-6020

*Counsel for Additional Plaintiff Michael F. Salbenblatt*

6

**PROOF OF SERVICE**

I, John C. Roberts, hereby certify that on September 19, 2025, a true and correct copy of the foregoing instrument was served upon the following counsel by electronic mail.

Brian R. Reeve
Snell & Wilmer LLP
1700 S Pavilion Center Dr., Ste 700
Las Vegas, NV 89135
Email: breeve@swlaw.com

Richard Gordon
Snell & Wilmer LLP
3883 Howard Hughes Pkwy
Suite 1100
Las Vegas, NV 89169
Email: rgordon@swlaw.com

Joseph G. Adams
Zachary Schroeder
Snell & Wilmer LLP
1 E Washington St, Ste 2700,
Phoenix, AZ 85004-2556
Email: jgadams@swlaw.com
Email: zschroeder@swlaw.com
Email: jaltendorf@swlaw.com
Email: lmcconnell@swlaw.com

*Attorneys for Defendants Patrick Roney, Katherine DeVillers, and Kristina Johnston*

*/s/ John C. Roberts*
John C. Roberts

7