ANDREW R. MUEHLBAUER,
Nevada Bar No. 10161
**MUEHLBAUER LAW OFFICE, LTD.**
7915 West Sahara Ave., Suite 104
Las Vegas, Nevada 89117
Telephone: (702) 330-4505
andrew@mlolegal.com

Casey E. Sadler (*pro hac vice*)
Pavithra Rajesh
John C. Roberts, Jr. (*pro hac vice*)
Charles H. Linehan (*pro hac vice*)
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
csadler@glancylaw.com
clinehan@glancylaw.com
jroberts@glancylaw.com
prajesh@glancylaw.com

*Counsel for Lead Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| MARILYN EZZES, Individually and on Behalf of All Others Similarly Situated, | Case No. 2:22-cv-01915-GMN-DJA |
| Plaintiff, | **DECLARATION OF JOHN C. ROBERTS, JR. IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL** |
| v. | |
| VINTAGE WINE ESTATES, INC., PATRICK RONEY, KATHERINE DEVILLERS, and KRISTINA JOHNSTON, | |
| Defendants. | |

I, John C. Roberts, Jr., hereby declare:

1.      I am an attorney with the law firm Glancy Prongay & Murray LLP, counsel for Lead Plaintiff Marilyn Ezzes and Jeffrey A. Davies ("Plaintiffs"). I am an attorney duly licensed to practice law in the State of Washington and I am admitted *pro hac vice* in this action. I have personal knowledge of the facts set forth herein and if called upon to testify, I could and would do so truthfully and accurately.

2.      I make this declaration, together with the attached exhibits, in support of Plaintiffs' Opposition to Defendants' Motion to Compel the Production of Documents (ECF No. 102). Defendant initially informed Plaintiffs that they were not in possession of a significant number of relevant documents, even putting off an ESI protocol on the ground that there would not be enough documents to justify it, only to state later in the discovery process that they did, in fact, have a significant amount of ESI in their possession. Defendants ultimately missed the Court-ordered deadline for the substantial completion of document production.

3.      Defendants have also failed to comply with the requirement in the ESI Protocol that privilege logs be completed within 30 days of production. Defendants have taken the position, unsupported by the text of the ESI Protocol, that they only have to provide a privilege log within 30 days of their final decision to designate something as privileged.

4.      While Defendants suggest that Plaintiffs refused to meet and confer over the issue, or prolonged negotiations over a meet and confer, this is wrong. Plaintiffs have engaged in lengthy negotiations with Defendants in this and other matters. In all their responses, Plaintiffs always offered to meet and confer.

5.      Attached hereto as Exhibit 1 is a true and correct copy of a document produced by the Liquidating Trustee in this litigation, dated October 9, 2021, and bearing Bates stamp LT00260301.

6.      Attached hereto as Exhibit 2 is a true and correct copy of a document produced by Defendants in this litigation, dated July 26, 2022, and bearing the Bates stamp RDJ473212.

7.      Attached hereto as Exhibit 3 is a true and correct copy of a document produced by the Liquidating Trustee in this litigation, dated July 28, 2022, and bearing Bates stamp LT00135870.

8. Attached hereto as Exhibit 4 is a true and correct copy of a document produced by the Liquidating Trustee in this litigation, dated September 20, 2021, and bearing Bates stamp LT00281100.

9. Attached hereto as Exhibit 5 is a true and correct copy of a document produced by the Liquidating Trustee in this litigation, dated December 3, 2021, and bearing Bates stamp LT00034687.

10. Attached hereto as Exhibit 6 is a true and correct copy of a document produced by the Liquidating Trustee in this litigation, dated June 20, 2022, and bearing Bates stamp LT00043425.

11. Attached hereto as Exhibit 7 is a true and correct copy of a document produced by the Liquidating Trustee in this litigation, dated July 5, 2022, and bearing Bates stamp LT00090719.

12. Attached hereto as Exhibit 8 is a true and correct copy of a document produced by the Liquidating Trustee in this litigation, dated August 15, 2022, and bearing Bates Stamp LT00012057.

13. Attached hereto as Exhibit 9 is a true and correct copy of a document produced by Defendants in this litigation, dated July 29, 2022, and bearing Bates stamp RDJ461746.

14. Attached hereto as Exhibit 10 is a true and correct copy of a document produced by Defendants in this litigation, dated February 8, 2023, and bearing Bates stamp RDJ488206.

15. Attached hereto as Exhibit 11 is a true and correct copy of a document produced by the Liquidating Trustee in this litigation, dated December 6, 2021, and bearing Bates stamp LT00042377.

16. Attached hereto as Exhibit 12 is a true and correct copy of a document produced by the Liquidating Trustee in this litigation, dated March 9, 2022, and bearing Bates stamp LT00338809.

17. Attached hereto as Exhibit 13 is a true and correct copy of a document produced by the Liquidating Trustee in this litigation, dated April 12, 2022, and bearing Bates stamp LT00346907.

18.    Attached hereto as Exhibit 14 is a true and correct copy of document produced by the Liquidating Trustee in this litigation, dated April 12, 2022, and bearing Bates stamp LT00346905.

19.    Attached hereto as Exhibit 15 is a true and correct copy of a document produced by the Liquidating Trustee in this litigation, dated July 12, 2022, and bearing Bates stamp LT00036394.

20.    Attached hereto as Exhibit 16 is a true and correct copy of a document produced by Defendants in this litigation, dated January 10, 2022, and bearing Bates stamp RDJ487010.

21.    Attached hereto as Exhibit 17 is a true and correct copy of a document produced by the Liquidating Trustee in this litigation, dated February 11, 2022, and bearing Bates stamp LT00116054.

22.    Attached hereto as Exhibit 18 is a true and correct copy of a document produced by the Liquidating Trustee in this litigation, dated May 12, 2022, and bearing Bates stamp LT00116027.

23.    Attached hereto as Exhibit 19 is a true and correct copy of a document produced by the Liquidating Trustee in this litigation, dated March 12, 2021, and bearing Bates stamp LT00022575.

24.    Attached hereto as Exhibit 20 is a true and correct copy of a document produced by the Liquidating Trustee in this litigation, dated April 12, 2021, and bearing Bates stamp LT00008588.

25.    Attached hereto as Exhibit 21 is a true and correct copy of a document produced by the Liquidating Trustee in this litigation, dated September 20, 2021, and bearing Bates stamp LT00226441.

26.    Attached hereto as Exhibit 22 is a true and correct copy of a document produced by the Liquidating Trustee in this litigation, dated September 24, 2021, and bearing Bates stamp LT00226524.

27.    Attached hereto as Exhibit 23 is a true and correct copy of a document produced by the Liquidating Trustee in this litigation, dated October 11, 2021, and bearing Bates stamp LT00048894.

28.     Attached hereto as Exhibit 24 is a true and correct copy of a document produced by the Liquidating Trustee in this litigation, dated September 15, 2021, and bearing Bates stamp LT00218065.

29.     Attached hereto as Exhibit 25 is a true and correct copy of a document produced by the Liquidating Trustee in this litigation, dated October 6, 2021, and bearing Bates stamp LT00287747.

30.     Attached hereto as Exhibit 26 is a true and correct copy of a document produced by the Liquidating Trustee in this litigation, dated November 19, 2021, and bearing Bates stamp LT000162113.

31.     Attached hereto as Exhibit 27 is a true and correct copy of a document produced by the Liquidating Trustee in this litigation, dated October 28, 2021, and bearing Bates stamp LT00321786.

32.     Attached hereto as Exhibit 28 is a true and correct copy of a document produced by the Liquidating Trustee in this litigation, dated December 7, 2021, and bearing Bates stamp LT00227545.

33.     Attached hereto as Exhibit 29 is a true and correct copy of a document produced by the Liquidating Trustee in this litigation, dated January 3, 2022, and bearing Bates stamp LT00227559.

34.     Attached hereto as Exhibit 30 is a true and correct copy of a document produced by Defendants in this litigation, dated March 2022, and bearing Bates stamp RDJ485848.

35.     Attached hereto as Exhibit 31 is a true and correct copy of a document produced by Defendants in this litigation, dated April 15, 2022, and bearing Bates stamp RDJ473096.

36.     Attached hereto as Exhibit 32 is a true and correct copy of a document produced by the Liquidating Trustee in this litigation, dated April 14, 2022, and bearing Bates stamp LT00022845.

37.     Attached hereto as Exhibit 33 is a true and correct copy of a document produced by Defendants in this litigation, dated April 19, 2022, and bearing Bates stamp RDJ485880.

38.    Attached hereto as Exhibit 34 is a true and correct copy of a document produced by Defendants in this litigation, dated August 21, 2022, and bearing Bates stamp RDJ485989.

39.    Attached hereto as Exhibit 35 is a true and correct copy of a document produced by Defendants in this litigation, dated January 3, 2025, and bearing Bates stamp RDJ477181.

40.    Attached hereto as Exhibit 36 is a true and correct copy of letter from John C. Roberts, Jr. to Joseph G. Adams, dated August 28, 2025.

41.    Attached hereto as Exhibit 37 is a true and correct copy of an email from John C. Roberts, Jr. to, *inter alia*, Zachary Schroeder and Brendan Jarboe, dated October 30, 2025.

42.    Attached hereto as Exhibit 38 is a true and correct copy of an email from Robert Eisentrout to, inter alia, John C. Roberts Jr., dated December 5, 2025.

43.    While the Exhibits above Bates stamped with the prefix "LT—" all bear confidentiality designations, the documents were de-designated by the designating party, the Liquidating Trustee, on December 5, 2025. *See* Exhibit 38.

I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct. Executed this 8th day of December 2025.

*/s/ John C. Roberts, Jr.*
John C. Roberts, Jr.

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On December 8, 2025, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the District of Nevada, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 8, 2025, at Bainbridge Island, Washington.

*/s/ John C. Roberts, Jr.*
John C. Roberts, Jr.