# EXHIBIT 18



## Minutes of the Open Meeting of the Audit Committee
## Followed Immediately by a Meeting of the
## Board of Directors of Vintage Wine Estates, Inc.
## on
## May 12, 2022 at 8:00 AM PT

**Audit Committee Attendees:** Candice Koederitz, Mark Harms, Jon Moramarco and Lisa Schnorr, Chairwoman.

**Other Audit Committee Invitees**: Adam Hunter, Jessica Simmons, Kasey George, Paul Feagen, and Matt Dobbins of Cherry Bekaert LLP.

**Board Member Attendees** (who are not members of the Audit Committee)**:** Rob Berner, Tim Proctor, Pat Roney, Jonathan Sebastiani and Paul Walsh (the "Chairman").

**Other Invitees**: Kristin Johnston, Chief Financial Officer of the Company; Kathy DeVillers, EVP - Acquisitions and Integration; and Alexander McClean, Assistant Secretary of the Company.

## Audit Committee Open Meeting

Ms. Schnorr, Audit Committee Chair of Vintage Wine Estates, Inc. (the "Company"), called the Audit Committee Open Meeting (the "Committee") to order at 8:00 AM PT. Ms. Schnorr noted that a quorum was present and that the meeting was properly convened. Ms. Schnorr noted that the Committee would defer approving the minutes of the February 11th meeting until the next meeting of the Committee. Ms. Schnorr then turned the time over to Ms. Johnston to highlight certain priorities she has been working on since joining the Company as Chief Financial Officer.

Ms. Johnston referred to PowerPoint slides that are attached hereto as <u>Exhibit A</u>. Ms. Johnston began by describing staffing shortages in the finance department and the Company's use of consultants to help fill staffing shortages. Ms. Johnston shared the progress she had made in filling open positions in the finance department and reduce the reliance on consultants. Ms. Johnston also discussed the adjustments made to the Company's financial results, accounting process improvements that had been made, efforts made to improve account reconciliation review and remediation of the Company's material weakness.

211115.0800 Page **1** of **6**

Ms. Johnston then discussed the Company's earnings release and Form 10-Q and referred to the Form 10-Q and earnings release in substantially the form previously provided to the Committee. Ms. Johnston provided an overview of key highlights of the Form 10-Q and earnings release. Feedback on the Form 10-Q and earnings release was shared with management. After discussion, upon motion properly made and duly seconded, the Committee unanimously adopted the following resolution:

> **RESOLVED**, that the Committee hereby recommends the approval of the filing of the Form 10-Q in substantially the form as provided to the Committee, with such subsequent revisions as approved by the Company's Chief Executive Officer and Chief Financial Officer.

Ms. Schnorr then turned the time over to Cherry Bekaert to discuss the required auditor communications, including the following items:

- Significant changes to accounting policies and practices during quarter;
- Written communications between the independent auditor and management;
- Adequacy of the Company's disclosure controls and internal procedures; and
- Accounting for new transactions.

Throughout their presentation Cherry Bekaert referred to the PowerPoint presentation included in the Board book and responded to questions received from the Committee. Mr. McClean then reported that there were no reports from the whistleblower hotline related to financial reporting matters.

The Committee then met in executive session with Cherry Bekaert without management present. The Committee meeting was then adjourned.

## Board Meeting

Mr. Walsh, Chairman of the Board, called the Board Meeting to order. Mr. Walsh noted that a quorum was present and that the meeting was properly convened. Mr. Walsh noted that the minutes of the February Board meeting would be approved at the Board's next meeting.

Mr. Walsh then indicated that based upon the recommendation of the Committee, the Board should approve the filing of the Form 10-Q. Upon motion properly made and duly seconded, the Board unanimously adopted the following resolution:

> **RESOLVED**, that the Board hereby recommends the approval of the filing of the Form 10-Q in substantially the form as provided to the Board, with such subsequent revisions as approved by the Company's Chief Executive Officer and Chief Financial Officer.

11377263_2

CONFIDENTIAL TREATMENT REQUESTED BY VWE
CONFIDENTIAL                                                                 VWE-SEC-0253742
                                                                                            LT00116028

Mr. Walsh then turned the time over to Mr. McClean to describe a proposal to ratify

> # Redacted

- Each non-employee Director, other than the Chairman of the Board, shall receive $150,000 per year composed of $75,000 in cash and $75,000 in restricted stock (based on the variable weighted average market price for the common stock as measured at the close of the first 30 trading days of the fiscal year);

- The Chairman of the Board shall receive $300,000 per year composed of $150,000 in cash and $150,000 in restricted stock (based on the variable weighted average market price for the common stock as measured at the close of the first 30 trading days of the fiscal year), except that the Chairman may elect to receive all $300,000 in cash, provided the Chairman uses the net after-tax proceeds of half of such cash compensation, to purchase shares of the Company's common stock in the open market;  and

- The Chairs of the Audit Committee, the Compensation Committee, and the Nominating and Governance Committee shall each receive additional annual cash compensation of $20,000, $15,000 and $10,000, respectively.

**RESOLVED**, that the director compensation, as recommended by the Compensation Committee, is hereby authorized, approved and ratified.

**RESOLVED**, that the proper officers of the Company are authorized to issue restricted stock awards as a component of the Director Compensation to each director then serving annually pursuant to the Company's 2021 Omnibus Incentive Plan or such successor plan.  Each such restricted stock award will vest one year from the grant date and will be validly issued, fully paid and non-assessable.

211115.0800                                              Page **3** of **6**

11377263_2

CONFIDENTIAL TREATMENT REQUESTED BY VWE
CONFIDENTIAL

VWE-SEC-0253743
LT00116029

**RESOLVED**, that the proper officers of the Company be, and each of them hereby is, authorized, empowered and directed to take all further actions and to execute, deliver and file all such further agreements, instruments, filings and documents, in the name of and on behalf of the Company as they or any one of them shall deem necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by and consistent with the intent and purposes of the foregoing resolutions.

**RESOLVED**, that the execution of this Written Consent may be by actual, electronic, or facsimile signature.

Mr. Walsh then turned the time over to Mr. Roney to provide a CEO report. Mr. Roney described external factors affecting the business and internal developments at the Company.

Mr. Walsh then turned the time over to Ms. Johnston to provide a CFO report. Ms. Johnston referred to the PowerPoint slides provided to the Board in advance of the meeting and attached hereto as <u>Exhibit</u> B.  Ms. Johnston highlighted the Company's performance during the third fiscal quarter and SEC reporting timeline.   Ms. Johnston also highlighted the activity of the Company's stock buyback program during the 3rd fiscal quarter and progress on remediating internal controls.

Mr. Walsh then turned the time over to Mr. Roney to discuss business development opportunities.  Mr. Roney discussed opportunities the Company was pursuing and answered a series of questions from the Board.

Mr. Walsh then turned the time over to Ms. DeVillers to discuss the Company's business integration efforts.  Ms. DeVillers provided a report of the Company's business integration efforts and responded to questions from the Board.

**Adjournment of the Meeting**: With no further business before the Board, the meeting was adjourned.

Prepared by:

_____
Alexander R. McClean
Assistant Secretary

211115.0800                                                                                       Page **4** of **6**

11377263_2

CONFIDENTIAL TREATMENT REQUESTED BY VWE
CONFIDENTIAL

VWE-SEC-0253744
LT00116030

**Exhibit A**

211115.0800                                                                                          Page **5** of **6**

11377263_2

CONFIDENTIAL TREATMENT REQUESTED BY VWE                                     VWE-SEC-0253745
CONFIDENTIAL                                                                                        LT00116031

**Exhibit B**

211115.0800

Page **6** of **6**

11377263_2

CONFIDENTIAL TREATMENT REQUESTED BY VWE
CONFIDENTIAL

VWE-SEC-0253746
LT00116032