# EXHIBIT 36



John C. Roberts Jr.
jroberts@glancylaw.com
1925 Century Park East, Suite 2100
Los Angeles, California 90067
T: (310) 201-9150

August 28, 2025

Joseph G. Adams
Snell & Wilmer LLP
One East Washington Street, Suite 2700
Phoenix, AZ 85004
jgadams@swlaw.com

Re:    *Ezzes v. Vintage Wine Estates, Inc., et al.*, Case No. 2:22-cv-01915-GMN-DJA
Discovery Disputes and Defendants' August 27, 2025 Letter

Dear Joseph:

Thank you for your August 27, 2025 letter. Since your letter mixes issues related to Plaintiffs' discovery with issues related to Defendants' discovery (and leaves many issues out), I will address them in turn.

***Plaintiffs' First and Second RFPs and Defendants' Deficient Disclosures***

Your August 27 letter states that Defendants have spent significant time collecting and reviewing documents. I should hope so. This case was filed in 2022; the parties are nine months into discovery, and Defendants have been in receipt of detailed RFPs from Plaintiffs since May 15th. Defendants have stated on numerous occasions that they are spending significant time on document collection and review. *See* Defs August 27 Letter ("We are devoting significant time and resources to reviewing these documents and preparing the requested documents for production."); Defs August 6 Letter (same); Defs June 12 Letter ("Defendants are conducting a reasonable search for documents . . . ."). In light of this, Plaintiffs are expecting a significant production. But despite these promises and all the time that has elapsed, Defendants have still produced next to nothing. Defendants say that they will produce documents "in a timely manner upon completion of their review." But they have to get started. Defendants have a substantial completion deadline of September 26, 2025, *which is less than a month away*. Defendants should be making rolling productions. Please tell us immediately if Defendants do not intend to make rolling productions.

As explained in our August 20, 2025 letter, while Defendants claim in their R&Os that they do not understand certain terms used in Plaintiffs' RFPs, the claim is meritless because Defendants use those same terms in their filings with the Court, in their own requests for

Joseph G. Adams
August 28, 2025
Page 2

documents, and in the joint filings the parties have made to the Court. We outlined the examples in our letter, and Defendants do not dispute them. Even so, Plaintiffs spent a lot of time in their August 20 letter clarifying the terms that Defendants purported not to understand. Having now heard the clarifications, Defendants have nothing to say in response. Please get on with the production then.

Finally, Plaintiffs requested over a month and a half ago the names of the third parties upon whom Defendants "reasonably relied," and they asked again for those names two weeks ago. Defendants have amended their initial disclosures twice—yet they still have not identified these individuals or entities. This omission is glaring. VWE is bankrupt and thus not a party to this action, and the bankruptcy trustee is disclaiming any real knowledge of the Company's operations or the underlying facts of the case. Under these circumstances, it is absurd for the Defendants to refuse to identify *any* VWE executives that might have knowledge relevant to the case, except for the people Plaintiffs already named. This is stonewalling, plain and simple. Please amend your discovery responses and/or provide a list of relevant executives immediately.

### *Defendants' Discovery*

Defendants note that Plaintiffs have not produced any documents in response to Defendants' discovery requests, but that is because Defendants made a limited number of narrow requests, and Plaintiffs do not have any documents responsive to those requests.

Defendants claim that they do not know the identities of the former employees mentioned in the Complaint and they have amended their initial disclosures to say as much. But this is inconsistent with the fact that (a) Plaintiffs confirmed the identities of the former employees with Defendants in their August 20, 2025 letter, and (b) Defendants have already served subpoenas on those former employees (plus one other person identified in our initial disclosures). Thus, your assertion that we have not provided this information is, frankly, false.

Defendants ask Plaintiffs for a privilege log, but they have already said that they are not seeking Plaintiffs' counsel's prefiling investigation, notes, summaries, or mental impressions, and that they are not seeking Plaintiffs' counsel's or counsel's investigator's communication with the Former Employees. So limited, Plaintiffs have no responsive documents, as they have stated. Plaintiffs are not logging all of their counsel-client communications and giving those to Defendants, nor are they logging all of their attorney work product, particularly when Defendants have specifically stated that they are *not* seeking such documents.

### *Meet and Confer on Discovery Issues*

Plaintiffs are happy to discuss all of these issues with you at the upcoming meet and confer. Defendants' claim that Plaintiffs have been somehow avoiding a meet-and-confer is

Joseph G. Adams
August 28, 2025
Page 3

baseless. Plaintiffs have proposed meet-and-confers on numerous occasions, which Defendants have ignored. *See, e.g.,* Pltfs August 20 Letter (". . . [P]lease provide us with your availability for a meet and confer next week to discuss your Second Responses."); Pltfs August 13 Letter ("Please provide . . . your availability for a meet and confer next week to discuss your responses."). In any case, we are happy that this is finally moving forward, and we look forward to a productive meeting.

Regards,

*/s/John C. Roberts*

John C. Roberts