# EXHIBIT 37

| | |
|---|---|
| **From:** | John Roberts |
| **To:** | Schroeder, Zachary; Brendan Jarboe |
| **Cc:** | Adams, Joe; Gordon, Richard; Reeve, Brian; Casey Sadler; Catero, Jennifer Hadley; Amir Soleimanpour; Jacob Walker; Pavithra Rajesh; Wisniewski, Chris; Jacob Walker |
| **Subject:** | RE: Ezzes v. Roney, et al., USDC NV 2:22-cv-01915-GMN-DJA |
| **Date:** | Thursday, October 30, 2025 10:03:14 PM |

Zach,

Thanks for the email. A few items demand my comment and clarification here, because they relate to more general agreements:

First, the deadline for Defendants to produce a privilege log is not "in the coming weeks." Defendants have been sitting on Plaintiffs' RFPs for many months—since May and July, specifically. Defendants have made numerous productions and still not produced a single privilege log: their compliance is long overdue. Per Section 7 of the ESI protocol, Defendants have until tomorrow to submit a privilege log in connection with their October 1, 2025 production. Please confirm that Defendants will produce a privilege log tomorrow that includes entries for everything withheld as privileged through October 1, 2025, or provide a time to meet and confer on a motion to compel that log from Defendants.

Second, your request for Mr. Watts to produce a log of privileged communications after November 14, 2022 is improper. As is clear, such communications do not need to be logged under Section 7 of the ESI Protocol, and it is absurd to suggest that non-parties are somehow subjected to higher burdens than the parties to the case. Even putting aside the ESI Protocol, the parties have long had an agreement in this case that counsel would not log their post-complaint communications with third parties, whether privileged or not. This dates back to the meet-and-confer on September 3, 2025, when the parties discussed the Defendants' response to *Plaintiffs*' RFP No. 1, which sought, among other things, communications between counsel for Defendants and the Liquidating Trustee. On that meet-and-confer, it was actually counsel for *Defendants* who suggested that he had never tracked or logged counsel communications during an active case and would not start now. That agreement, relied upon for months, and memorialized in part by the ESI Protocol, is the law of the case. *See We the Protesters, Inc. v. Sinyangwe*, 348 F.R.D. 175, 178 (S.D.N.Y. 2024) ("Rule 29(b) specifically affords parties the flexibility to design their own, mutually agreed upon protocols for handling discovery," which a party cannot "unilaterally" later adjust); *Mason Tenders Dist. Council Welfare Fund v. LJC Dismantling Corp.*, 400 F. Supp. 3d 7, 14–15 (S.D.N.Y. 2019) (acknowledging binding nature of stipulations and agreements among litigants); *Tradeshift, Inc. v. BuyerQuest, Inc.*, 2021 WL 1586283, at *2 (N.D. Cal. Apr. 23, 2021) (enforcing a party's obligation to review certain emails in part because "[a]ll agreements are voluntary; once made, they are binding"). Defendants' conduct in this case actually reflects the existence of that agreement, as they have issued a half dozen third-party subpoenas, and they have clearly communicated with third parties, but they have not yet logged any of those communications on a privilege log. There cannot be "one rule for me and one for thee." Plaintiffs will not allow Defendants to back-track on their agreements, nor will they allow them to violate the ESI Protocol. Defendants speculate that some of the documents may not actually be privileged, but speculation establishes nothing, and it certainly does not override the plain language of ESI Protocol.

Third, I do not understand your saber-rattling about a motion to compel, when Mr. Watts would have 30 days from the date of production to issue his log (if any), and you all are still negotiating the scope of discovery.

Defendants are on very thin ice here, and if they move compel from Mr. Watts on meritless grounds, or unilaterally alter agreements, Plaintiffs will go to the Court for all appropriate relief.

Thanks,
John

---

**From:** Schroeder, Zachary <zschroeder@swlaw.com>
**Sent:** Thursday, October 30, 2025 3:56 PM
**To:** Brendan Jarboe <brendan@blockleviton.com>
**Cc:** Adams, Joe <jgadams@swlaw.com>; Gordon, Richard <rgordon@swlaw.com>; Reeve, Brian <breeve@swlaw.com>; Casey Sadler <CSadler@glancylaw.com>; John Roberts <JRoberts@glancylaw.com>; Catero, Jennifer Hadley <jcatero@swlaw.com>; Amir Soleimanpour <ASoleimanpour@glancylaw.com>; Jacob Walker <jake@blockleviton.com>; Pavithra Rajesh <PRajesh@glancylaw.com>; Wisniewski, Chris <cwisniewski@swlaw.com>; Jacob Walker <jake@blockleviton.com>
**Subject:** RE: Ezzes v. Roney, et al., USDC NV 2:22-cv-01915-GMN-DJA

Brendan,

Thanks for the call last week.  Defendants have considered the arguments you raised and are unmoved.  Please confirm that Mr. Watts will conduct a reasonable search for documents responsive to the subpoena and will produce a privilege log by November 10, 2025. If we do not receive confirmation by November 4, 2025, we will be left with no option but to file a miscellaneous action in the Northern District of California to compel your client's production in response to the subpoena.

First, your argument that Mr. Watts does not need to log privileged communications after November 14, 2022 carries no water.  While Section 7 of the ESI Order does not require a privilege log for communications after 11/14/22, that section only applies to the "Parties."  Mr. Watts is not a party to the litigation.  There is also a separate section of the ESI order that specifically references third-party subpoenas—Section 5.16.  That section does not say anything about privilege logs.  If you can point me to any specific provision of the ESI Order that allows third-parties to withhold a privilege log in response to a subpoena, I am more than happy to review.  However, during my review of ESI Order, I did not see any such provision.

I also clarified on the call that we are not asking you to log any communications with your client that solely relate to the subpoena.  However, to the extent you claim privilege over any other communications or documents—including any communications where you were generally discussing the litigation or the allegations in the complaint or documents regarding the same—we do ask that you prepare a privilege log for those.  We do not believe all of those communications and documents are privileged and, to the extent necessary, may seek an in-camera inspection so the Court can determine whether any privilege exists.

You also raised the issue that Defendants have not produced a privilege log to date.  While I stand

by my position that Defendants' production of a privilege log is irrelevant to whether or not a third-party needs to produce a privilege log when it is specifically requested by the party that issued the subpoena, I can confirm that Defendants are working on preparing a privilege log and will produce it within the coming weeks.

With regard to Request No. 2, you claimed that the request was overbroad and unduly burdensome. However, when I asked whether Mr. Watts had done any search in response to the Request so you could tell me exactly how it was overly broad and unduly burdensome, you refused to answer that question. As our discussion ensued, you revealed that Mr. Watts no longer has access to his work computer or email, and did not take any work documents with him after his termination from Vintage Wine. As such, the only potential universe of documents to search would be Mr. Watts' personal email address and any loose documents that Mr. Watts may have available to him. Because of the small universe of documents that would be subject to Mr. Watts' search, we do not believe search terms are necessary or appropriate. We do not know how Mr. Watts referred to his time at Vintage Wine or how he is referring to this litigation. The scope of Request No. 2 is clear—"[a]ll documents and communications that reference or relate in any way to the Litigation." If you conduct a search and discover there are 10,000 documents you believe are responsive to this Request, that information is relevant in and of itself. If, on the other hand, there are only 10 documents you believe are responsive to this Request, then the Request was neither overly broad nor unduly burdensome.

Regarding your belated objection under Rule 45(c)(2)(A), Mr. Watts failed to raise that objection in his initial response and, as such, waived the objection. *See* Fed. R. Civ. P. 45(d)(2)(B). Nonetheless, to the extent Mr. Watts argues that he is subject to the ESI Order (which he is not), the ESI Order requires that all hard-copy documents be produced "in CCITT Group IV single-page TIFF format" and all ESI be produced "in TIFF format, with the exception of any spreadsheets, audio, video files, and any files that are not easily rendered in TIFF format which shall be produced in Native Format." [ECF 95 §§ 5.1, 5.2.] Because TIFF format documents do not need to be physically produced at any location and can, instead, be produced electronically through a file-share system, we will be happy to provide Mr. Watts access to our share-file system so that he can upload responsive documents from the comfort of his home.

I look forward to your response,

**Zach Schroeder**

O: 602.382.6911 | M: 563.357.2354
zschroeder@swlaw.com

**SNELL**
**& WILMER**
swlaw.com | Disclaimer | LinkedIn

One East Washington Street | Suite 2700 | Phoenix, AZ 85004-2556

**From:** Brendan Jarboe <brendan@blockleviton.com>
**Sent:** Thursday, October 23, 2025 12:40 PM
**To:** Schroeder, Zachary <zschroeder@swlaw.com>
**Cc:** Adams, Joe <jgadams@swlaw.com>; Gordon, Richard <rgordon@swlaw.com>; Reeve, Brian <breeve@swlaw.com>; csadler@glancylaw.com; jroberts@glancylaw.com; Catero, Jennifer Hadley <jcatero@swlaw.com>; ASoleimanpour@glancylaw.com; Jacob Walker <jake@blockleviton.com>; prajesh@glancylaw.com; Wisniewski, Chris <cwisniewski@swlaw.com>; Jacob Walker <jake@blockleviton.com>
**Subject:** RE: Ezzes v. Roney, et al., USDC NV 2:22-cv-01915-GMN-DJA

**[EXTERNAL]** brendan@blockleviton.com

Zach,

Thanks for your time this afternoon.

To recap, per the Court's order concerning the ESI protocol, Mr. Watts is under no obligation to produce a privilege log before making a production and has "no obligation to log communications involving counsel that post-date November 14, 2022 that concern or arise under this litigation." ECF No. 95. To reiterate what I said on the call, our representation of Mr. Watts post-dates November 14, 2022. Although we disagreed as to its relevance, it sounded like you conceded Defendants themselves have yet to produce a privilege log in this matter.

Additionally, we stand on our objections to Request No. 2 as being wildly overbroad and unduly burdensome as well as irrelevant to any claim or defense at issue in the action. You agreed to consider potential parameters for a narrowed search under Request No. 2. Once such a proposal is provided, I will evaluate it in consultation with my client and revert.

Brendan

--

Brendan Jarboe
**Block & Leviton LLP**
(617) 398-5600

This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

**From:** Brendan Jarboe <brendan@blockleviton.com>

**Sent:** Tuesday, October 21, 2025 7:58 PM
**To:** Schroeder, Zachary <zschroeder@swlaw.com>
**Cc:** Adams, Joe <jgadams@swlaw.com>; Gordon, Richard <rgordon@swlaw.com>; Reeve, Brian <breeve@swlaw.com>; csadler@glancylaw.com; jroberts@glancylaw.com; Catero, Jennifer Hadley <jcatero@swlaw.com>; ASoleimanpour@glancylaw.com; Jacob Walker <jake@blockleviton.com>; prajesh@glancylaw.com; Wisniewski, Chris <cwisniewski@swlaw.com>
**Subject:** RE: Ezzes v. Roney, et al., USDC NV 2:22-cv-01915-GMN-DJA

Zach,

Sounds good—I'll send a calendar invite tomorrow am.

Brendan


--

Brendan Jarboe
**Block & Leviton LLP**
(617) 398-5600


This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

---

**From:** Schroeder, Zachary <zschroeder@swlaw.com>
**Sent:** Tuesday, October 21, 2025 6:09 PM
**To:** Brendan Jarboe <brendan@blockleviton.com>
**Cc:** Adams, Joe <jgadams@swlaw.com>; Gordon, Richard <rgordon@swlaw.com>; Reeve, Brian <breeve@swlaw.com>; csadler@glancylaw.com; jroberts@glancylaw.com; Catero, Jennifer Hadley <jcatero@swlaw.com>; ASoleimanpour@glancylaw.com; Jacob Walker <jake@blockleviton.com>; prajesh@glancylaw.com; Wisniewski, Chris <cwisniewski@swlaw.com>
**Subject:** RE: Ezzes v. Roney, et al., USDC NV 2:22-cv-01915-GMN-DJA


[EXTERNAL]

Brendan,

We are available on Thursday between 2–4.  Please let us know what time works for you and we can circulate dial in information.

Thank you,

**Zach Schroeder**

**O:** 602.382.6911 | **M:** 563.357.2354
zschroeder@swlaw.com

## SNELL
## & WILMER

swlaw.com | Disclaimer | LinkedIn

One East Washington Street | Suite 2700 | Phoenix, AZ 85004-2556

---

**From:** Brendan Jarboe <brendan@blockleviton.com>
**Sent:** Thursday, October 16, 2025 12:29 PM
**To:** Wisniewski, Chris <cwisniewski@swlaw.com>
**Cc:** Schroeder, Zachary <zschroeder@swlaw.com>; Adams, Joe <jgadams@swlaw.com>; Gordon, Richard <rgordon@swlaw.com>; Reeve, Brian <breeve@swlaw.com>; csadler@glancylaw.com; jroberts@glancylaw.com; Catero, Jennifer Hadley <jcatero@swlaw.com>; ASoleimanpour@glancylaw.com; Jacob Walker <jake@blockleviton.com>; prajesh@glancylaw.com
**Subject:** RE: Ezzes v. Roney, et al., USDC NV 2:22-cv-01915-GMN-DJA

**[EXTERNAL]** brendan@blockleviton.com

---

Zach,

Are you available for a call on Thursday October 23rd or Friday October 24th after 2pm?

Brendan

Brendan Jarboe
**Block & Leviton LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600
brendan@blockleviton.com  |  https://www.BlockLeviton.com

This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

---

**From:** Wisniewski, Chris <cwisniewski@swlaw.com>
**Sent:** Wednesday, September 24, 2025 8:16 PM

**To:** Brendan Jarboe <brendan@blockleviton.com>
**Cc:** Schroeder, Zachary <zschroeder@swlaw.com>; Adams, Joe <jgadams@swlaw.com>; Gordon, Richard <rgordon@swlaw.com>; Reeve, Brian <breeve@swlaw.com>; csadler@glancylaw.com; jroberts@glancylaw.com; Catero, Jennifer Hadley <jcatero@swlaw.com>; ASoleimanpour@glancylaw.com; Jacob Walker <jake@blockleviton.com>; prajesh@glancylaw.com
**Subject:** Ezzes v. Roney, et al., USDC NV 2:22-cv-01915-GMN-DJA


[EXTERNAL]

Good afternoon,

Please see the attached correspondence from Zachary Schroeder in the above referenced matter.

Thank you,

**Chris Wisniewski**

Legal Administrative Assistant to Alicia M. Roe | Danny Inglese | Hannah-Kaye Fleming | Matthew Racioppo | Patrick Welch

**O:** 602.382.6276
cwisniewski@swlaw.com

**SNELL
& WILMER**

swlaw.com | LinkedIn

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.