Brian R. Reeve (Nevada Bar #10197)
SNELL & WILMER L.L.P.
1700 South Pavilion Center Drive
Suite 700
Las Vegas, Nevada 89135-1865
Telephone: 702.784.5200
Facsimile:  702.784.5252
Email: rgordon@swlaw.com
        breeve@swlaw.com

Joseph G. Adams *(Pro Hac Vice)*
Zachary G. Schroeder *(Pro Hac Vice)*
Jennifer Hadley Catero *(Pro Hac Vice)*
Hannah-Kaye Fleming (*Pro Hac Vice pending*)
SNELL & WILMER L.L.P.
1 East Washington Street, Suite 2700
Phoenix, Arizona 85004
Telephone: 602.382.6000
Facsimile:  602.382.6070
jgadams@swlaw.com
zschroeder@swlaw.com

*Attorneys for Defendants Patrick Roney,*
*Katherine Devillers, and Kristina Johnston*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARILYN EZZES, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK RONEY, KATHERINE DEVILLERS, and KRISTINA JOHNSTON,<br><br>Defendants. | Case No. 2:22-cv-01915-GMN-DJA<br><br>**REPLY IN SUPPORT OF MOTION TO COMPEL RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION** |

Pursuant to Federal Rule of Civil Procedure ("Rule") 37(a)(3)(B), Defendants Patrick Roney, Katherine DeVillers, and Kristina Johnston (collectively "Defendants") file this Reply in support of their Motion to Compel Responses to Defendants' First Set of Interrogatories and Requests for Production (the "Motion").

## I.    **INTRODUCTION**

Plaintiffs' Opposition to the Motion misses the point. The Opposition never states which Former Employees[1] Plaintiffs' counsel represents with respect to the Discovery Requests, so every argument based on attorney-client privilege is a non-starter.[2] There is no attorney-client privilege here. As it stands, the Former Employees are third-party witnesses in this case, and factual information related to these individuals that is in Plaintiffs' counsel's possession must be disclosed as responsive to the duly served Discovery Requests.

As to the work product doctrine, this protection does not provide a blanket of safety for everything related to the Former Employees. Defendants do not seek the opinions or mental impressions of Plaintiff's counsel. However, consistent with relevant caselaw in the Ninth Circuit, Defendants seek the <u>factual</u> information related to counsel's communications with the Former Employees identified in the Second Amended Complaint ("SAC") and any other third parties that provided information to Plaintiffs regarding Defendants and VWE. Many Former Employees are quoted at length in the operative complaint, and the statements attributed to them form the backbone of Plaintiffs' case. Plaintiffs' position—taken to its logical conclusion—appears to be that Defendants should not be allowed to inquire about the veracity of those statements, or the factual circumstances under which they were made. Not so.

And to the extent counsel asserts that the parties' ESI protocol is somehow applicable here, that assertion is wrong. The ESI protocol applies to communications between the parties and their counsel. *See* Dkt. 93 at 16. The other problem with Plaintiffs' Opposition

---

[1] Unless otherwise noted, references to defined terms are consistent with the Motion.

[2] As stated in the Motion, Defendants are aware that Brendan Jarboe of Block & Leviton LLP represents Ryan Watts (FE #1). Motion at 3 n2. However, Mr. Jarboe's representation of Mr. Watts does not cloak any of the other Former Employees' communications with the protection of the attorney–client privilege. It is also Defendants' understanding that Mr. Jarboe only represents Mr. Watts with respect to the subpoena Defendants served on Mr. Watts on August 15, 2025, and, therefore, the scope of the attorney-client privilege is limited to matters related to Mr. Watts' response to the subpoena.

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135-1865
702.784.5200

is that it seeks to turn a discovery dispute into an improper and premature opportunity for summary-judgment-style briefing. Plaintiffs spend a third of their brief advancing arguments about VWE's inventory problems. They attach over 200 pages of exhibits that have nothing to do with their lack of response to Defendants' Discovery Requests. All of this gamesmanship further shows Defendants' justification for bringing this Motion.

What the Opposition completely ignores, however, is the fact that Plaintiffs have not produced a single document in this case. This is untenable. Plaintiffs can't point to third-party productions and claim that those documents absolve them of their affirmative duty to engage in discovery. The duty to disclose relevant information and documents in this case is not a suggestion—it is a basic requirement under the federal rules of procedure. Fed. R. Civ. P. 26. Plaintiffs are the ones who filed this case. They should not be allowed to rely on third-party statements to survive the pleading stage while simultaneously seeking to shield discovery into the factual circumstances under which the statements were made.

Plaintiffs haven't produced discovery responses, and they haven't produced a privilege log justifying their blank claims of privilege. Enough is enough. The court should grant Defendants' Motion to Compel and order Plaintiffs to pay Defendants' costs and fees for having to bring this Motion in the first place.

## II.    ARGUMENT

### A. The Motion Is Timely[3]

Defendants did not sit on their hands after the parties conducted the meet and confer meeting for this Motion, and Plaintiffs know that. Before counsel for both parties met on September 3, 2025, Defendants' counsel ventured to guess the names of the Former Employees based on their descriptions in the SAC. Adams Decl., Ex. D at pg. 5.

---

[3] The cases cited by Plaintiffs do not support a finding that the Motion was untimely. Opposition at 6 (citing *Bartech Sys. Int'l, Inc. v. Mobile Simple Sols., Inc.*, 2018 WL 1787905, at *2 (D. Nev. Jan. 31, 2018) and *Garcia v. Serv. Emps. Int'l Union*, 332 F.R.D. 351, 356 n.8 (D. Nev. 2019)). In both cases, the court dismissed the motions to compel because the motions were filed after the close of discovery, which is not the case here. *See* Dkt. 99 (the parties' joint request for extending the fact discovery deadline from December 19, 2025, to April 17, 2026).

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135-1865
702.784.5200

Defendants' counsel asked Plaintiffs' counsel to confirm if these guesses were correct, but Plaintiffs' counsel did not immediately do so. Even so, Defendants sent subpoenas to these individuals, but those subpoenas did not yield the responsive information. *See* **Exhibit 1** (declarations received in response to Defendants' discovery requests). After the September 3 meeting, Defendants sent Plaintiffs a letter stating that Plaintiffs' responses to the Discovery Requests remained deficient and requested that Plaintiffs provide supplemental responses to the Discovery Requests by September 19, 2025. Adams Decl. at ¶ 12. Defendants received amended Interrogatories on September 19, which—for the first time— included the names of the Former Employees identified in the SAC. *Id.* at ¶ 13. Once Defendants got official confirmation of these names, Defendants continued their attempt to obtain the relevant information. Defendants' counsel attempted to call these individuals for informal interviews, and they were able to speak with the individual identified as FE #5, Robert Fernandez. *Id.* As discussed further below, the informal interview with FE #5 did not yield the relevant information—that Plaintiffs concede is in their possession—either. With all options exhausted, Defendants were left with no choice but to file the Motion to Compel. It was Plaintiffs, not Defendants, who caused the delay in bringing this Motion by refusing to confirm the names of the Former Employees until September 19—four months after Defendants first asked.

Furthermore, Plaintiffs' assertion that "Defendants have also failed to comply with the letter and spirit of LR IA 1-3(f) and LR 26-6(c)" is incorrect. Opposition at pg. 1 n.1. In addition to describing the meet and confer meeting on September 3, 2025, Defendants detailed over three months of correspondence between the parties about these discovery issues and attached the correspondence as exhibits for the court's review. In the case cited by Plaintiffs in support of their argument, that plaintiff "filed the motion to strike the same day as the (only) meet-and-confer conference with defendant on [the] issue, indicating that plaintiff had already prepared or substantially prepared the motion prior to the conference." *Aldava v. Smith's Food & Drug Centers, Inc.*, 2025 WL 2754043, at *2 (D. Nev. Sept. 29, 2025). The circumstances in this case are distinguishable in all respects, and Defendants

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135-1865
702.784.5200

have complied with all procedural requirements here.

### B.  There Was No Agreement Between the Parties to Limit Discovery for the Former Employees

Plaintiffs' Opposition cherry-picks and mischaracterizes isolated statements from Defendants' counsel's discovery correspondence to manufacture an alleged agreement between the parties to limit discovery related to the Former Employees. Opposition at 1-2, 9-10. But there was no agreement. Defendants' discovery letters expressly contradict any purported agreement to exclude communications and documents Plaintiffs' counsel or their investigators received from the Former Employees. In fact, Defendants' September letter directly addresses—and refutes—Plaintiffs' manufactured "agreement":

> [D]uring the meet and confer, Plaintiffs' confirmed that they (through their attorneys and investigators) received communications from the Former Employees. Plaintiffs refused to produce these documents, claiming Defendants indicated they were not seeking such communications. This is wrong. At no point did Defendants limit the scope of their RFPs to exclude communications from the Former Employees. *See* Defendants' July 2 Letter at 8-9 ("[C]ommunications from the Former Employees . . . do not constitute work product . . . please construe RFP No. 6 as seeking only communications you received from the Former Employees."); *see also* Defendants' August 6 Letter at 6 ("Defendants seek all documents and communications . . . Plaintiffs received from third parties (including the Former Employees) . . . .").

Adams Decl., Ex. H at pg. 4.

Defendants' position has always been that it was not seeking Plaintiffs' counsels' mental impressions, conclusions, or opinions about this case. However, any communications or documents Plaintiffs' counsel or their investigators received from the Former Employees, or other third parties, related to the allegations in the SAC are fair game and do not constitute "work product." *Laxalt v. McClatchy*, 116 F.R.D. 438, 442 (D. Nev. 1987) ("[W]ork product immunity does not protect the facts which an adverse party may have learned or the persons from who such facts were garnered."); *see In re JDS Uniphase Corp. Sec. Litig.*, 2005 WL 6296194, at *2 (N.D. Cal. 2005) ("E-mail messages from the witness to counsel . . . must be produced because they are verbatim statements by the

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135-1865
702.784.5200

witness that reflect the witnesses', not counsel's mental impressions").

### C. There Is No Attorney-Client Privilege and The ESI Protocol Is Inapplicable

Plaintiffs admit that they are withholding communications with the Former Employees. *See* Adams Decl., Ex. H at pg. 4. Yet the Opposition does not carry Plaintiffs' burden of establishing how those materials qualify as attorney-client privilege. *See Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997) ("The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."). Plaintiffs have not cited a single case to support their assertion that attorney-client privilege covers their conversations with Former Employees of VWE, and the Former Employee's status as third-party witnesses could not be clearer here—VWE is not even a party in this case.

Additionally, Plaintiffs' objections based on the attorney-client privilege are a moving target. They admit to having relevant information and communications in their possession but claim that all the documents are privileged. However, when asked to identify what Former Employees they represent, Plaintiffs' counsel does not directly answer the question. And when asked to produce a privilege log so that Defendants can evaluate the sufficiency of the privilege claims, Plaintiffs' counsel asserts that producing a privilege log would somehow defeat the privilege that they refuse to confirm in the first place. Adams Decl. at ¶ 11, Exs. G and I. Now, in the Opposition, Plaintiffs point to the ESI protocol and assert that this somehow lends support to their privilege arguments. Opposition at 2, 20. But that doesn't make sense either because the provision of the ESI Order quoted by Plaintiffs only applies to the "parties." Opposition at 2, Opposition Ex. 37 at 3.[4] In contrast, there is

---

[4] Indeed, courts in this circuit routinely hold that an attorney's communications with their client once the litigation commences are presumptively privileged. *Mon Cheri Bridals, LLC v. Cloudflare, Inc.*, No. 19-CV-01356-VC (TSH), 2021 WL 1222492, at *3 (N.D. Cal. Apr. 1, 2021). No one is disputing that here.

- 6 -

a separate section of the ESI Order that specifically references third-party witnesses and subpoenas—Section 5.16—and that section does not say anything about privilege logs. *See* Dkt. 93 at 13. Plaintiffs arguments are circular, and they do not support an application of attorney-client privilege here.

Moreover, because Plaintiffs have no compelling reason as to why they have not produced a privilege log, and because they have made clear that they refuse to produce a privilege log for anything relevant in their possession, the court should find that Plaintiffs have waived any right to assert the attorney-client privilege. *Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 638 (D. Nev. 2013) ("The Advisory Committee notes to Rule 26(b)(5) make clear that [] withholding otherwise discoverable materials on the basis that they are privileged or subject to the work product doctrine without notifying the other parties as provided in Rule 26(b)(5)(A) by describing the nature of the information so as to enable them to assess the claim, 'may be viewed as a waiver of the privilege or protection.'").[5] Waiver of the asserted privilege is an alternative reason for the court to compel disclosure of information and documents response to the Discovery Requests.

### D. Work Product Does Not Cover Facts Concerning The Former Employees

As explained above, any communications or documents Plaintiffs' counsel or their investigators received from the Former Employees related to the allegations in the SAC are fair game and do not constitute "work product." *Laxalt*, 116 F.R.D. at 442 ("[W]ork product immunity does not protect the facts which an adverse party may have learned or the persons from who such facts were garnered."); *In re JDS Uniphase Corp. Sec. Litig.*, 2005 WL 6296194, at *2 ("E-mail messages from the witness to counsel . . . must be produced because they are verbatim statements by the witness that reflect the witnesses', not counsel's mental impressions").

---

[5]At the very least, the court should require plaintiffs to hand over everything in its possession so that the court can conduct an in-camera review and evaluate the veracity of plaintiff's privilege claims.

Relevant to confidential witness investigations, one court has succinctly explained that "communications between counsel and the confidential witnesses who are identified in the complaint" should be disclosed. *See In re Snap Inc. Securities Litigation*, No. CV 17-03679-SVW (AGRx), 2018 WL 7501294 (C.D. Cal. Nov. 29, 2018). In addition, the court explained that "a straightforward description of events by the witness, showing no input from attorneys" is not work product, so this information should be disclosed. *Id.* at *3 (citation omitted). Defendants have always maintained that this is the type of information they seek—the "who, what, when, where" surrounding the allegations in the SAC. *See* Motion at 2; Adams Decl., Exs. C at pg. 6 and D at pg. 8. Accordingly, the court should order Plaintiffs to produce the communications and factual information obtained from the Former Employees and other third parties consistent with the Discovery Requests.

### E.  Even If The Work Product Protection Applies, Defendants Have Proven The Substantial Need to Set It Aside[6]

"The work product doctrine is a 'qualified' privilege that protects 'from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation.'" *United States v. Sanmina Corp.*, 968 F.3d 1107, 1119 (9th Cir. 2020) (citations omitted). Rule 26(b)(3)(A) provides that materials covered by the work product doctrine may be discovered if: (1) they are otherwise discoverable under Rule 26(b)(1); and (2) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Previously, this court indicated that Plaintiffs' ability to survive the motion to dismiss largely hinged on FE #5's statements. Dkt. 61 at 7-10 ("The Court finds that the newly added FE statements, particularly those from FE 5, are sufficient to create a strong inference of scienter that is 'cogent and at least as compelling as any opposing inference one could draw from the facts alleged.'") (citation omitted). However, FE #5 has indicated

---

[6] Without the attorney-client privilege or work product protection, Plaintiffs' remaining objections lack muster. For the same reasons explained in the Motion, the requests are not vague, overly broad, unduly burdensome, or disproportional to the needs of the case. *See* Motion at 12-13, 16.

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135-1865
702.784.5200

that he does not recall the allegations attributed to him in the complaint and he did not recall approving Plaintiffs' counsel's use of such information in the SAC.

Plaintiffs' counsel asks the court to assume Defense counsel intimidated FE #5 into recanting his statements. Opposition at 13.  Besides the fact that Plaintiffs' counsel has zero basis to make such a statement, Defendants never stated that FE #5 recanted his statements, nor was that the purpose of including this information in the Motion. FE #5 said ***he did not recall*** anything attributed to him in the SAC, which raises concerns about his capability to serve as a fact witness at a deposition or trial. The work product protection is only applicable to the extent a party "cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A). Here, FE #5 has indicated that he is unable to testify consistently with (or opposite to) the statements attributed to him in the SAC. A quintessential ineffective witness. Therefore, Defendants have a substantial need to evaluate Plaintiffs' counsel's contemporaneous notes and communications detailing the facts that they obtained from FE #5 to ensure that the allegations in the SAC do in fact reflect the information Plaintiffs' counsel assert that they received from FE #5.

Plaintiffs further assert that the court and Defendants should just take them at their word when they say that all the facts Plaintiffs obtained throughout the course of their interviews with other former VWE employees are available in the SAC. Opposition at 8. But that is not how discovery (or litigation) works. *Olympic Refining Co. v. Carter*, 332 F.2d 260, 264 (9th Cir. 1964) (explaining that the purpose of the discovery rules "is to force a full disclosure."). Defendants should be allowed to discover whether the other confidential witnesses were accurately quoted in the Complaint, and whether the contemporaneous documents reflecting their statements to Plaintiffs' counsel or investigators reveal additional context affecting the meaning of the statements that Plaintiffs put in the SAC. For all the citations Plaintiffs include in the Opposition regarding witness intimidation by defendants in securities class actions, there are just as many references explaining the concerns courts have about confidential witnesses being misquoted or misleadingly quoted in a complaint and other improprieties on behalf of a plaintiff's counsel. *E.g. Milbeck v.*

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135-1865
702.784.5200

*TrueCar, Inc.*, 2019 WL 2353006, at *3 n.1 (C.D. Cal. May 23, 2019) (explaining "the significant potential for inaccuracy when counsel fails to confirm with the witness the accuracy of the quotes attributed to that witness before filing the complaint"). Because the same concerns have arisen here, and because Defendants have satisfied their burden by showing that Plaintiffs' star witness in this case may truly be a black hole, the court should grant Defendants' request to compel its discovery.

Separately, because Plaintiffs have made clear they are unwilling to produce a privilege log, the court should find that Plaintiffs have waived their work product objection by failing to comply with Rule 26(b)(3).[7]

## F. Defendants Are Entitled To Recover Costs and Attorneys' Fees[8]

### 1. The Motion to Compel Was Justified

With regard to securities litigation, defendants routinely use discovery requests similar to the ones served by Defendants in this case. Even the cases cited in Plaintiffs' Opposition confirm as much. Opposition at 13 (*citing In re Bofi Holding, Inc. Sec. Litig.*, 2021 WL 3700749 (S.D. Cal. July 27, 2021)); *see also In re Snap Inc. Sec. Litig.*, 2018 WL 7501294 at *3 (the defendants motioned to compel production of "factual notes" of communications between the plaintiffs' counsel and the defendant's former employees cited in the consolidated amended complaint). The normal order of operation in these cases is that the plaintiffs produce a privilege log in response to the defendants' discovery requests, and the defendants move to compel production of certain documents identified in the log. Here, Plaintiffs refuse to even produce a privilege log, taking the untenable position that they don't need to, so the justification for Defendants to seek court intervention is even

---

[7] At the very least, the court should require plaintiffs to hand over everything in its possession so that the court can conduct an in-camera review and evaluate the veracity of Plaintiffs' claims.

[8] Plaintiffs have produced no documents, information, or privilege logs in response to the discovery requests at issue, yet they think Defendants should pay for their costs and fees in briefing their Opposition. Opposition at 20. Plaintiffs' brazen argument is belied by the relevant caselaw and procedural rules, and the court should disregard this request.

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135-1865
702.784.5200

more apparent here. Plaintiffs also take the untenable position that "to require Plaintiffs to identify the precise documents that support their prima facie case is premature, as this case is nowhere near the summary judgment stage." Opposition at 7. This is literally the point of discovery requests, and Plaintiffs' statements further evidence the need for Defendants to file this Motion. *See* Fed. R. Civ. P. 26(b), 33, 34. Relatedly, Plaintiffs can't point to prior disclosures or third-party productions and claim that those documents absolve them of their affirmative duty to engage in discovery. *Wilson v. Greater Las Vegas Ass'n of Realtors*, 2016 WL 1734082, at *3 (D. Nev. May 2, 2016) (where "a party answers requests by stating that the information was already provided, without more, her response is evasive or nonresponsive within the meaning of Rule 37(a)(4)") (citation and quotations omitted); *see also* Motion at 12 (collecting cases); Upon granting this motion in full (or even in part) the court should award Defendants their fees and costs for having to bring this Motion and defend against Plaintiffs' deficient discovery objections.

### 2. *Plaintiffs' Improper Attempt to Turn This Discovery Dispute Into A Summary-Judgment-Style Briefing Further Warrants Sanction*

Plaintiffs turned what should have been a straightforward discovery dispute response into an improper and premature summary-judgment-style argument. Plaintiffs spend a third of their brief arguing about VWE's inventory problems. Opposition at 14-20. They attach 35 exhibits (over 200 pages), which literally have nothing to do with Defendants' First Set of Discovery Requests. Plaintiffs' arguments are a red herring, and the court should not be distracted by Plaintiffs' improper attempt to try and "get out ahead" in this case.[9] Like any business selling tangible goods, VWE had inventory complications, and it actively worked

---

[9] Plaintiffs argue that these "documents confirm that defendants were at least reckless as to the falsity of their public statements." Opposition at 16. But that is not even the correct standard Plaintiffs must prove to prevail on their claims. *See* Dkt. 61 at 5; *see also In re Origin Materials, Inc. Sec. Litig.*, 766 F.Supp.3d 998, 1010 (E.D. Cal. 2025) ("A defendant who makes misrepresentations or omissions either intentionally or with deliberate recklessness acts with scienter. Deliberate recklessness is a higher standard than mere recklessness.") (citing *Or. Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*, 774 F.3d 598, 607 (9th Cir. 2014) and *Espy v. J2 Global, Inc.*, 99 F.4th 527, 535-36 (9th Cir. 2024)) (cleaned up).

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135-1865
702.784.5200

to fix these issues. Nothing about that amounts to a violation of securities law. *See Lachman v. Revlon, Inc.*, 487 F.Supp.3d 111, 138 (E.D.N.Y. 2020) ("Plaintiffs' argument at bottom is that defendants exhibited scienter because it was their job to monitor Revlon's internal controls, and a material weakness in those controls was ultimately disclosed. But a mere failure to identify problems with the defendant company's internal controls and accounting practices does not constitute reckless conduct sufficient for § 10(b) liability."). Plaintiffs' arguments and email exhibits are nothing more than an attempted sleight of hand to distract from their failure to respond to the Discovery Requests. Because Defendants have had to commit more time and resources to review and address Plaintiffs' improper arguments, the court is further justified in ordering Plaintiffs to pay the fees and costs associated with bringing this Motion to Compel.

## III.    CONCLUSION

The Court should grant Defendants' Motion to Compel in its entirety pursuant to Rule 37(a)(3)(B) and LR 26-6. Additionally, pursuant to Rule 37(a)(5), Defendants request that the Court award the reasonable costs and attorneys' fees incurred to secure Plaintiffs' compliance.

DATED: DECEMBER 15, 2025                    Respectfully submitted,

SNELL & WILMER L.L.P.

By: /s/  Joseph G. Adams
    Brian R. Reeve (Nevada Bar #10197)
    1700 South Pavilion Center Drive, Suite 700
    Las Vegas, Nevada 89135-1865

    Joseph G. Adams (*Pro Hac Vice*)
    Zachary G. Schroeder (*Pro Hac Vice*)
    Jennifer Hadley Catero (*Pro Hac Vice*)
    Hannah-Kaye Fleming (*Pro Hac Vice pending*)
    SNELL & WILMER L.L.P.
    1 East Washington Street, Suite 2700
    Phoenix, Arizona 85004
    *Attorneys for Defendants Patrick Roney,
    Katherine Devillers, and Kristina Johnson*

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135-1865
702.784.5200

**CERTIFICATE OF SERVICE**

I hereby certify that on December 15, 2025, I electronically transmitted the foregoing **REPLY IN SUPPORT OF MOTION TO COMPEL RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

*/s/ Melissa K Carlson*
An employee of Snell & Wilmer L.L.P.

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135-1865
702.784.5200